# Exhibit A
# Complaint

**IDA V. CANLAS**
**OPHELLO S. CANLAS**
10006 Linden Ave N.
Seattle, WA 98133-9335
Tel: (206) 856-6177
Fax: (888) 521-7542
Email: opelcanlas@comcast.net

Plaintiffs in Pro Per

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON**

**IN AND FOR THE COUNTY OF KING**

**KING COUNTY COURTHOUSE**

| | |
|---|---|
| IDA V. CANLAS AND OPHELLO S. CANLAS<br><br>        Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A.; MUFG UNION BANK, N.A; AND DOES 1-10, Inclusive<br><br>        Defendants. | Case No. **18-2-16446-0 SEA**<br><br>COMPLAINT FOR:<br><br>1. VIOLATIONS OF THE CONSUMER PROTECTION ACT, RCW 19.86, ET SEQ.<br>2. VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692, ET AL<br>3. VIOLATION OF 15 U.S.C. §1692f(6)<br>4. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS<br>5. DECLARATORY RELIEF |

COMES NOW Plaintiffs, IDA V. CANLAS and OPHELLO S. CANLAS ("Plaintiffs" or

"CANLAS"), files this Complaint against Defendants JPMORGAN CHASE BANK, N.A.,

hereinafter referred to as CHASE, in the capacity as the purported mortgage loan servicer, and

MUFG UNION BANK, N.A., hereinafter referred to as MUFG, in the capacity as the purported

beneficiary and/or assignee of Plaintiffs' debt obligation, complains, pleads and alleges as

1

COMPLAINT

follows:

## I. STATEMENT OF JURISDICTION

Pursuant to *RCW 4.12.010*, this Court has jurisdiction and venue is proper because this action involves collection activity and title to a real property that is situated within the jurisdiction of this Court

## II. DATE OF DETERMINATION

Plaintiffs herein request that the date of the Judicial determination sought be that of the date of the filing of the Complaint.

## III. IDENTITY OF PARTIES

Plaintiffs are informed and believes, and thereon alleges, that at all times relevant hereto Defendant, JPMORGAN CHASE BANK, N.A. ("CHASE") is a national banking institution licensed to do business in the State of Washington, in and of the County and City where subject "PROPERTY" is so situated and physically located which is within this Courts Judicial District. CHASE's principal purpose of business is servicing residential mortgage loans, regularly collect or attempts to collect, directly or indirectly, debts owed or due to another or asserted to be owed or due another and attempts to enforce security interests in real properties. CHASE is a debt collector pursuant to the Fair Debt Collection Practices Act, hereinafter referred to as the FDCPA, *15 U.S.C. §§1692a(6)* and *1692f(6)*.

Plaintiffs are informed and believes, and thereon alleges, that at all times relevant hereto Defendant, MUFG Union Bank, National Association ("MUFG") is a national entity licensed to do business in the State of Washington, in and of the County and City where subject "PROPERTY" is so situated and physically located which is within this Courts Judicial District. MUFG's principal purpose of business is to regularly collect or attempts to collect, directly or

indirectly, debts owed or due to another or asserted to be owed or due another and attempts to enforce security interests in real properties. MUFG is a debt collector pursuant to the FDCPA, *15 U.S.C. §§1692a(6)* and *1692f(6)*.

Plaintiffs are unaware of the true names and capacities of any individuals and/or entities sued herein under the fictitious names DOES 1 to 10, inclusive or, to the extent that the names of such individuals or entities may become known to Plaintiffs, and as such Plaintiffs cannot state with any certainty that such a Cause of Action lies herein as against such individuals or entities, or Plaintiffs are unable to allege the elements of such Cause of Action, at this time, and as such said Defendants are herein named in accordance with the provisions of (*Cal Code of Civil Procedure Sec. 474*). Plaintiffs thereon reserves the right to amend instant Complaint to allege the true names and capacities of such fictitiously named Defendants when the same become known or when it has been ascertained with reasonable certainty that such Cause of Action hereunder can be satisfactorily stated and maintained as against each such fictitiously named individual or entity.

Plaintiffs are informed and believes and thereon alleges, that in committing certain acts alleged, some or all of the Defendants named were acting as the Agents, Joint Ventures, Partners, Representatives, Subsidiaries, Affiliates, Associates, Successors, Assigns and/or Employees and/or Agents or some or all of the other Defendants, and that some or all of the conduct of such Defendants, as complained of herein, was within the course and scope and agency of such relationship.

At all times mentioned in this Complaint, Plaintiffs IDA V. CANLAS and OPHELLO S. CANLAS are consumers residing in the County of King and are the owners of that certain Subject Property.

3

COMPLAINT

## V. FACTUAL ALLEGATIONS

On August 16, 2007, Plaintiffs entered into a consumer loan transaction in favor of LoanCity.com. LoanCity.com is the "creditor" and originator as defined by the FDCPA, *15 U.S.C. § 1692a(4)*. The transaction as defined by the FDCPA, *15 U.S.C. §1692a(5)* is a "debt" and hereinafter referred to as a "debt", "debt obligation", or "consumer credit transaction". Attached as **Exhibit "A"** and incorporated herein by reference is a true and correct copy of the Interest Only Adjustable Rate Note, referred to as Note.

In or around the Winter of 2010, Plaintiffs started experiencing a financial hardship and was unable to make the scheduled payments and the debt fell into default. Plaintiffs subsequently filed for Chapter 7 bankruptcy protection. The bankruptcy was discharged on November 24, 2009. While Plaintiffs were in bankruptcy, the debt obligation was purportedly assigned from Defendant CHASE to Defendant MUFG.

On January 30, 2013, an Assignment of Deed of Trust, hereinafter referred to as ADOT, was executed that granted, conveyed, assigned and transferred and all beneficial interest under the Deed of Trust, but not the Note, to Defendant CHASE. Plaintiffs allege that when this ADOT was executed, the debt obligation was contractually due for the October 1, 2009 payment. Pursuant to the *15 U.S.C. §1692a(6)*, Defendant CHASE was a "debt collector" and not a creditor. Attached as **Exhibit "B"** and incorporated herein by reference is a true and correct copy of the ADOT. Plaintiffs disputes the contents and truthfulness of the ADOT. Attached as **Exhibit "C"** and incorporated herein by reference is a copy of the Detailed Transaction History (page 8 of 17) provided to Plaintiffs by Defendant CHASE evidencing that on January 30, 2013, the debt obligation was due for the October 1, 2009 payment.

On December 18, 2015, another ADOT was executed that granted, conveyed, assigned and

transferred to Defendant MUFG all beneficial interest under the Deed of Trust, but not the Note. Plaintiffs allege that when this ADOT was executed, the debt obligation was contractually due for the October 1, 2009 payment. Pursuant to *15 U.S.C. §1692a(6)*, Defendant MUFG is a "debt collector" and not a creditor. Plaintiffs disputes the contents and truthfulness of the ADOT. Attached as **Exhibit "D"** and incorporated herein by reference is a true and correct copy of the ADOT. Plaintiffs disputes the contents and truthfulness of the ADOT. Attached as **Exhibit "E"** and incorporated herein by reference is a copy of the Detailed Transaction History (page 2 of 17) provided to Plaintiffs by Defendant CHASE evidencing that on or about December 18, 2015, the debt obligation was due for the October 1, 2009 payment.

On March 23, 2017, Defendant CHASE sent a letter to Plaintiffs in response to Plaintiffs' Qualified Written Request, herein QWR, informing them that the current owner of their mortgage loan was Defendant MUFG. Plaintiffs allege that Defendant CHASE violated the FDCPA by misrepresenting their true creditor. Attached as **Exhibit "F"** and incorporated herein by reference is a true and correct copy of the March 23, 2017 letter.

On or about March 28, 2018, Defendants caused their unauthorized agent, Quality Loan Service Corp, hereinafter referred to as QLS, as foreclosing trustee, to execute and send Plaintiffs a Notice of Default, hereinafter referred to as NOD, due to Plaintiffs' failure to make a payment on the debt obligation. Plaintiffs allege the NOD are Defendants attempt to inform Plaintiffs that if payment is not made on the debt obligation, they will begin a nonjudicial action to dispossess Plaintiffs from their residence. Plaintiffs allege the NOD falsely represents that Defendants have the legal right and authority to proceed with a nonjudicial action. Attached as **Exhibit "G"** and incorporated herein by reference is a true and correct copy of the NOD.

On or about May 20, 2018, Defendants, and their unauthorized agent QLS, sent Plaintiffs a

## FIRST CAUSE OF ACTION – VIOLATIONS OF THE CONSUMER PROTECTION ACT

[Against All Defendants and Doe Defendants]

1. Plaintiffs hereby incorporates by reference each and every one of the preceding paragraphs as if the same were fully set forth herein.

2. Defendants are violating the Consumer Protection Act, *RCW 19.86, et seq.* through a course of conduct in executing, recording and relying upon documents that it knew or should have known to be false and or misleading and that have the capacity to deceive a substantial portion of the public.

3. In promulgating false and improperly executed documents, Defendants are engaging in deceptive acts. Defendants are subject to the laws of the State of Washington in connection with their activities within Washington.

4. Defendants are committing unlawful, unfair, or fraudulent acts or practices engaging in the business of debt collection. The acts and practices are likely to deceive the general public as to their legal rights and obligations with respect to the collection of debts.

5. As more particularly described above, the following acts or practices, separately, together, or in combination, constitute "unfair or deceptive acts or practices," which may be prohibited and enjoined, pursuant to *RCW 19.86.020*:

   a. The violations of law alleged in the First and Second Claims;
   b. Defrauding others of money and/or real property by knowingly and designingly making false representations or pretenses
   c. Acting as beneficiaries and trustees without the legal authority to do so;
   d. Executing, manufacturing, creating and recording false, fraudulent, forged and misleading deeds, assignments, notice of sale/default documents; and;
   e. Ignoring Borrowers' Qualified Written Request and Borrowers' demand to produce the original Promissory Note or comply with Borrowers' request for an accounting of all proceeds/payments involved with Borrowers' loan;
   f. Treating borrower as in default on their loans even though the borrowers are under no obligation to make payments to Defendants, or have otherwise

complied with mortgage requirements or Washington law;

g. Improperly characterizing customers' accounts as being in default or delinquent status to generate unwarranted fees;

h. Seeking to collect and collecting various improper fees, costs and charges that are either not legally due under the mortgage contract or Washington law, or that are in excess of amounts legally due;

i. Failing to provide adequate statement information to customers regarding the status of their accounts, payments owed, and/or basis for fees assessed;

j. Instituting improper or premature foreclosure proceedings to generate unwarranted fees.

6. Defendants have failed to act in good faith as they took and charged fees for services but have not render them competently in compliance with applicable law.

7. Defendants are engaging in a uniform pattern and practice of unfair and over-aggressive servicing that resulted in the assessment of unwarranted and unfair fees against Washington consumers, and premature default resulting in unfair and illegal foreclosure proceedings. The scheme implemented by Defendants was designed to defraud not just Plaintiffs but all Washington consumers and enrich Defendants.

8. Defendants are engaging in these activities as part of a normal course of business and commerce. Such activities are likely to be repeated affecting the people of the State of Washington.

9. The public interest is negatively impacted by the pattern of conduct engaged in by Defendants as evidenced by the repeated acts and obvious potential for repetition.

10. The foregoing acts and practices have caused substantial harm to not only Plaintiffs but to all its Washington consumers and to all Washington taxpayers.

11. Defendants sued herein have engaged and are still engaging in unfair competition by, among other things, doing those things described above. This conduct is unlawful, unfair, or deceptive, and thus constitutes unfair competition.

## SECOND CAUSE OF ACTION – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692, ET SEQ.
### [Against Defendant MUFG and Doe Defendants]

12. Plaintiffs hereby incorporates by reference each and every one of the preceding paragraphs as if the same were fully set forth herein.

13. Defendant MUFG herein qualifies as a "debt collector" under FDCPA, *15 U.S.C. § 1692a(6)*. MUFG is a "debt collector" because they purportedly acquired an interest in Plaintiff's debt obligation on December 18, 2015 when the debt obligation was contractually due for the October 1, 2009 payment.

14. Plaintiffs herein qualifies as a "consumer" under *15 U.S.C. §1692a(3)*.

15. Defendant MUFG through Defendant CHASE are attempting to collect mortgage payments and are engaging in other unlawful collection practices without the legal right or authority to do so.

16. Plaintiffs allege that Defendants are falsely representing the status of the debt obligation and are misleading Plaintiffs to believe they have the ability to enforce the debt obligation, in which they have no pecuniary equitable, or legal interest.

17. Defendants are violating *Section 1692d* by engaging in abusive and oppressive conduct within **one year** of the filing of the Complaint through (i) refusal to correct accounting errors or adequately responding to Plaintiffs' repeated disputes over several months; (ii) assessment of illegal fees; and improperly attempting to collect amounts that are not due to them. *15 U.S.C. §1692f(1)*.

18. Defendants actions are violating *Sections 1692e* and *1692f* by unfairly, falsely unconscionable and deceptively (i) misrepresenting the status of the debt; (ii) attempting to collect illegal fees and costs not authorized by law or the contract; (iii) misrepresenting the

amounts owed for escrow; (iv) declaring the loan in default status; (v) threatening to proceed with a foreclosure sale if payment is not made; (vi) assessing illegal foreclosure fees; (vii) assessing escrow overdraft charges and improper corporate advances, fees, and costs in their dunning letters, acceleration notices, reinstatement letters, and payoff letters; and (viii); reporting false information and by reporting the loan delinquent to credit bureaus.

19. Defendants are violating *Sections 1692e(2)* by misrepresenting the character, amount, or legal status of the debt obligation by (i) attempting to collect illegal fees and costs no authorized by law or the contract; (ii) misrepresenting the amounts owed for escrow; (iii) declaring the loan in default status; (iv) threatening to proceed with a foreclosure if payment is not made; (v) assessing illegal foreclosure fees; and (vi) assessing escrow overdraft charges and improper corporate advances, fees, and costs in their dunning letters, acceleration notices, reinstatement letters, and payoff letters.

20. Defendants are violating *Sections 1692e(5)* by threatening to take a legal action that cannot legally be taken by not ceasing their foreclosure actions and subsequently (i) making representations of the legal status of the debt; (ii) attempting to collect illegal fees and costs not authorized by law or the contract; (iii) making representations of the amounts owed for escrow; (iv) declaring the loan in default status; (v) threatening to proceed with a foreclosure sale if payment is not made; (vi) assessing illegal foreclosure fees; and (vii) assessing escrow overdraft charges and improper corporate advances, fees, and cost in their dunning letters, acceleration notices, reinstatement letters, and payoff letters.

21. Defendants are violating *Section 1692e(10)* by employing deceptive means by (i) misrepresenting of the status of the debt; (ii) attempting to collect illegal fees and costs not authorized by law or the contract; (iii) misrepresenting the amounts owed for escrow; (iv)

declaring the loan in default status; (v) threatening to proceed with a foreclosure sale if payment is not made; (vi) assessing illegal foreclosure fees; and (vii) assessing escrow overdraft charges and improper corporate advances, fees, and costs in their dunning letters, acceleration notices, reinstatement letters, and payoff letters.

22. Defendants are violating *Section 1692e(13)* by falsely representing or implicating that the foreclosure documents are legal process by (i) misrepresenting of the status of the debt; (ii) attempting to collect illegal fees and costs not authorized by law or the contract; (iii) misrepresenting the amounts owed for escrow; (iv) declaring the loan in default status; (v) threatening to proceed with a foreclosure sale if payment is not made; (vi) assessing illegal foreclosure fees; and (vii) assessing escrow overdraft charges and improper corporate advances, fees, and costs in their dunning letters, acceleration notices, reinstatement letters, and payoff letters.

23. Defendants are violating *Section 1692f(1)* by attempting to collect amounts (including any interest, fee, charge, or expense incidental to the principal obligation) that were not expressly authorized by the agreement creating the debt (Note and Deed of Trust) or permitted by law by (i) misrepresenting the status of the debt; (ii) attempting to collect illegal fees and costs not authorized by law or the contract; (iii) misrepresenting the amounts owed for escrow; (iv) declaring the loan in default status; (v) threatening to proceed with a foreclosure sale if payment is not made; (vi) assessing illegal foreclosure fees; (vii) assessing escrow overdraft charges and improper corporate advances, fees, and costs in their dunning letters, acceleration notices, reinstatement letters, and payoff letters; and (viii) reporting false information and by reporting the loan delinquent to credit bureaus.

24. The conduct described above by Defendants is malicious because Defendants knows

COMPLAINT

that they were not acting on behalf of the current pecuniary beneficiary of the debt obligation. However, despite such knowledge, Defendants continue to demand collection of mortgage payments and attempts to proceed with a nonjudicial foreclosure due to nonpayment on the debt obligation.

25. Defendants continuously attempts to collect an unverified alleged debt without providing verified evidence they have a legal right to do so which is a violation of *15 U.S.C. § 1692g(b)*. At all times relevant in this action, Defendant acquired whatever data they have in their possession from a third party.

26. Defendants are falsely representing the character of the alleged debt and are misrepresenting that they are a "creditor" and not a "debt collector. The NOD and NOTS were created and publicly recorded in violation of *15 U.S.C. § 1692j(a)(b)* and was compiled and designed in order to collect payment from an illegal sale of Plaintiffs' personal private Property.

27. As a result of each and every violation of the FDCPA, Plaintiffs are entitled to any actual damages, including emotional distress, pursuant to *Section 1692k(a)(1)*; statutory damages in an amount up to $1,000.00 pursuant to *Section 1692k(a)(2)(A)*; reasonable attorneys' fees, and costs pursuant to the FDCPA; and declaratory relief, from each and every Defendant herein.

### THIRD CAUSE OF ACTION – VIOLATION OF 15 U.S.C. §1692f(6)
[Against All Defendants and Doe Defendants]

28. Plaintiffs hereby incorporates by reference each and every one of the preceding paragraphs as if the same were fully set forth herein.

29. Defendants are threatening to take a nonjudicial action to enforce the security interest in Plaintiffs' Deed of Trust because Plaintiffs have failed to make a payment on the debt obligation. Plainiffs allege Defendants conduct is in violation of *15 U.S.C. §1692f(6)*.

COMPLAINT

30. As alleged herein, Plaintiffs' debt obligation was not legally transferred, conveyed, or assigned to Defendant MUFG before the debt collection fell into default. Any interest claimed by Defendant MUFG was acquired after the debt was already in default. Pursuant to *15 U.S.C. §1692a(6)*, Defendant MUFG is a debt collector and not a creditor.

31. Defendants are violating *15 U.S.C. §1692f(6)* by perpetrating as "creditors" and threatening to proceed with a non-judicial foreclosure action on Plaintiffs' Property when they have no present right to possession of the Property claimed as collateral through an enforceable security interest and there is no present intention to take possession of the property. *15 U.S.C. §1692f(6)* regulates more than just the collection of a money debt, it prohibits a nonjudicial action to dispossess Plaintiffs from their home without a legal ability to do so.

32. In addition to their liability for actual damages caused to Plaintiffs, Defendants are also liable for statutory damages pursuant to *15 U.S.C. §1692k*, in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
[Against All Defendants and Doe Defendants]

33. Plaintiffs hereby incorporates by reference each and every one of the preceding paragraphs as if the same were fully set forth herein.

34. "A cause of action for intentional infliction of emotional distress exists when there is (1) extreme and outrageous conduct by defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by defendant's outrageous conduct.'" A defendant's conduct is 'outrageous' when it is so 'extreme as to exceed all bounds of that that usually tolerated in a civilized community' and defendant's

conduct must be 'intended to inflict injury or engaged in with the realization that injury will result.'"

35. It is extreme and outrageous for Defendants to be attempting to collect a debt and attempting to enforce the power of sale contained in Plaintiffs' Deed of Trust without the legal right or ability to do so.

36. No civilized community would tolerate such extremely outrageous behavior. By engaging in such conduct, Defendants have intended shame to Plaintiffs and force them into paying the debt.

37. As a result of Defendants' abusive conduct towards Plaintiffs, Plaintiffs have suffered severe emotional distress in that they are suffering from depression, loss of sleep, anxiety, fear, embarrassment, humiliation, and fear.

38. Plaintiffs are further informed and believes that the aforesaid conduct is malicious and oppressive, entitling Plaintiffs to punitive damages.

## FIFTH CAUSE OF ACTION – DECLARATORY RELIEF
[Against All Defendants and Doe Defendants]

39. Plaintiffs hereby incorporates by reference each and every one of the preceding paragraphs as if the same were fully set forth herein.

40. *RCW 61.24.005* defines "beneficiary" as the "holder of the instrument" that is secured by any deed of trust under *RCW 61.24.* Defendant MUFG is not a "beneficiary" of Plaintiffs' debt obligation. They are a "debt collector" as defined by *15 U.S.C. §1692a(6)*.

41. The Note and Deed of Trust at issue in the case identified LoanCity.com as beneficiary and not Defendants.

42. Only those beneficiaries meeting the definition of *RCW 61.24.005* may engage in a

nonjudicial action in the State of Washington.

43. Any Deed of Trust naming a party other than the "holder of the instrument" as beneficiary is void under Washington law.

44. The two ADOTs in the case herein were created and executed after the debt obligation was in default. A controversy exists between Plaintiffs and Defendants whether any attempt to nonjudicially foreclose on the Property is unlawful under Washington law.

45. Plaintiffs will suffer immediate damage and harm if the nonjudicial process described herein is not declared unlawful and permanently enjoined.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs pray to the Court for relief as follows:

1. On the First, Second and Third Claims for violating the FDCPA and the Consumer Protection Act, pursuant to *RCW 19.86*, et seq., an award of actual and statutory, costs and reasonable attorney's fees, if applicable;

2. That Defendants' action in continuing and seeking to enforce a nonjudicial action under the deed of trust due to nonpayment on a debt obligation be declared unlawful and void under the relevant provisions of *RCW 61.24*;

3. Enter judgment permanently enjoining Defendants from conducting any trustee's sale under the deed of trust;

4. That Plaintiffs be awarded consequential damages, including attorney fees, if any, incurred in defending against Defendants described more particularly above, in an amount to be proved at trial.

5. That Plaintiffs be awarded any statutory damages available;

6. That the actions Defendants be determined to be unfair and deceptive business

COMPLAINT

practices in violation of *RCW 19.86, et seq.* and this Court award all such relief to Plaintiffs as they may be entitled, including treble damages and an award for costs and attorney's fees, if any;

7. That Plaintiffs have such other and further relief as may be just and equitable.

Respectfully submitted by:

Dated: June 20, 2018

_____
Ida V. Canlas
Plaintiff

_____
Ophello S. Canlas
Plaintiff

COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "A"

# NOTE

May 17, 2004　　　　　　LYNNWOOD　　　　　Washington
*[Date]*　　　　　　　　　　*[City]*　　　　　　　*[State]*

902 NORTH 100TH STREET, SEATTLE, WA 98133
*[Property Address]*

**1. BORROWER'S PROMISE TO PAY**

In return for a loan that I have received, I promise to pay U.S. $ 712,000.00 (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is LoanCity.com, a California Corporation. I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

**2. INTEREST**

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of 5.750 %.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

**3. PAYMENTS**

**(A) Time and Place of Payments**

I will pay Principal and interest by making a payment every month.

I will make my monthly payment on the 1st day of each month beginning on July, 2004. I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on June 1, 2034, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at LoanCity.com, 5671 Santa Teresa Boulevard, Suite 100, San Jose, CA 95123 or at a different place if required by the Note Holder.

**(B) Amount of Monthly Payments**

My monthly payment will be in the amount of U.S. $ 1,820.75.

**4. BORROWER'S RIGHT TO PREPAY**

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

---

Loan No: W01759069　　　　　　　　　MIN: 1000583Z0000169948

Multistate Fixed Rate Note—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT　　　　Form 3200 01/01
—THE COMPLIANCE SOURCE, INC.—　　　　　　　　　　Page 1 of 3　　　　　　　　　　1260IMU 02/00
www.compliancesource.com　　　　　　　　　　　　　　　　　　　　©2000, The Compliance Source, Inc.

PNOTE

**5.    LOAN CHARGES**

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

**6.    BORROWER'S FAILURE TO PAY AS REQUIRED**

**(A)  Late Charge for Overdue Payments**

If the Note Holder has not received the full amount of any monthly payment by the end of         15      calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be   5.000        % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

**(B)  Default**

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

**(C)  Notice of Default**

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

**(D)  No Waiver By Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(E)  Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

**7.    GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

**8.    OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**9.    WAIVERS**

I and any other person who has obligations under this Note waive the rights of presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**10.   UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same

Loan No: W01759069



*312,200*

date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option. Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)     _____ (Seal)
IDA V. CANLAS            -Borrower     OPHELLO S. CANLAS        -Borrower

SSN:  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                      SSN:  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

_____ (Seal)     _____ (Seal)
                        -Borrower                             -Borrower

*[Sign Original Only]*

Multistate Fixed Rate Note—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
—THE COMPLIANCE SOURCE, INC.—                     Page 3 of 3
www.compliancesource.com
Form 3200 01/01
22601MU 08/00
©2000, The Compliance Source, Inc.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "B"

After Recording Return to:
Northwest Trustee Services, Inc.
Attention: Heather L. Smith
P.O. Box 997
Bellevue, WA 98009-0997

| 7763.10552/Canlas, Ida V. and Ophello S. | MIN# 100058310000169948 |
|---|---|
| | Mers phone # 888-679-6377 |

## Assignment of Deed of Trust

For Value Received, the undersigned as Beneficiary, hereby grants, conveys, assigns and transfers to JPMorgan Chase Bank, National Association, whose address is 800 Brooksedge Blvd, Westerville, OH 43081, all beneficial interest under that certain deed of trust, dated 05/17/04, executed by Ida V. Canlas and Ophello S. Canlas, wife and husband, Grantors, to Fidelity National Title Company of Washington, Trustee, and recorded on 05/24/04, under Auditor's File No. 20040524000480, Records of King County, Washington described as follows:

Exhibit A Attached

Dated ___January 30___ , 20_13_

Mortgage Electronic Registration Systems Inc as nominee for LoanCity.com, a California Corporation its successors and assigns

By: _____
Title: _____Assistant Secretary_____
Rebecca Dietrich

STATE OF _____Ohio_____ )
                                                        ) ss.
COUNTY OF_____Franklin_____ )

I certify that I know or have satisfactory evidence that ___Rebecca Dietrich___ is the person who appeared before me, and said person acknowledged that (he/she) signed this instrument, on oath stated that (he/she) was authorized to execute the instrument and acknowledged it as the ___Assistant Secretary___ of Mortgage Electronic Registration Systems Inc as nominee for LoanCity.com, a California Corporation its successors and assigns to be the free and voluntary act of such party for the uses and purposes mentioned in the instrument.

Dated: __1-30 13__

_____Andrew Hennick
NOTARY PUBLIC in and for the State of ___Ohio___

Residing at ___Franklin Co___
My commission expires ___10-31-17___

ANDREW HENNICK
Notary Public
State of Ohio
My Commission Expires 10-31-17

Exhibit A

Lot "A", City of Seattle Short Plat No 9502851
Lot "A", City of Seattle Short Plat No 9502851, as recorded under Recording No 9509201144, said Short Plat described as follows  Lots 28 and 29, Block 20, North Park, an Addition to the City of Seattle, according to the plat thereof recorded in Volume 18 of Plats, Page 76, records of King County, Washington.  Situate in the County of King, State of Washington
Parcel ID:614560276501

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "C"

Chase Detailed Transaction History

**Loan # 1022250580**
IDA V CANLAS
OPHELLO S CANLAS

| Interest Rate: | 5.75% |
|---|---|
| Payment Due Date: | 10/1/2009 |
| Monthly Payment Amt: | $1,820.75 |
| Current Escrow Balance: | $-32,853.05 |
| Current Principal Balance: | $287,881.16 |

**Property Address:**
10006 LINDEN AVENUE NORTH
SEATTLE, WA 98133-0000

**Mailing Address:**
C/O FREEL SPARKS LAW FIRM PLLC
12345 LAKE CITY WAY NE #202
SEATTLE, WA 981250000

Activity for Period    1/1/2009    –    4/3/2017

| Reference # | Tran Date Principal Amt | Effective Date Interest Amt | Due Date Escrow Amt | Total Tran Amt Fees/Other Amt | Transaction Description Suspense Amt |
|---|---|---|---|---|---|
| 79 | 3/26/2013 | 3/26/2013 | | $14.00 | |
| | $0.00 | $0.00 | $0.00 | $14.00 | $0.00 |
| 78 | 3/26/2013 | 3/26/2013 | 4/1/2013 | $-1,765.41 | COUNTY TAX |
| | $0.00 | $0.00 | $-1,765.41 | $0.00 | |
| 77 | 1/8/2013 | 1/8/2013 | | $14.00 | |
| | $0.00 | $0.00 | $0.00 | $14.00 | $0.00 |
| 76 | 11/21/2012 | 11/21/2012 | | $14.00 | |
| | $0.00 | $0.00 | $0.00 | $14.00 | $0.00 |
| 75 | 10/16/2012 | 10/16/2012 | | $14.00 | |
| | $0.00 | $0.00 | $0.00 | $14.00 | $0.00 |
| 74 | 10/2/2012 | 10/2/2012 | 10/1/2009 | $1,856.01 | ESCROW ADVANCE |
| | $0.00 | $0.00 | $1,856.01 | $0.00 | $0.00 |
| 73 | 10/2/2012 | 10/2/2012 | 10/1/2012 | $-1,856.01 | COUNTY TAX |
| | $0.00 | $0.00 | $-1,856.01 | $0.00 | |
| 72 | 9/21/2012 | 9/21/2012 | | $14.00 | |
| | $0.00 | $0.00 | $0.00 | $14.00 | $0.00 |

**Loan # 1022250580**
IDA V CANLAS
OPHELLO S CANLAS

| | |
|---|---|
| Interest Rate: | 5.75% |
| Payment Due Date: | 10/1/2009 |
| Monthly Payment Amt: | $1,820.75 |
| Current Escrow Balance: | $-32,853.05 |
| Current Principal Balance: | $287,881.16 |

**Property Address:**
10006 LINDEN AVENUE NORTH
SEATTLE, WA 98133-0000

**Mailing Address:**
C/O FREEL SPARKS LAW FIRM PLLC
12345 LAKE CITY WAY NE #202
SEATTLE, WA 981250000

Activity for Period  1/1/2009  –  4/3/2017

| Reference # | Tran Date Principal Amt | Effective Date Interest Amt | Due Date Escrow Amt | Total Tran Amt Fees/Other Amt | Transaction Description Suspense Amt |
|---|---|---|---|---|---|
| 87 | 7/25/2013 | 7/25/2013 | | $14.00 | |
| | $0.00 | $0.00 | $0.00 | $14.00 | $0.00 |
| 86 | 6/25/2013 | 6/25/2013 | | $14.00 | |
| | $0.00 | $0.00 | $0.00 | $14.00 | $0.00 |
| 85 | 5/29/2013 | 5/29/2013 | | $14.00 | |
| | $0.00 | $0.00 | $0.00 | $14.00 | $0.00 |
| 84 | 5/1/2013 | 5/1/2013 | 10/1/2009 | $955.00 | ESCROW ADVANCE |
| | $0.00 | $0.00 | $955.00 | $0.00 | $0.00 |
| 83 | 5/1/2013 | 5/1/2013 | 5/1/2013 | $-955.00 | HOMEOWNERS INSURANCE |
| | $0.00 | $0.00 | $-955.00 | $0.00 | $0.00 |
| 82 | 4/24/2013 | 4/24/2013 | | $14.00 | |
| | $0.00 | $0.00 | $0.00 | $14.00 | $0.00 |
| 81 | 4/4/2013 | 4/4/2013 | | $14.00 | |
| | $0.00 | $0.00 | $0.00 | $14.00 | $0.00 |
| 80 | 3/26/2013 | 3/26/2013 | 10/1/2009 | $1,765.41 | ESCROW ADVANCE |
| | $0.00 | $0.00 | $1,765.41 | $0.00 | $0.00 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "D"

**Electronically Recorded**
**20160107000995**

SIMPLIFILE                    ADT            17.00
Page 001 of 003
01/07/2016 03:37
King County, WA

After Recording Mail to:
Northwest Trustee Services, Inc.
Heather L. Smith
P.O. Box 997
Bellevue, WA 98009-0997

_110344129_
**Document Title(s): (or transactions contained therein)**

Assignment Deed of Trust

**Reference Number(s) of Documents assigned or released:**

20040524000480 _____ Additional numbers on page_____ of document

**Grantor(s): (Last name first, then first and initials)**
1. Canlas, Ida V
2. Canlas, Ophello S.
3. Mortgage Electronic Registration Systems, Inc. solely as nominee for LoanCity.com, a California corporation its successors and assigns
4. MUFG Union Bank, National Association
5. _____ Additional names on page_____ of document

**Grantee(s): (Last name first, then first and initials)**
1. Northwest Trustee Services, Inc.
2.
3.
4.
5.   Additional name on page_____ of document

**Abbreviated Legal Description as follows: (i.e. lot/block/plat or section/township/range/quarter/quarter)**

Lot "A", City of Seattle Short Plat No 9502851

_____ Complete legal description is on page_____ of document

**Assessor's Property Tax Parcel/Account Number(s):**

**614560276501**

**I am requesting an emergency nonstandard recording for an additional fee as provided in RCW 36.18.010. I understand that the recording processing requirements may cover up or otherwise obscure some part of the text of the original document.**

_____
**Signature of Requesting Party**

After Recording Return to:
Northwest Trustee Services, Inc.
Attention: Heather L. Smith
P.O. Box 997
Bellevue, WA 98009-0997

---

7763.10552/Canlas, Ida V. and Ophello S.

## Assignment of Deed of Trust

For Value Received, the undersigned as Beneficiary, hereby grants, conveys, assigns and transfers to MUFG Union Bank, National Association, whose address is 800 Brooksedge Blvd Westerville, OH 43081, all beneficial interest under that certain deed of trust, dated 05/17/04, executed by Ida V. Canlas and Ophello S. Canlas, wife and husband, Grantors, to Fidelity National Title Company of Washington, Trustee, and recorded on 05/24/04, under Auditor's File No. 20040524000480, Records of King County, Washington described as follows:

Exhibit A Attached

Dated **DECEMBER 18th,** 2015

JPMorgan Chase Bank, National Association

By: _____  **Mariam Davis**

Title: **Vice President**

STATE OF **Ohio** )
                                              ) ss.
COUNTY OF **Franklin** )

I certify that I know or have satisfactory evidence that **Mariam Davis** is the person who appeared before me, and said person acknowledged that (he/she) signed this instrument, on oath stated that (he/she) was authorized to execute the instrument and acknowledged it as the **Vice President** of JPMorgan Chase Bank, National Association to be the free and voluntary act of such party for the uses and purposes mentioned in the instrument.

Dated: **12/18/2015**

_____
NOTARY PUBLIC in and for the State of **Ohio**
**Caitin Marquardt**
Residing at **Franklin**
My commission expires **08/10/2019**



**CAITIN MARQUARDT**
Notary Public, State of Ohio
My Commission Expires 08-10-2019

Exhibit A

Lot "A", City of Seattle Short Plat No 9502851
Lot "A", City of Seattle Short Plat No 9502851, as recorded under Recording No 9509201144, said Short Plat
described as follows   Lots 28 and 29, Block 20, North Park, an Addition to the City of Seattle, according to the plat
thereof recorded in Volume 18 of Plats, Page 76, records of King County, Washington.  Situate in the County of
King, State of Washington
Parcel ID:614560276501

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "E"

Chase Detailed Transaction History

**Loan # 1022250580**
IDA V CANLAS
OPHELLO S CANLAS

| | |
|---|---|
| Interest Rate: | 5.75% |
| Payment Due Date: | 10/1/2009 |
| Monthly Payment Amt: | $1,820.75 |
| Current Escrow Balance: | $-32,853.05 |
| Current Principal Balance: | $287,881.16 |

**Mailing Address:**
C/O FREEL SPARKS LAW FIRM PLLC
12345 LAKE CITY WAY NE #202
SEATTLE, WA 981250000

**Property Address:**
10006 LINDEN AVENUE NORTH
SEATTLE, WA 98133-0000

Activity for Period 1/1/2009 — 4/3/2017

| Reference # | Tran Date / Principal Amt | Effective Date / Interest Amt | Due Date / Escrow Amt | Total Tran Amt / Fees/Other Amt | Transaction Description / Suspense Amt |
|---|---|---|---|---|---|
| 127 | 5/2/2016 / $0.00 | 5/2/2016 / $0.00 | 10/1/2009 / $992.00 | $992.00 / $0.00 | ESCROW ADVANCE / $0.00 |
| 126 | 5/2/2016 / $0.00 | 5/2/2016 / $0.00 | 5/1/2016 / $-992.00 | $-992.00 / $0.00 | HOMEOWNERS INSURANCE / $0.00 |
| 125 | 4/6/2016 / $0.00 | 4/6/2016 / $0.00 | 10/1/2009 / $2,245.96 | $2,245.96 / $0.00 | ESCROW ADVANCE / $0.00 |
| 124 | 4/6/2016 / $0.00 | 4/6/2016 / $0.00 | 4/1/2016 / $-2,245.96 | $-2,245.96 / $0.00 | COUNTY TAX / $0.00 |
| 123 | 10/6/2015 / $0.00 | 10/6/2015 / $0.00 | 10/1/2009 / $1,939.20 | $1,939.20 / $0.00 | ESCROW ADVANCE / $0.00 |
| 122 | 10/6/2015 / $0.00 | 10/6/2015 / $0.00 | 10/1/2015 / $-1,939.20 | $-1,939.20 / $0.00 | COUNTY TAX / $0.00 |
| 121 | 5/1/2015 / $0.00 | 5/1/2015 / $0.00 | 10/1/2009 / $992.00 | $992.00 / $0.00 | ESCROW ADVANCE / $0.00 |
| 120 | 5/1/2015 / $0.00 | 5/1/2015 / $0.00 | 5/1/2015 / $-992.00 | $-992.00 / $0.00 | HOMEOWNERS INSURANCE / $0.00 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "F"



March 23, 2017

Ida V. Canlas and Ophello S. Canlas
12345 Lake City Way NE #202
Seattle, WA 98125-0000

**Here's the contact information you requested**

Account:            1022250580
Property Address:   10006 Linden Avenue North
                    Seattle, WA 98133-0000

Dear Ida V. Canlas and Ophello S. Canlas:

We're responding to your request for information about the owner of the mortgage loan above. We answer questions and service this mortgage on behalf of an investor, so we're providing the contact information you requested.

The information for the current owner of the mortgage loan is:

> MUFG Union Bank, N.A.
> 9885 Towne Centre Drive
> San Diego, CA 92121
> 1-858-795-0595

The ownership may change from time to time during the term of the of the mortgage loan.

If you have questions, please call us at one of the numbers below.

Sincerely,

Dean Cooper
Managing Director
Chase
1-800-848-9136
1-800-582-0542 TTY
www.chase.com

Esta comunicación contiene información importante acerca de la cuenta. Si tiene alguna pregunta o necesita ayuda para traducirla, comuníquese con nosotros llamando al 1-800-848-9136.

 **Important Legal Information**

**We are a debt collector**
This communication is an attempt to collect a debt and any information obtained will be used for that purpose. However, to the extent your original obligation was discharged or is subject to an automatic stay of bankruptcy under Title 11 of the United States Code, this notice is for compliance with non-bankruptcy law and/or informational purposes only and does not constitute an attempt to collect a debt or to impose personal liability for such obligation. Nothing in this letter (including our use of the words "your," "loan," "mortgage," or "account") means that you're required to repay a debt that's been discharged. Any payment you make on the account is voluntary, but we may still have rights under the security instrument, including the right to foreclose on the property.

If you are represented by an attorney, please refer this letter to your attorney and provide us with the attorney's name, address, and telephone number.

CR50253
CC815

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "G"

# NOTICE OF DEFAULT

Pursuant to the Revised Code of Washington 61.24. et seq.

To:     IDA V. CANLAS AND OPHELLO S. CANLAS, WIFE AND HUSBAND

T.S. No.:     WA-17-775269-BB

## THIS NOTICE IS ONE STEP IN A PROCESS THAT COULD RESULT IN YOUR LOSING YOUR HOME.

You may be eligible for mediation in front of a neutral third party to help save your home.

**CONTACT A HOUSING COUNSELOR OR AN ATTORNEY LICENSED IN WASHINGTON NOW** to assess your situation and refer you to mediation if you might benefit. Mediation MUST be requested between the time you receive the Notice of Default and no later than twenty days after the Notice of Trustee Sale is recorded.

**DO NOT DELAY.** If you do nothing, a notice of sale may be issued as soon as 30 days from the date of this notice of default. The notice of sale will provide a minimum of 120 days' notice of the date of the actual foreclosure sale.

**BE CAREFUL** of people who claim they can help you. There are many individuals and businesses that prey upon borrowers in distress. **REFER TO THE CONTACTS BELOW** for sources of assistance.

### SEEKING ASSISTANCE

Housing counselors and legal assistance may be available at little or no cost to you. If you would like assistance in determining your rights and opportunities to keep your house, you may contact the following:

The statewide foreclosure hotline for assistance and referral to housing counselors recommended by the Housing Finance Commission: Toll-free: 1-877-894-HOME (1-877-894-4663) or Website: http://www.dfi.wa.gov/consumers/homeownership/post_purchase_counselors_foreclosure.htm.

The United States Department of Housing and Urban Development: Toll-free: 1-800-569-4287 or National WebSite: http://portal.hud.gov/hudportal/HUD or for Local counseling agencies in Washington: http://www.hud.gov/offices/hsg/sfh/hcc/fc/index.cfm?webListAction=search&searchstate=WA&filterSvc=dfc.

The statewide civil legal aid hotline for assistance and referrals to other housing counselors and attorneys: Telephone: 1-800-606-4819 or Website: http://nwjustice.org/what-clear.

The current owner of the Note secured by the Deed of Trust is:
MUFG Union Bank, National Association
800 Brooksedge Blvd
Westerville, OH 43081

# FORECLOSURE LOSS MITIGATION FORM

## (Chapter 61.24 RCW)

Borrowers:   IDA V CANLAS
             OPHELLO S CANLAS

Beneficiary:

Loan Servicer: JP Morgan Chase Bank N.A.

Property Address:  10006 LINDEN AVENUE NORTH
                   SEATTLE WA 98133

Loan #: ▮▮▮▮▮

The undersigned beneficiary or authorized agent for the beneficiary hereby represents and declares under the penalty of perjury that:

☐ The beneficiary or beneficiary's authorized agent has contacted the borrower under, and has complied with RCW 61.24.031 (contact provision to "assess the borrower's financial ability to pay the debt secured by the deed of trust and explore options for the borrower to avoid foreclosure") and the borrower responded but did not request a meeting.

☐ The beneficiary or beneficiary's authorized agent has contacted the borrower as required under RCW 61.24.031 and the borrower or the borrower's designated representative requested a meeting. A meeting was held on _____ at _____ in compliance with RCW 61.24.031.

☐ The beneficiary or beneficiary's authorized agent has contacted the borrower as required in RCW 61.24.031 and the borrower or the borrower's designated representative requested a meeting. A meeting was scheduled for _____ at _____ and neither the borrower nor the borrower's designated representative appeared.

☑ The beneficiary or beneficiary's authorized agent has exercised due diligence to contact the borrower as required in RCW 61.24.031(5) and the borrower did not respond.

☐ The borrower has surrendered the secured property as evidenced by either a letter confirming the surrender or by delivery of the keys to the secured property to the beneficiary, the beneficiary's authorized agent or to the trustee.

Dated: 03/28/2018

_Nijaz Pajic_

Nijaz Pajic        Authorized Signer

JPMorgan Chase Bank, N.A.

# ATTENTION PROPERTY RESIDENTS

The foreclosure process has begun on this property, which may affect your right to continue to live in this property. Ninety days or more after the date of this notice, this property may be sold at foreclosure.

If you are the owner of the property, the purchaser will be entitled to possession of the property 20 days after the foreclosure sale.

Under Washington law, if you are renting this property, the new property owner may either give you a new rental agreement or provide you with a sixty-day notice to vacate the property. If the loan being foreclosed falls within certain guidelines, you may also have additional rights under Federal law.

You may wish to contact a lawyer or your local legal aid or housing counseling agency to discuss any rights that you may have.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "H"

WHEN RECORDED MAIL TO:
Quality Loan Service Corp. of Washington
C/O Quality Loan Service Corporation
411 Ivy Street
San Diego, CA 92101

TS No.: WA-17-775269-BB                          SPACE ABOVE THIS LINE FOR RECORDER'S USE
APN No.: 614560276501
Title Order No.: 160020599-WA-MSI
Deed of Trust Grantor(s): OPHELLO S CANLAS, IDA V CANLAS
Deed of Trust Grantee(s): MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC AS
NOMINEE FOR LOANCITY.COM, A CALIFORNIA CORPORATION, ITS SUCCESSORS AND
ASSIGNS
Deed of Trust Instrument/Reference No.: 20040524000480

# NOTICE OF TRUSTEE'S SALE
Pursuant to the Revised Code of Washington 61.24, et seq.

I.      NOTICE IS HEREBY GIVEN that Quality Loan Service Corp. of Washington, the undersigned
Trustee, will on 10/5/2018, at 10:00 AM At the 4th Ave entrance to the King County Administration
Building, located one block east of the Courthouse, 500 4th Ave, Seattle, WA 98104 sell at public auction
to the highest and best bidder, payable in the form of credit bid or cash bid in the form of cashier's check or
certified checks from federally or State chartered banks, at the time of sale the following described real
property, situated in the County of KING, State of Washington, to-wit:

LOT "A", CITY OF SEATTLE SHORT PLAT NO. 9502851, AS RECORDED UNDER RECORDING
NO. 9509201144, SAID SHORT PLAT DESCRIBED AS FOLLOWS: LOTS 28 AND 29, BLOCK 20,
NORTH PARK, AN ADDITION TO THE CITY OF SEATTLE, ACCORDING TO THE PLAT
THEREOF RECORDED IN VOLUME 18 OF PLATS, PAGE 76, RECORDS OF KING COUNTY,
WASHINGTON. SITUATE IN THE COUNTY OF KING, STATE OF WASHINGTON.

More commonly known as: 10006 Linden Avenue North, Seattle, WA 98133

which is subject to that certain Deed of Trust dated 5/17/2004, recorded 5/24/2004, under Instrument No.
20040524000480    records of KING County, Washington, from IDA V. CANLAS AND OPHELLO S.
CANLAS, WIFE AND HUSBAND, as grantor(s), to FIDELITY NATIONAL TITLE COMPANY OF
WASHINGTON, as original trustee, to secure an obligation in favor of MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC AS NOMINEE FOR LOANCITY.COM, A CALIFORNIA
CORPORATION, ITS SUCCESSORS AND ASSIGNS, as original beneficiary, the beneficial interest in
which was subsequently assigned to MUFG Union Bank, National Association, the Beneficiary, under an
assignment recorded under Auditors File Number 20160107000995

II.      No action commenced by the Beneficiary of the Deed of Trust is now pending to seek satisfaction of
the obligation in any Court by reason of the Borrower's or Grantor's default on the obligation secured by the
Deed of Trust/Mortgage.

III.     The default(s) for which this foreclosure is made is/are as follows: Failure to pay when due the
following amounts which are now in arrears: $167,121.63.

IV.     The sum owing on the obligation secured by the Deed of Trust is: The principal sum of $273,169.85, together with interest as provided in the Note from 4/1/2012 on, and such other costs and fees as are provided by statute.

V.     The above-described real property will be sold to satisfy the expense of sale and the obligation secured by the Deed of Trust as provided by statute. Said sale will be made without warranty, expressed or implied, regarding title, possession or encumbrances on 10/5/2018. The defaults referred to in Paragraph III must be cured by 9/24/2018 (11 days before the sale date), or by other date as permitted in the Note or Deed of Trust, to cause a discontinuance of the sale. The sale will be discontinued and terminated if at any time before 9/24/2018 (11 days before the sale), or by other date as permitted in the Note or Deed of Trust, the default as set forth in Paragraph III is cured and the Trustee's fees and costs are paid. Payment must be in cash or with cashiers or certified checks from a State or federally chartered bank. The sale may be terminated any time after the 9/24/2018 (11 days before the sale date) and before the sale, by the Borrower or Grantor or the holder of any recorded junior lien or encumbrance by paying the principal and interest, plus costs, fees and advances, if any, made pursuant to the terms of the obligation and/or Deed of Trust, and curing all other defaults.

VI.     A written Notice of Default was transmitted by the Beneficiary or Trustee to the Borrower(s) and Grantor(s) by both first class and certified mail, proof of which is in the possession of the Trustee; and the Borrower and Grantor were personally served, if applicable, with said written Notice of Default or the written Notice of Default was posted in a conspicuous place on the real property described in Paragraph I above, and the Trustee has possession of proof of such service or posting. The list of recipients of the Notice of Default is listed within the Notice of Foreclosure provided to the Borrower(s) and Grantor(s). These requirements were completed as of 4/16/2018.

VII.     The Trustee whose name and address are set forth below will provide in writing to anyone requesting it, a statement of all costs and fees due at any time prior to the sale.

VIII.     The effect of the sale will be to deprive the Grantor and all those who hold by, through or under the Grantor of all their interest in the above-described property.

IX.     Anyone having any objections to this sale on any grounds whatsoever will be afforded an opportunity to be heard as to those objections if they bring a lawsuit to restrain the sale pursuant to RCW 61.24.130. Failure to bring such a lawsuit may result in a waiver of any proper grounds for invalidating the Trustee's sale.

X.     NOTICE TO OCCUPANTS OR TENANTS – The purchaser at the Trustee's Sale is entitled to possession of the property on the 20th day following the sale, as against the Grantor under the deed of trust (the owner) and anyone having an interest junior to the deed of trust, including occupants who are not tenants. After the 20th day following the sale the purchaser has the right to evict occupants who are not tenants by summary proceedings under Chapter 59.12 RCW. For tenant-occupied property, the purchaser shall provide a tenant with written notice in accordance with RCW 61.24.060.

**THIS NOTICE IS THE FINAL STEP BEFORE THE FORECLOSURE SALE OF YOUR HOME.**

You have only 20 DAYS from the recording date of this notice to pursue mediation.

**DO NOT DELAY. CONTACT A HOUSING COUNSELOR OR AN ATTORNEY LICENSED IN WASHINGTON NOW** to assess your situation and refer you to mediation if you are eligible and it may help you save your home. See below for safe sources of help.

SEEKING ASSISTANCE

Housing counselors and legal assistance may be available at little or no cost to you. If you would like assistance in determining your rights and opportunities to keep your house, you may contact the following:

The statewide foreclosure hotline for assistance and referral to housing counselors recommended by the Housing Finance Commission: Toll-free: 1-877-894-HOME (1-877-894-4663) or Web site: http://www.dfi.wa.gov/consumers/homeownership/post_purchase_counselors_foreclosure.htm.

The United States Department of Housing and Urban Development: Toll-free: 1-800-569-4287 or National Web Site: http://portal.hud.gov/hudportal/HUD or for Local counseling agencies in Washington: http://www.hud.gov/offices/hsg/sfh/hcc/fc/index.cfm?webListAction=search&searchstate=WA&filterSvc=dfc

The statewide civil legal aid hotline for assistance and referrals to other housing counselors and attorneys: Telephone: 1-800-606-4819 or Web site: http://nwjustice.org/what-clear.

**Additional disclaimers provided by the Trustee:** If you have previously been discharged through bankruptcy, you may have been released of personal liability for this loan in which case this letter is intended to exercise the noteholders rights against the real property only.

**QUALITY MAY BE CONSIDERED A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE**

Dated: 5-29-18

Quality Loan Service Corp. of Washington, as Trustee
By: Briana Newton, Assistant Secretary

Trustee's Mailing Address:
Quality Loan Service Corp. of Washington
C/O Quality Loan Service Corp.
411 Ivy Street, San Diego, CA 92101
(866) 645-7711

Trustee's Physical Address:
Quality Loan Service Corp. of Washington
108 1st Ave South, Suite 202
Seattle, WA 98104
(866) 925-0241

Sale Line: 916-939-0772 or Login to: http://wa.qualityloan.com
Trustee Sale Number: WA-17-775269-BB

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of: California )
County of: San Diego )

On MAY 29 2018 before me, Katherine A. Davis a notary public, personally appeared Briana Newton , who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal. (Seal)

Signature _____
Katherine A. Davis

KATHERINE A. DAVIS
COMM. #2095368
Notary Public · California
San Diego County
My Comm. Expires Dec. 29, 2018
NR01

forth or estimated above and by curing any other defaults described above. Of course, as time passes other payments may become due, and any further payments coming due and any additional late charges must be added to your reinstating payment. Any new defaults not involving payment of money that occur after the date of this notice must also be cured in order to effect reinstatement. In addition, because some of the charges can only be estimated at this time, and because the amount necessary to reinstate or to payoff the entire indebtedness may include presently unknown expenditures required to preserve the property or to comply with state or local law, it will be necessary for you to contact the Trustee before the time you tender reinstatement or the payoff amount so that you may be advised of the exact amount you will be required to pay.

Tender of payment or performance must be made to: JP Morgan Chase Bank, N.A..

Payment or performance may be mailed to :
Quality Loan Service Corp. of Washington
C/O Quality Loan Service Corp.
411 Ivy Street, San Diego, CA 92101

Payment or performance may be dropped off at:
Quality Loan Service Corp. of Washington
108 1st Ave South, Suite 202
Seattle, WA 98104

Phone: (866) 925-0241 ext. 5318
**Sale Line: 916-939-0772 or Login to: http://wa.qualityloan.com**

AFTER 9/24/2018, OR BY OTHER DATE AS PERMITTED IN THE NOTE OR DEED OF TRUST, YOU MAY NOT BE ALLOWED TO REINSTATE YOUR DEED OF TRUST BY PAYING THE BACK PAYMENTS AND COSTS AND FEES AND CURING THE OTHER DEFAULTS AS OUTLINED ABOVE. The Trustee will respond to any written request for current payoff or reinstatement amounts within ten days of receipt of your written request. In such a case, you will only be able to stop the sale by paying, before the sale, the total principal balance **$273,169.85** plus accrued interest, costs and advances, if any, made pursuant to the terms of the documents and by curing the other defaults as outlined above.

You may contest this default by initiating court action in the Superior Court of the county in which the sale is to be held. In such action, you may raise any legitimate defenses you have to this default. A copy of your Deed of Trust and documents evidencing the security thereby are enclosed. You may wish to consult a lawyer. Legal action on your part may prevent or restrain the sale, but only if you persuade the court of the merits of your defense. You may contact the Department of Financial Institutions or the statewide civil legal aid hotline for possible assistance or referrals.

The court may grant a restraining order or injunction to restrain a trustee's sale pursuant to RCW 61.24.130 upon five days notice to the trustee of the time when, place where, and the judge before whom the application for the restraining order or injunction is to be made. This notice shall include copies of all pleadings and related documents to be given to the judge. Notice and other process may be served on the trustee at:

NAME: Sierra West, Registered Agent for Quality Loan Service Corporation of Washington
ADDRESS: 108 1st Ave. South, Suite 202, Seattle, Washington 98104
TELEPHONE NUMBER: (866) 925-0241

If you do not reinstate the secured obligation and your Deed of Trust in the manner set forth above, or if you do not succeed in restraining the sale by court action, your property will be sold to satisfy the obligations secured by your Deed of Trust. The effect of such sale will be to deprive you and all those who hold by, through or under you of all interest in the property.

Attached as "Exhibit A" is a list of the recipients of the Notice of Default.

## QUALITY MAY BE CONSIDERED A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.



# NOTICE OF FORECLOSURE
**Pursuant to the Revised Code of Washington,
Chapter 61.24 RCW**

T.S. No.: **WA-17-775269-BB**

The attached Notice of Trustee's Sale is a consequence of default(s) in the obligation to **MUFG Union Bank, National Association,** the Beneficiary of your Deed of Trust and party entitled to enforce the obligation secured thereby. Unless the default(s) is/are cured, your property will be sold at auction on **10/5/2018.**

To cure the default(s), you must bring the payments current, cure any other defaults, and pay accrued late charges and other costs, advances, and attorney's fees as set forth below by **9/24/2018** *(11 days before the sale date)* or by other date as permitted in the Note and Deed of Trust. To date, these arrears and costs are as follows:

|  | Currently due to reinstate on: 5/25/2018 | Estimated amount due to reinstate on: 9/24/2018 (11 days before the date set for sale.) |
|---|---|---|
| Total payments from 5/1/2012 | $164,261.77 | $170846.05 |
| Total late charges | $0.00 | $0.00 |
| Total advances | $0.00 | $0.00 |
| Trustee's Fee | $1,275.00 | $1,275.00 |
| Title Report | $1,087.00 | $1,087.00 |
| **Trustee's Expenses (Estimated Itemization):** | | |
| Additional Foreclosure Fees/Costs | $127.86 | $127.86 |
| Recording Fees | $150.00 | $150.00 |
| Service/Posting of Notices | $120.00 | $120.00 |
| Postage | $100.00 | $100.00 |
| Publication | $0.00 | $1,000.00 |
| **TOTALS** | **$167,121.63** | **$174,705.91** |

To pay off the entire obligation secured by your Deed of Trust as of the **5/25/2018** you must pay a total of **$273,169.85** in principal, **$96,861.56** in interest, plus other costs and advances estimated to date in the amount of **$37,639.43.** From and after the date of this notice you must submit a written request to the Trustee to obtain the total amount to pay off the entire obligation secured by your Deed of Trust as of the payoff date.

As to the defaults which do not involve payment of money to the beneficiary of your Deed of Trust, you must cure each such default (as applicable). Listed below are the defaults which do not involve payment of money to the Beneficiary of your Deed of Trust. Opposite each such listed default is a brief description of the action necessary to cure the default (if applicable) and a description of the documentation necessary to show the default has been cured.

| Default | Description of Action Required to Cure and Documentation Necessary to Show Cure |
|---|---|
| Delinquent property taxes | Payment in full to Obligee evidenced by a proper receipt. |
| Insurance premiums | Payment in full to Obligee evidenced by a proper receipt. |
| Advances made on senior liens | Payment in full to Obligee evidenced by a proper receipt. |
| Taxes and/or insurance | Payment in full to Obligee evidenced by a proper receipt. |
| Trustee's fees and expenses | Payment in full of the above listed Trustee's Fee and Expenses. |
| Any attorney fees and court costs arising from or associated with the beneficiaries efforts to protect and preserve its security. | Payment in full to Obligee evidenced by a proper receipt. |

Any of the above defaults (if applicable) must be cured as a condition of reinstatement, including all sums that shall accrue through reinstatement or pay-off. Nothing in this notice shall be construed as a waiver of any fees owing to the Beneficiary under the Deed of Trust pursuant to the terms of the loan documents.

You may reinstate your Deed of Trust and the obligation secured thereby at any time up to and including **9/24/2018** *(11 days before the sale date)*, or by other date as permitted in the Note and Deed of Trust, by paying the amount set