1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| IDA V. CANLAS AND OPELLO S. CANLAS,<br><br>Plaintiffs,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A., MUFG UNION BANK, N.A.; AND DOES 1-10, Inclusive<br><br>Defendants. | No. 2:18-cv-01175<br><br>VERIFICATION OF STATE COURT RECORDS |

I am counsel for Defendant JPMorgan Chase Bank, N.A. and MUFG Union Bank, N.A.  I hereby verify that true and correct copies of all pleadings and other papers filed in the King County Superior Court action are attached hereto as Exhibit A.

DATED this 10th day of August, 2018.

Davis Wright Tremaine LLP
Attorneys for JPMorgan Chase Bank, N.A. and
MUFG Union Bank, N.A.

By *s/ Frederick Haist*
Fred B. Burnside, WSBA #32491
Frederick Haist, WSBA #48937
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
Tel.: (206) 622-3150
Fax: (206) 757-7000
Email: fredburnside@dwt.com
       frederickhaist@dwt.com

VERIFICATION OF STATE COURT RECORDS — 1
4840-4665-1246v.1 0050033-000184

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

CERTIFICATE OF SERVICE

The undersigned hereby declare under penalty of perjury under the laws of the United States of America, that on this day, he caused a copy of the foregoing document to be served upon the following parties of record via messenger:

Ida V. Canlas
Ophello S. Canlas
10006 Linden Avenue N.
Seattle, WA  98133-9335

DATED this 10th day of August, 2018, at Seattle, Washington.

/s/Frederick A. Haist
Frederick A. Haist, WSBA #48937

VERIFICATION OF STATE COURT RECORDS — 2
4840-4665-1246v.1 0050033-000184

# EXHIBIT A

# IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

## IN AND FOR KING COUNTY

## KING COUNTY COURTHOUSE

| | |
|---|---|
| IDA V. CANLAS AND OPHELLO S. CANLAS | Case No. **18-2-16446-0 SEA** |
| Plaintiff, | **SUMMONS – (20 DAYS)** |
| v. | |
| JPMORGAN CHASE BANK, N.A.; MUFG UNION BANK, N.A; AND DOES 1-10 | |
| Defendants. | |

**TO THE DEFENDANT**:  A lawsuit has been started against you in the above entitled court by IDA V. CANLAS and OPHELLO S. CANLAS, Plaintiffs.  Plaintiffs' claim is stated in the written complaint, a copy of which is served upon you with this summons.

In order to defend against this lawsuit, you must respond to the complaint by stating your defense in writing, and by serving a copy upon the person signing this summons within 20 days after the service of this summons, excluding the day of service, or a default judgment may be entered against you without notice.  A default judgment is one where plaintiff is entitled to what he asks for because you have not responded.  If you serve a notice of appearance on the

1

**SUMMONS – (20 DAYS)**

undersigned person, you are entitled to notice before a default judgment may be entered.

You may demand that the plaintiff file this lawsuit with the court. If you do so, the demand must be in writing and must be served upon the person signing this summons. Within 14 days after you serve the demand, the plaintiff must file this lawsuit with the court, or the service on you of this summons and complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

This summons is issued pursuant to rule 4 of the Superior Court Civil Rules of the State of Washington.

**The Notice of Appearance or Answer must be delivered to the address below:**

Ida V. Canlas
Ophello S. Canlas
10006 Linden Ave N.
Seattle, WA 98133-9335
Telephone: (206) 856-6177
Facsimile: (888) 521-7542
Email: opelcanlas@comcast.net

_____
Ida V. Canlas
Plaintiff

_____
Ophello S. Canlas
Plaintiff

**SUMMONS – (20 DAYS)**

1  **IDA V. CANLAS**
2  **OPHELLO S. CANLAS**
   10006 Linden Ave N.
3  Seattle, WA 98133-9335
   Tel: (206) 856-6177
4  Fax: (888) 521-7542
   Email: opelcanlas@comcast.net
5
6  Plaintiffs in Pro Per

7

8           **IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON**

9                **IN AND FOR THE COUNTY OF KING**

10                    **KING COUNTY COURTHOUSE**

11  IDA V. CANLAS AND OPHELLO S.          )  Case No. **18-2-16446-0 SEA**
12  CANLAS                                )
                                          )  COMPLAINT FOR:
13              Plaintiff,                 )
                                          )  1. VIOLATIONS OF THE CONSUMER
14  v.                                    )     PROTECTION ACT, RCW 19.86, ET
                                          )     SEQ.
15  JPMORGAN CHASE BANK, N.A.; MUFG       )  2. VIOLATIONS OF THE FAIR DEBT
16  UNION BANK, N.A; AND DOES 1-10,       )     COLLECTION PRACTICES ACT,
    Inclusive                             )     15 U.S.C. §1692, ET AL
17                                        )  3. VIOLATION OF 15 U.S.C. §1692f(6)
                Defendants.               )  4. INTENTIONAL INFLICTION OF
18                                        )     EMOTIONAL DISTRESS
19                                        )  5. DECLARATORY RELIEF
                                          )
20                                        )
                                          )
21  ──────────────────────────────────────

22         COMES NOW Plaintiffs, IDA V. CANLAS and OPHELLO S. CANLAS ("Plaintiffs" or
23
24  "CANLAS"), files this Complaint against Defendants JPMORGAN CHASE BANK, N.A.,

25  hereinafter referred to as CHASE, in the capacity as the purported mortgage loan servicer, and

26  MUFG UNION BANK, N.A., hereinafter referred to as MUFG, in the capacity as the purported

27  beneficiary and/or assignee of Plaintiffs' debt obligation, complains, pleads and alleges as
28

                                          1

                                    COMPLAINT

follows:

## I.  STATEMENT OF JURISDICTION

Pursuant to *RCW 4.12.010*, this Court has jurisdiction and venue is proper because this action involves collection activity and title to a real property that is situated within the jurisdiction of this Court

## II.  DATE OF DETERMINATION

Plaintiffs herein request that the date of the Judicial determination sought be that of the date of the filing of the Complaint.

## III.  IDENTITY OF PARTIES

Plaintiffs are informed and believes, and thereon alleges, that at all times relevant hereto Defendant, JPMORGAN CHASE BANK, N.A. ("CHASE") is a national banking institution licensed to do business in the State of Washington, in and of the County and City where subject "PROPERTY" is so situated and physically located which is within this Courts Judicial District. CHASE's principal purpose of business is servicing residential mortgage loans, regularly collect or attempts to collect, directly or indirectly, debts owed or due to another or asserted to be owed or due another and attempts to enforce security interests in real properties.  CHASE is a debt collector pursuant to the Fair Debt Collection Practices Act, hereinafter referred to as the FDCPA, *15 U.S.C. §§1692a(6)* and *1692f(6)*.

Plaintiffs are informed and believes, and thereon alleges, that at all times relevant hereto Defendant, MUFG Union Bank, National Association ("MUFG") is a national entity licensed to do business in the State of Washington, in and of the County and City where subject "PROPERTY" is so situated and physically located which is within this Courts Judicial District. MUFG's principal purpose of business is to regularly collect or attempts to collect, directly or

2

COMPLAINT

indirectly, debts owed or due to another or asserted to be owed or due another and attempts to

enforce security interests in real properties.  MUFG is a debt collector pursuant to the FDCPA,

*15 U.S.C. §§1692a(6) and 1692f(6).*

Plaintiffs are unaware of the true names and capacities of any individuals and/or entities

sued herein under the fictitious names DOES 1 to 10, inclusive or, to the extent that the names of

such individuals or entities may become known to Plaintiffs, and as such Plaintiffs cannot state

with any certainty that such a Cause of Action lies herein as against such individuals or entities,

or Plaintiffs are unable to allege the elements of such Cause of Action, at this time, and as such

said Defendants are herein named in accordance with the provisions of (*Cal Code of Civil*

*Procedure Sec. 474*).  Plaintiffs thereon reserves the right to amend instant Complaint to allege

the true names and capacities of such fictitiously named Defendants when the same become

known or when it has been ascertained with reasonable certainty that such Cause of Action

hereunder can be satisfactorily stated and maintained as against each such fictitiously named

individual or entity.

Plaintiffs are informed and believes and thereon alleges, that in committing certain acts

alleged, some or all of the Defendants named were acting as the Agents, Joint Ventures, Partners,

Representatives, Subsidiaries, Affiliates, Associates, Successors, Assigns and/or Employees

and/or Agents or some or all of the other Defendants, and that some or all of the conduct of such

Defendants, as complained of herein, was within the course and scope and agency of such

relationship.

At all times mentioned in this Complaint, Plaintiffs IDA V. CANLAS and OPHELLO S.

CANLAS are consumers residing in the County of King and are the owners of that certain

Subject Property.

3

COMPLAINT

## V.  **FACTUAL ALLEGATIONS**

On August 16, 2007, Plaintiffs entered into a consumer loan transaction in favor of LoanCity.com. LoanCity.com is the "creditor" and originator as defined by the FDCPA, *15 U.S.C. § 1692a(4)*. The transaction as defined by the FDCPA, *15 U.S.C. §1692a(5)* is a "debt" and hereinafter referred to as a "debt", "debt obligation", or "consumer credit transaction". Attached as **Exhibit "A"** and incorporated herein by reference is a true and correct copy of the Interest Only Adjustable Rate Note, referred to as Note.

In or around the Winter of 2010, Plaintiffs started experiencing a financial hardship and was unable to make the scheduled payments and the debt fell into default. Plaintiffs subsequently filed for Chapter 7 bankruptcy protection. The bankruptcy was discharged on November 24, 2009. While Plaintiffs were in bankruptcy, the debt obligation was purportedly assigned from Defendant CHASE to Defendant MUFG.

On January 30, 2013, an Assignment of Deed of Trust, hereinafter referred to as ADOT, was executed that granted, conveyed, assigned and transferred and all beneficial interest under the Deed of Trust, but not the Note, to Defendant CHASE. Plaintiffs allege that when this ADOT was executed, the debt obligation was contractually due for the October 1, 2009 payment. Pursuant to the *15 U.S.C. §1692a(6)*, Defendant CHASE was a "debt collector" and not a creditor. Attached as **Exhibit "B"** and incorporated herein by reference is a true and correct copy of the ADOT. Plaintiffs disputes the contents and truthfulness of the ADOT. Attached as **Exhibit "C"** and incorporated herein by reference is a copy of the Detailed Transaction History (page 8 of 17) provided to Plaintiffs by Defendant CHASE evidencing that on January 30, 2013, the debt obligation was due for the October 1, 2009 payment.

On December 18, 2015, another ADOT was executed that granted, conveyed, assigned and

4

COMPLAINT

transferred to Defendant MUFG all beneficial interest under the Deed of Trust, but not the Note. Plaintiffs allege that when this ADOT was executed, the debt obligation was contractually due for the October 1, 2009 payment. Pursuant to *15 U.S.C. §1692a(6)*, Defendant MUFG is a "debt collector" and not a creditor. Plaintiffs disputes the contents and truthfulness of the ADOT. Attached as **Exhibit "D"** and incorporated herein by reference is a true and correct copy of the ADOT. Plaintiffs disputes the contents and truthfulness of the ADOT. Attached as **Exhibit "E"** and incorporated herein by reference is a copy of the Detailed Transaction History (page 2 of 17) provided to Plaintiffs by Defendant CHASE evidencing that on or about December 18, 2015, the debt obligation was due for the October 1, 2009 payment.

On March 23, 2017, Defendant CHASE sent a letter to Plaintiffs in response to Plaintiffs' Qualified Written Request, herein QWR, informing them that the current owner of their mortgage loan was Defendant MUFG. Plaintiffs allege that Defendant CHASE violated the FDCPA by misrepresenting their true creditor. Attached as **Exhibit "F"** and incorporated herein by reference is a true and correct copy of the March 23, 2017 letter.

On or about March 28, 2018, Defendants caused their unauthorized agent, Quality Loan Service Corp, hereinafter referred to as QLS, as foreclosing trustee, to execute and send Plaintiffs a Notice of Default, hereinafter referred to as NOD, due to Plaintiffs' failure to make a payment on the debt obligation. Plaintiffs allege the NOD are Defendants attempt to inform Plaintiffs that if payment is not made on the debt obligation, they will begin a nonjudicial action to dispossess Plaintiffs from their residence. Plaintiffs allege the NOD falsely represents that Defendants have the legal right and authority to proceed with a nonjudicial action. Attached as **Exhibit "G"** and incorporated herein by reference is a true and correct copy of the NOD.

On or about May 20, 2018, Defendants, and their unauthorized agent QLS, sent Plaintiffs a

COMPLAINT

## FIRST CAUSE OF ACTION – VIOLATIONS OF THE CONSUMER PROTECTION ACT

[Against All Defendants and Doe Defendants]

1.  Plaintiffs hereby incorporates by reference each and every one of the preceding paragraphs as if the same were fully set forth herein.

2.  Defendants are violating the Consumer Protection Act, *RCW 19.86, et seq.* through a course of conduct in executing, recording and relying upon documents that it knew or should have known to be false and or misleading and that have the capacity to deceive a substantial portion of the public.

3.  In promulgating false and improperly executed documents, Defendants are engaging in deceptive acts. Defendants are subject to the laws of the State of Washington in connection with their activities within Washington.

4.  Defendants are committing unlawful, unfair, or fraudulent acts or practices engaging in the business of debt collection. The acts and practices are likely to deceive the general public as to their legal rights and obligations with respect to the collection of debts.

5.  As more particularly described above, the following acts or practices, separately, together, or in combination, constitute "unfair or deceptive acts or practices," which may be prohibited and enjoined, pursuant to *RCW 19.86.020*:

    a. The violations of law alleged in the First and Second Claims;

    b. Defrauding others of money and/or real property by knowingly and designingly making false representations or pretenses

    c. Acting as beneficiaries and trustees without the legal authority to do so;

    d. Executing, manufacturing, creating and recording false, fraudulent, forged and misleading deeds, assignments, notice of sale/default documents; and;

    e. Ignoring Borrowers' Qualified Written Request and Borrowers' demand to produce the original Promissory Note or comply with Borrowers' request for an accounting of all proceeds/payments involved with Borrowers' loan;

    f. Treating borrower as in default on their loans even though the borrowers are under no obligation to make payments to Defendants, or have otherwise

7

COMPLAINT

complied with mortgage requirements or Washington law;

g. Improperly characterizing customers' accounts as being in default or delinquent status to generate unwarranted fees;

h. Seeking to collect and collecting various improper fees, costs and charges that are either not legally due under the mortgage contract or Washington law, or that are in excess of amounts legally due;

i. Failing to provide adequate statement information to customers regarding the status of their accounts, payments owed, and/or basis for fees assessed;

j. Instituting improper or premature foreclosure proceedings to generate unwarranted fees.

6. Defendants have failed to act in good faith as they took and charged fees for services but have not render them competently in compliance with applicable law.

7. Defendants are engaging in a uniform pattern and practice of unfair and over-aggressive servicing that resulted in the assessment of unwarranted and unfair fees against Washington consumers, and premature default resulting in unfair and illegal foreclosure proceedings. The scheme implemented by Defendants was designed to defraud not just Plaintiffs but all Washington consumers and enrich Defendants.

8. Defendants are engaging in these activities as part of a normal course of business and commerce. Such activities are likely to be repeated affecting the people of the State of Washington.

9. The public interest is negatively impacted by the pattern of conduct engaged in by Defendants as evidenced by the repeated acts and obvious potential for repetition.

10. The foregoing acts and practices have caused substantial harm to not only Plaintiffs but to all its Washington consumers and to all Washington taxpayers.

11. Defendants sued herein have engaged and are still engaging in unfair competition by, among other things, doing those things described above. This conduct is unlawful, unfair, or deceptive, and thus constitutes unfair competition.

COMPLAINT

## SECOND CAUSE OF ACTION – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692, ET SEQ.
[Against Defendant MUFG and Doe Defendants]

12.  Plaintiffs hereby incorporates by reference each and every one of the preceding paragraphs as if the same were fully set forth herein.

13. Defendant MUFG herein qualifies as a "debt collector" under FDCPA, *15 U.S.C. § 1692a(6)*.  MUFG is a "debt collector" because they purportedly acquired an interest in Plaintiff's debt obligation on December 18, 2015 when the debt obligation was contractually due for the October 1, 2009 payment.

14.  Plaintiffs herein qualifies as a "consumer" under *15 U.S.C. §1692a(3)*.

15.  Defendant MUFG through Defendant CHASE are attempting to collect mortgage payments and are engaging in other unlawful collection practices without the legal right or authority to do so.

16.  Plaintiffs allege that Defendants are falsely representing the status of the debt obligation and are misleading Plaintiffs to believe they have the ability to enforce the debt obligation, in which they have no pecuniary equitable, or legal interest.

17.  Defendants are violating *Section 1692d* by engaging in abusive and oppressive conduct within **one year** of the filing of the Complaint through (i) refusal to correct accounting errors or adequately responding to Plaintiffs' repeated disputes over several months; (ii) assessment of illegal fees; and improperly attempting to collect amounts that are not due to them. *15 U.S.C. §1692f(1)*.

18.  Defendants actions are violating *Sections 1692e* and *1692f* by unfairly, falsely unconscionable and deceptively (i) misrepresenting the status of the debt; (ii) attempting to collect illegal fees and costs not authorized by law or the contract; (iii) misrepresenting the

9

COMPLAINT

amounts owed for escrow; (iv) declaring the loan in default status; (v) threatening to proceed

with a foreclosure sale if payment is not made; (vi) assessing illegal foreclosure fees; (vii)

assessing escrow overdraft charges and improper corporate advances, fees, and costs in their

dunning letters, acceleration notices, reinstatement letters, and payoff letters; and (viii); reporting

false information and by reporting the loan delinquent to credit bureaus.

19. Defendants are violating *Sections 1692e(2)* by misrepresenting the character, amount,

or legal status of the debt obligation by (i) attempting to collect illegal fees and costs no

authorized by law or the contract; (ii) misrepresenting the amounts owed for escrow; (iii)

declaring the loan in default status; (iv) threatening to proceed with a foreclosure if payment is

not made; (v) assessing illegal foreclosure fees; and (vi) assessing escrow overdraft charges and

improper corporate advances, fees, and costs in their dunning letters, acceleration notices,

reinstatement letters, and payoff letters.

20. Defendants are violating *Sections 1692e(5)* by threatening to take a legal action that

cannot legally be taken by not ceasing their foreclosure actions and subsequently (i) making

representations of the legal status of the debt; (ii) attempting to collect illegal fees and costs not

authorized by law or the contract; (iii) making representations of the amounts owed for escrow;

(iv) declaring the loan in default status; (v) threatening to proceed with a foreclosure sale if

payment is not made; (vi) assessing illegal foreclosure fees; and (vii) assessing escrow overdraft

charges and improper corporate advances, fees, and cost in their dunning letters, acceleration

notices, reinstatement letters, and payoff letters.

21. Defendants are violating *Section 1692e(10)* by employing deceptive means by (i)

misrepresenting of the status of the debt; (ii) attempting to collect illegal fees and costs not

authorized by law or the contract; (iii) misrepresenting the amounts owed for escrow; (iv)

COMPLAINT

declaring the loan in default status; (v) threatening to proceed with a foreclosure sale if payment

is not made; (vi) assessing illegal foreclosure fees; and (vii) assessing escrow overdraft charges

and improper corporate advances, fees, and costs in their dunning letters, acceleration notices,

reinstatement letters, and payoff letters.

22. Defendants are violating *Section 1692e(13)* by falsely representing or implicating that

the foreclosure documents are legal process by (i) misrepresenting of the status of the debt; (ii)

attempting to collect illegal fees and costs not authorized by law or the contract; (iii)

misrepresenting the amounts owed for escrow; (iv) declaring the loan in default status; (v)

threatening to proceed with a foreclosure sale if payment is not made; (vi) assessing illegal

foreclosure fees; and (vii) assessing escrow overdraft charges and improper corporate advances,

fees, and costs in their dunning letters, acceleration notices, reinstatement letters, and payoff

letters.

23. Defendants are violating *Section 1692f(1)* by attempting to collect amounts (including

any interest, fee, charge, or expense incidental to the principal obligation) that were not expressly

authorized by the agreement creating the debt (Note and Deed of Trust) or permitted by law by

(i) misrepresenting the status of the debt; (ii) attempting to collect illegal fees and costs not

authorized by law or the contract; (iii) misrepresenting the amounts owed for escrow; (iv)

declaring the loan in default status; (v) threatening to proceed with a foreclosure sale if payment

is not made; (vi) assessing illegal foreclosure fees; (vii) assessing escrow overdraft charges and

improper corporate advances, fees, and costs in their dunning letters, acceleration

notices, reinstatement letters, and payoff letters; and (viii) reporting false information and by

reporting the loan delinquent to credit bureaus.

24. The conduct described above by Defendants is malicious because Defendants knows

that they were not acting on behalf of the current pecuniary beneficiary of the debt obligation. However, despite such knowledge, Defendants continue to demand collection of mortgage payments and attempts to proceed with a nonjudicial foreclosure due to nonpayment on the debt obligation.

25.  Defendants continuously attempts to collect an unverified alleged debt without providing verified evidence they have a legal right to do so which is a violation of *15 U.S.C. § 1692g(b)*.  At all times relevant in this action, Defendant acquired whatever data they have in their possession from a third party.

26.  Defendants are falsely representing the character of the alleged debt and are misrepresenting that they are a "creditor" and not a "debt collector.  The NOD and NOTS were created and publicly recorded in violation of *15 U.S.C. § 1692j(a)(b)* and was compiled and designed in order to collect payment from an illegal sale of Plaintiffs' personal private Property.

27.  As a result of each and every violation of the FDCPA, Plaintiffs are entitled to any actual damages, including emotional distress, pursuant to *Section 1692k(a)(1)*; statutory damages in an amount up to $1,000.00 pursuant to *Section 1692k(a)(2)(A)*; reasonable attorneys' fees, and costs pursuant to the FDCPA; and declaratory relief, from each and every Defendant herein.

**THIRD CAUSE OF ACTION – VIOLATION OF 15 U.S.C. §1692f(6)**
[Against All Defendants and Doe Defendants]

28.  Plaintiffs hereby incorporates by reference each and every one of the preceding paragraphs as if the same were fully set forth herein.

29.  Defendants are threatening to take a nonjudicial action to enforce the security interest in Plaintiffs' Deed of Trust because Plaintiffs have failed to make a payment on the debt obligation.  Plaintiffs allege Defendants conduct is in violation of *15 U.S.C. §1692f(6)*.

12

COMPLAINT

30.  As alleged herein, Plaintiffs' debt obligation was not legally transferred, conveyed, or assigned to Defendant MUFG before the debt collection fell into default.  Any interest claimed by Defendant MUFG was acquired after the debt was already in default.  Pursuant to *15 U.S.C. §1692a(6)*, Defendant MUFG is a debt collector and not a creditor.

31.  Defendants are violating *15 U.S.C. §1692f(6)* by perpetrating as "creditors" and threatening to proceed with a non-judicial foreclosure action on Plaintiffs' Property when they have no present right to possession of the Property claimed as collateral through an enforceable security interest and there is no present intention to take possession of the property.  *15 U.S.C. §1692f(6)* regulates more than just the collection of a money debt, it prohibits a nonjudicial action to dispossess Plaintiffs from their home without a legal ability to do so.

32.  In addition to their liability for actual damages caused to Plaintiffs, Defendants are also liable for statutory damages pursuant to *15 U.S.C. §1692k*, in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
[Against All Defendants and Doe Defendants]

33.  Plaintiffs hereby incorporates by reference each and every one of the preceding paragraphs as if the same were fully set forth herein.

34.  "A cause of action for intentional infliction of emotional distress exists when there is (1) extreme and outrageous conduct by defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by defendant's outrageous conduct.'" A defendant's conduct is 'outrageous' when it is so 'extreme as to exceed all bounds that of that usually tolerated in a civilized community' and defendant's

COMPLAINT

conduct must be 'intended to inflict injury or engaged in with the realization that injury will result.'"

35.  It is extreme and outrageous for Defendants to be attempting to collect a debt and attempting to enforce the power of sale contained in Plaintiffs' Deed of Trust without the legal right or ability to do so.

36.  No civilized community would tolerate such extremely outrageous behavior.  By engaging in such conduct, Defendants have intended shame to Plaintiffs and force them into paying the debt.

37.  As a result of Defendants' abusive conduct towards Plaintiffs, Plaintiffs have suffered severe emotional distress in that they are suffering from depression, loss of sleep, anxiety, fear, embarrassment, humiliation, and fear.

38.  Plaintiffs are further informed and believes that the aforesaid conduct is malicious and oppressive, entitling Plaintiffs to punitive damages.

## FIFTH CAUSE OF ACTION – DECLARATORY RELIEF
### [Against All Defendants and Doe Defendants]

39.  Plaintiffs hereby incorporates by reference each and every one of the preceding paragraphs as if the same were fully set forth herein.

40.  *RCW 61.24.005* defines "beneficiary" as the "holder of the instrument" that is secured by any deed of trust under *RCW 61.24*.  Defendant MUFG is not a "beneficiary" of Plaintiffs' debt obligation.  They are a "debt collector" as defined by *15 U.S.C. §1692a(6)*.

41.  The Note and Deed of Trust at issue in the case identified LoanCity.com as beneficiary and not Defendants.

42.  Only those beneficiaries meeting the definition of *RCW 61.24.005* may engage in a

nonjudicial action in the State of Washington.

43.  Any Deed of Trust naming a party other than the "holder of the instrument" as beneficiary is void under Washington law.

44.  The two ADOTs in the case herein were created and executed after the debt obligation was in default.  A controversy exists between Plaintiffs and Defendants whether any attempt to nonjudicially foreclose on the Property is unlawful under Washington law.

45.  Plaintiffs will suffer immediate damage and harm if the nonjudicial process described herein is not declared unlawful and permanently enjoined.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs pray to the Court for relief as follows:

1.  On the First, Second and Third Claims for violating the FDCPA and the Consumer Protection Act, pursuant to *RCW 19.86*, et seq., an award of actual and statutory, costs and reasonable attorney's fees, if applicable;

2.  That Defendants' action in continuing and seeking to enforce a nonjudicial action under the deed of trust due to nonpayment on a debt obligation be declared unlawful and void under the relevant provisions of *RCW 61.24*;

3.  Enter judgment permanently enjoining Defendants from conducting any trustee's sale under the deed of trust;

4.  That Plaintiffs be awarded consequential damages, including attorney fees, if any, incurred in defending against Defendants described more particularly above, in an amount to be proved at trial.

5.  That Plaintiffs be awarded any statutory damages available;

6.  That the actions Defendants be determined to be unfair and deceptive business

practices in violation of *RCW 19.86, et seq.* and this Court award all such relief to Plaintiffs as

they may be entitled, including treble damages and an award for costs and attorney's fees, if any;

7. That Plaintiffs have such other and further relief as may be just and equitable.

Respectfully submitted by:

Dated: June 20, 2018

_____
Ida V. Canlas
Plaintiff

_____
Ophello S. Canlas
Plaintiff

COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "A"

# NOTE

May 17, 2004          LYNNWOOD          Washington
*[Date]*                  *[City]*               *[State]*

902 NORTH 100TH STREET, SEATTLE, WA 98133
*[Property Address]*

**1.    BORROWER'S PROMISE TO PAY**

In return for a loan that I have received. I promise to pay U.S. $ 712,000.00        (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is     LoanCity.com, a California Corporation                                . I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

**2.    INTEREST**

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of     5.750      %.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

**3.    PAYMENTS**

**(A) Time and Place of Payments**

I will pay Principal and interest by making a payment every month.

I will make my monthly payment on the     1st     day of each month beginning on     July,     2004
I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on     June  1, 2034    , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at     LoanCity.com, 5671 Santa Teresa Boulevard, Suite 100, San Jose, CA 95123                                  or at a different place if required by the Note Holder.

**(B) Amount of Monthly Payments**

My monthly payment will be in the amount of U.S. $     1,820.75

**4.    BORROWER'S RIGHT TO PREPAY**

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment. there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

Loan No: W01759069                                      MIN: 10005837000016994 8

Multistate Fixed Rate Note—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT          Form 3200 01/01
—THE COMPLIANCE SOURCE, INC.—          Page 1 of 3          12601MU 02/00
www.compliancesource.com                                    ©2000, The Compliance Source, Inc.



**5.   LOAN CHARGES**

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

**6.   BORROWER'S FAILURE TO PAY AS REQUIRED**

**(A) Late Charge for Overdue Payments**

If the Note Holder has not received the full amount of any monthly payment by the end of         15      calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be   5.000      % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

**(B) Default**

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

**(C) Notice of Default**

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

**(D) No Waiver By Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(E) Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

**7.   GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

**8.   OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**9.   WAIVERS**

I and any other person who has obligations under this Note waive the rights of presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**10.   UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same

Loan No: W01759069



*312,200²⁰*

date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)
IDA V. CANLAS                    -Borrower

_____ (Seal)
OPHELLO S. CANLAS                -Borrower

SSN: 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                 SSN: 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

_____ (Seal)
                                 -Borrower

_____ (Seal)
                                 -Borrower

*[Sign Original Only]*

Loan No: W01759069

Multistate Fixed Rate Note—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
—THE COMPLIANCE SOURCE, INC.—                          Page 3 of 3
www.compliancesource.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "B"

After Recording Return to:
Northwest Trustee Services, Inc.
Attention: Heather L. Smith
P.O. Box 997
Bellevue, WA 98009-0997

7763.10552/Canlas, Ida V. and Ophello S.                    MIN# 1000583100001169948
                                                            Mers phone # 888-679-6377

## Assignment of Deed of Trust

For Value Received, the undersigned as Beneficiary, hereby grants, conveys, assigns and transfers to JPMorgan Chase Bank, National Association, whose address is 800 Brooksedge Blvd, Westerville, OH 43081, all beneficial interest under that certain deed of trust, dated 05/17/04, executed by Ida V. Canlas and Ophello S. Canlas, wife and husband, Grantors, to Fidelity National Title Company of Washington, Trustee, and recorded on 05/24/04, under Auditor's File No. 20040524000480, Records of King County, Washington described as follows:

Exhibit A Attached

Dated_____January 30_____, 20_13_

                                            Mortgage Electronic Registration Systems Inc as nominee for
                                            LoanCity.com, a California Corporation its successors and assigns

                                            By: _Rebecca Dietrich_
                                            Title: ___Assistant Secretary___

                                                        Rebecca Dietrich

STATE OF _____**Ohio**_____ )
                              ) ss.
COUNTY OF_____**Franklin**____ )

I certify that I know or have satisfactory evidence that ___Rebecca Dietrich___ is the person who appeared before me, and said person acknowledged that (he/she) signed this instrument, on oath stated that (he/she) was authorized to execute the instrument and acknowledged it as the _Assistant Secretary_ of Mortgage Electronic Registration Systems Inc as nominee for LoanCity.com, a California Corporation its successors and assigns to be the free and voluntary act of such party for the uses and purposes mentioned in the instrument.

Dated: _1-30 13_

                                            _____Andrew Hennick
                                            NOTARY PUBLIC in and for the State of
                                                                                **Ohio**
                                            Residing at _Franklin Co_
                                            My commission expires _10-31-17_

ANDREW HENNICK
Notary Public
State of Ohio
My Commission Expires 10-31-17

Exhibit A

Lot "A", City of Seattle Short Plat No 9502851

Lot "A", City of Seattle Short Plat No 9502851, as recorded under Recording No 9509201144, said Short Plat described as follows   Lots 28 and 29, Block 20, North Park, an Addition to the City of Seattle, according to the plat thereof recorded in Volume 18 of Plats, Page 76, records of King County, Washington.  Situate in the County of King, State of Washington
Parcel ID:614560276501

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "C"

Date:    4/7/2017
Pg8 of 17

Chase Detailed Transaction History

**Loan # 1022250580**
IDA V CANLAS
OPHELLO S CANLAS

| | |
|---|---|
| Interest Rate: | 5.75% |
| Payment Due Date: | 10/1/2009 |
| Monthly Payment Amt: | $1,820.75 |
| Current Escrow Balance: | $-32,853.05 |
| Current Principal Balance: | $287,881.16 |

**Property Address:**
10006 LINDEN AVENUE NORTH
SEATTLE, WA 98133-0000

**Mailing Address:**
C/O FREEL SPARKS LAW FIRM PLLC
12345 LAKE CITY WAY NE #202
SEATTLE, WA 981250000

Activity for Period    1/1/2009    –    4/3/2017

| Reference # | Tran Date / Principal Amt | Effective Date / Interest Amt | Due Date / Escrow Amt | Total Tran Amt / Fees/Other Amt | Transaction Description / Suspense Amt |
|---|---|---|---|---|---|
| 79 | 3/26/2013 / $0.00 | 3/26/2013 / $0.00 | / $0.00 | $14.00 / $14.00 | / $0.00 |
| 78 | 3/26/2013 / $0.00 | 3/26/2013 / $0.00 | 4/1/2013 / $-1,765.41 | $-1,765.41 / $0.00 | COUNTY TAX / $0.00 |
| 77 | 1/8/2013 / $0.00 | 1/8/2013 / $0.00 | / $0.00 | $14.00 / $14.00 | / $0.00 |
| 76 | 11/21/2012 / $0.00 | 11/21/2012 / $0.00 | / $0.00 | $14.00 / $14.00 | / $0.00 |
| 75 | 10/16/2012 / $0.00 | 10/16/2012 / $0.00 | / $0.00 | $14.00 / $14.00 | / $0.00 |
| 74 | 10/2/2012 / $0.00 | 10/2/2012 / $0.00 | 10/1/2009 / $1,856.01 | $1,856.01 / $0.00 | ESCROW ADVANCE / $0.00 |
| 73 | 10/2/2012 / $0.00 | 10/2/2012 / $0.00 | 10/1/2012 / $-1,856.01 | $-1,856.01 / $0.00 | COUNTY TAX / $0.00 |
| 72 | 9/21/2012 / $0.00 | 9/21/2012 / $0.00 | / $0.00 | $14.00 / $14.00 | / $0.00 |

Chase Detailed Transaction History

Date: 4/7/2017
Pg7 of 17

**Loan # 1022250580**
IDA V CANLAS
OPHELLO S CANLAS

Interest Rate: 5.75%
Payment Due Date: 10/1/2009
Monthly Payment Amt: $1,820.75
Current Escrow Balance: $-32,853.05
Current Principal Balance: $287,881.16

**Property Address:**
10006 LINDEN AVENUE NORTH
SEATTLE, WA 98133-0000

**Mailing Address:**
C/O FREEL SPARKS LAW FIRM PLLC
12345 LAKE CITY WAY NE #202
SEATTLE, WA 981250000

Activity for Period   1/1/2009   –   4/3/2017

| Reference # | Tran Date Principal Amt | Effective Date Interest Amt | Due Date Escrow Amt | Total Tran Amt Fees/Other Amt | Transaction Description Suspense Amt |
|---|---|---|---|---|---|
| 87 | 7/25/2013 | 7/25/2013 | | $14.00 | |
| | $0.00 | $0.00 | $0.00 | $14.00 | $0.00 |
| 86 | 6/25/2013 | 6/25/2013 | | $14.00 | |
| | $0.00 | $0.00 | $0.00 | $14.00 | $0.00 |
| 85 | 5/29/2013 | 5/29/2013 | | $14.00 | |
| | $0.00 | $0.00 | $0.00 | $14.00 | $0.00 |
| 84 | 5/1/2013 | 5/1/2013 | 10/1/2009 | $955.00 | ESCROW ADVANCE |
| | $0.00 | $0.00 | $955.00 | $0.00 | $0.00 |
| 83 | 5/1/2013 | 5/1/2013 | 5/1/2013 | $-955.00 | HOMEOWNERS INSURANCE |
| | $0.00 | $0.00 | $-955.00 | $0.00 | $0.00 |
| 82 | 4/24/2013 | 4/24/2013 | | $14.00 | |
| | $0.00 | $0.00 | $0.00 | $14.00 | $0.00 |
| 81 | 4/4/2013 | 4/4/2013 | | $14.00 | |
| | $0.00 | $0.00 | $0.00 | $14.00 | $0.00 |
| 80 | 3/26/2013 | 3/26/2013 | 10/1/2009 | $1,765.41 | ESCROW ADVANCE |
| | $0.00 | $0.00 | $1,765.41 | $0.00 | $0.00 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "D"

20160107000995.001

**Electronically Recorded**
**20160107000995**
SIMPLIFILE                    ADT            17.00
Page 001 of  003
01/07/2016 03:37
King County, WA

After Recording Mail to:
Northwest Trustee Services, Inc.
Heather L. Smith
P.O. Box 997
Bellevue, WA 98009-0997

*110344129*

**Document Title(s): (or transactions contained therein)**

Assignment Deed of Trust

**Reference Number(s) of Documents assigned or released:**

20040524000480 _____Additional numbers on page_____ of document

**Grantor(s): (Last name first, then first and initials)**
1. Canlas, Ida V
2. Canlas, Ophello S.
3. Mortgage Electronic Registration Systems, Inc. solely as nominee for LoanCity.com, a California corporation its
successors and assigns
4. MUFG Union Bank, National Association
5._____Additional names on page_____ of document

**Grantee(s): (Last name first, then first and initials)**
1. Northwest Trustee Services, Inc.
2.
3.
4.
5.  Additional name on page_____of document

**Abbreviated Legal Description as follows: (i.e. lot/block/plat or section/township/range/quarter/quarter)**

Lot "A", City of Seattle Short Plat No 9502851

_____Complete legal description is on page_____of document

**Assessor's Property Tax Parcel/Account Number(s):**

614560276501

I am requesting an emergency nonstandard recording for an additional fee as provided in RCW 36.18.010. I
understand that the recording processing requirements may cover up or otherwise obscure some part of the
text of the original document.

_____
**Signature of Requesting Party**

20160107000995.002

After Recording Return to:
Northwest Trustee Services, Inc.
Attention: Heather L. Smith
P.O. Box 997
Bellevue, WA 98009-0997

7763.10552/Canlas, Ida V. and Ophello S.

## Assignment of Deed of Trust

For Value Received, the undersigned as Beneficiary, hereby grants, conveys, assigns and transfers to MUFG Union Bank, National Association, whose address is 800 Brooksedge Blvd Westerville, OH 43081, all beneficial interest under that certain deed of trust, dated 05/17/04, executed by Ida V. Canlas and Ophello S. Canlas, wife and husband, Grantors, to Fidelity National Title Company of Washington, Trustee, and recorded on 05/24/04, under Auditor's File No. 20040524000480, Records of King County, Washington described as follows:

Exhibit A Attached

Dated __DECEMBER 18th, 2015__

                                        JPMorgan Chase Bank, National Association

                                        By: _____  __Mariam Davis__
                                        Title: __Vice President__

STATE OF _____**Ohio**_____ )
                                        ) ss.
COUNTY OF_____**Franklin**_____ )

I certify that I know or have satisfactory evidence that _____Mariam Davis_____ is the person who appeared before me, and said person acknowledged that (he/she) signed this instrument, on oath stated that (he/she) was authorized to execute the instrument and acknowledged it as the _____**Vice President**_____ of JPMorgan Chase Bank, National Association to be the free and voluntary act of such party for the uses and purposes mentioned in the instrument.

Dated: __12/18/2015__

                                        _____
                                        NOTARY PUBLIC in and for the State of   **Ohio**
                                        ____Caitin Marquardt____
                                        Residing at _____**Franklin**_____
                                        My commission expires ___08/10/2019___



CAITIN MARQUARDT
Notary Public, State of Ohio
My Commission Expires 08-10-2019

20160107000995.003

Exhibit A

Lot "A", City of Seattle Short Plat No 9502851
Lot "A", City of Seattle Short Plat No 9502851, as recorded under Recording No 9509201144, said Short Plat
described as follows   Lots 28 and 29, Block 20, North Park, an Addition to the City of Seattle, according to the plat
thereof recorded in Volume 18 of Plats, Page 76, records of King County, Washington.  Situate in the County of
King, State of Washington
Parcel ID:614560276501

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "E"

Chase Detailed Transaction History

**Loan # 1022250580**
IDA V CANLAS
OPHELLO S CANLAS

| | |
|---|---|
| Interest Rate: | 5.75% |
| Payment Due Date: | 10/1/2009 |
| Monthly Payment Amt: | $1,820.75 |
| Current Escrow Balance: | $-32,853.05 |
| Current Principal Balance: | $287,881.16 |

**Property Address:**
10006 LINDEN AVENUE NORTH
SEATTLE, WA 98133-0000

**Mailing Address:**
C/O FREEL SPARKS LAW FIRM PLLC
12345 LAKE CITY WAY NE #202
SEATTLE, WA 981250000

Activity for Period   1/1/2009   –   4/3/2017

| Reference # | Tran Date Principal Amt | Effective Date Interest Amt | Due Date Escrow Amt | Total Tran Amt Fees/Other Amt | Transaction Description Suspense Amt |
|---|---|---|---|---|---|
| 127 | 5/2/2016 | 5/2/2016 | 10/1/2009 | $992.00 | ESCROW ADVANCE |
| | $0.00 | $0.00 | $992.00 | $0.00 | $0.00 |
| 126 | 5/2/2016 | 5/2/2016 | 5/1/2016 | $-992.00 | HOMEOWNERS INSURANCE |
| | $0.00 | $0.00 | $-992.00 | $0.00 | $0.00 |
| 125 | 4/6/2016 | 4/6/2016 | 10/1/2009 | $2,245.96 | ESCROW ADVANCE |
| | $0.00 | $0.00 | $2,245.96 | $0.00 | $0.00 |
| 124 | 4/6/2016 | 4/6/2016 | 4/1/2016 | $-2,245.96 | COUNTY TAX |
| | $0.00 | $0.00 | $-2,245.96 | $0.00 | $0.00 |
| 123 | 10/6/2015 | 10/6/2015 | 10/1/2009 | $1,939.20 | ESCROW ADVANCE |
| | $0.00 | $0.00 | $1,939.20 | $0.00 | $0.00 |
| 122 | 10/6/2015 | 10/6/2015 | 10/1/2009 | $-1,939.20 | COUNTY TAX |
| | $0.00 | $0.00 | $-1,939.20 | $0.00 | $0.00 |
| 121 | 5/1/2015 | 5/1/2015 | 10/1/2009 | $992.00 | ESCROW ADVANCE |
| | $0.00 | $0.00 | $992.00 | $0.00 | $0.00 |
| 120 | 5/1/2015 | 5/1/2015 | 5/1/2015 | $-992.00 | HOMEOWNERS INSURANCE |
| | $0.00 | $0.00 | $-992.00 | $0.00 | $0.00 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "F"

**Chase**
P.O. Box 183166
Columbus, OH 43218-3166



**CHASE** ◯

March 23, 2017

Ida V. Canlas and Ophello S. Canlas
12345 Lake City Way NE #202
Seattle, WA 98125-0000

**Here's the contact information you requested**

Account:              1022250580
Property Address:  10006 Linden Avenue North
                         Seattle, WA 98133-0000

Dear Ida V. Canlas and Ophello S. Canlas:

We're responding to your request for information about the owner of the mortgage loan above. We answer questions and service this mortgage on behalf of an investor, so we're providing the contact information you requested.

The information for the current owner of the mortgage loan is:

      MUFG Union Bank, N.A.
      9885 Towne Centre Drive
      San Diego, CA 92121
      1-858-795-0595

The ownership may change from time to time during the term of the of the mortgage loan.

If you have questions, please call us at one of the numbers below.

Sincerely,

Dean Cooper
Managing Director
Chase
1-800-848-9136
1-800-582-0542 TTY
www.chase.com

Esta comunicación contiene información importante acerca de la cuenta. Si tiene alguna pregunta o necesita ayuda para traducirla, comuníquese con nosotros llamando al 1-800-848-9136.

 **Important Legal Information** 

**We are a debt collector**
This communication is an attempt to collect a debt and any information obtained will be used for that purpose. However, to the extent your original obligation was discharged or is subject to an automatic stay of bankruptcy under Title 11 of the United States Code, this notice is for compliance with non-bankruptcy law and/or informational purposes only and does not constitute an attempt to collect a debt or to impose personal liability for such obligation. Nothing in this letter (including our use of the words "your," "loan," "mortgage," or "account") means that you're required to repay a debt that's been discharged. Any payment you make on the account is voluntary, but we may still have rights under the security instrument, including the right to foreclose on the property.

If you are represented by an attorney, please refer this letter to your attorney and provide us with the attorney's name, address, and telephone number.

CR50253
CC815

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "G"

# NOTICE OF DEFAULT

Pursuant to the Revised Code of Washington 61.24. et seq.

To.    IDA V. CANLAS AND OPHELLO S. CANLAS, WIFE AND HUSBAND
T.S No.:   WA-17-775269-BB

### THIS NOTICE IS ONE STEP IN A PROCESS THAT COULD RESULT IN YOUR LOSING YOUR HOME.

You may be eligible for mediation in front of a neutral third party to help save your home.

**CONTACT A HOUSING COUNSELOR OR AN ATTORNEY LICENSED IN WASHINGTON NOW** to assess your situation and refer you to mediation if you might benefit. Mediation MUST be requested between the time you receive the Notice of Default and no later than twenty days after the Notice of Trustee Sale is recorded.

**DO NOT DELAY.** If you do nothing, a notice of sale may be issued as soon as 30 days from the date of this notice of default. The notice of sale will provide a minimum of 120 days' notice of the date of the actual foreclosure sale.

**BE CAREFUL** of people who claim they can help you. There are many individuals and businesses that prey upon borrowers in distress. **REFER TO THE CONTACTS BELOW** for sources of assistance.

### SEEKING ASSISTANCE

Housing counselors and legal assistance may be available at little or no cost to you. If you would like assistance in determining your rights and opportunities to keep your house, you may contact the following:

The statewide foreclosure hotline for assistance and referral to housing counselors recommended by the Housing Finance Commission: Toll-free: 1-877-894-HOME (1-877-894-4663) or Website: http://www.dfi.wa.gov/consumers/homeownership/post_purchase_counselors_foreclosure.htm.

The United States Department of Housing and Urban Development: Toll-free: 1-800-569-4287 or National WebSite: http://portal.hud.gov/hudportal/HUD or for Local counseling agencies in Washington: http://www.hud.gov/offices/hsg/sfh/hcc/fc/index.cfm?webListAction=search&searchstate=WA&filterSvc=dfc.

The statewide civil legal aid hotline for assistance and referrals to other housing counselors and attorneys: Telephone: 1-800-606-4819 or Website: http://nwjustice.org/what-clear.

The current owner of the Note secured by the Deed of Trust is:
MUFG Union Bank, National Association
800 Brooksedge Blvd
Westerville. OH 43081

# FORECLOSURE LOSS MITIGATION FORM

## (Chapter 61.24 RCW)

**Borrowers:**   IDA V CANLAS
OPHELLO S CANLAS

**Beneficiary:**

**Loan Servicer:** JP Morgan Chase Bank N.A.

**Property Address:**   10006 LINDEN AVENUE NORTH
SEATTLE WA 98133

**Loan #:**   ▨▨▨▨▨

The undersigned beneficiary or authorized agent for the beneficiary hereby represents and declares under the penalty of perjury that:

☐   The beneficiary or beneficiary's authorized agent has contacted the borrower under, and has complied with RCW 61.24.031 (contact provision to "assess the borrower's financial ability to pay the debt secured by the deed of trust and explore options for the borrower to avoid foreclosure") and the borrower responded but did not request a meeting.

☐   The beneficiary or beneficiary's authorized agent has contacted the borrower as required under RCW 61.24.031 and the borrower or the borrower's designated representative requested a meeting.  A meeting was held on _____ at _____
_____ in compliance with RCW 61.24.031.

☐   The beneficiary or beneficiary's authorized agent has contacted the borrower as required in RCW 61.24.031 and the borrower or the borrower's designated representative requested a meeting. A meeting was scheduled for _____ at _____
_____ and neither the borrower nor the borrower's designated representative appeared.

☑   The beneficiary or beneficiary's authorized agent has exercised due diligence to contact the borrower as required in RCW 61.24.031(5) and the borrower did not respond.

☐   The borrower has surrendered the secured property as evidenced by either a letter confirming the surrender or by delivery of the keys to the secured property to the beneficiary, the beneficiary's authorized agent or to the trustee.

Dated· 03/28/2018

_N. juz   Pejic_
Nijaz Pajic          Authorized Signer

JPMorgan Chase Bank, N.A.

# ATTENTION PROPERTY RESIDENTS

The foreclosure process has begun on this property, which may affect your right to continue to live in this property. Ninety days or more after the date of this notice, this property may be sold at foreclosure.

If you are the owner of the property, the purchaser will be entitled to possession of the property 20 days after the foreclosure sale.

Under Washington law, if you are renting this property, the new property owner may either give you a new rental agreement or provide you with a sixty-day notice to vacate the property. If the loan being foreclosed falls within certain guidelines, you may also have additional rights under Federal law.

You may wish to contact a lawyer or your local legal aid or housing counseling agency to discuss any rights that you may have.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "H"

WHEN RECORDED MAIL TO:
**Quality Loan Service Corp. of Washington**
**C/O Quality Loan Service Corporation**
**411 Ivy Street**
**San Diego, CA 92101**

---

TS No.: WA-17-775269-BB                    SPACE ABOVE THIS LINE FOR RECORDER'S USE
APN No.: 614560276501
Title Order No.: 160020599-WA-MSI
Deed of Trust Grantor(s): OPHELLO S CANLAS, IDA V CANLAS
Deed of Trust Grantee(s): **MORGAGE ELECTRONIC REGISTRATION SYSTEMS, INC AS
NOMINEE FOR LOANCITY.COM, A CALIFORNIA CORPORATION, ITS SUCCESSORS AND
ASSIGNS**
Deed of Trust Instrument/Reference No.: **20040524000480**

## NOTICE OF TRUSTEE'S SALE
Pursuant to the Revised Code of Washington 61.24, et seq.

I.      NOTICE IS HEREBY GIVEN that Quality Loan Service Corp. of Washington, the undersigned
Trustee, will on 10/5/2018, at 10:00 AM At the 4th Ave entrance to the King County Administration
Building, located one block east of the Courthouse, 500 4th Ave, Seattle, WA 98104 sell at public auction
to the highest and best bidder, payable in the form of credit bid or cash bid in the form of cashier's check or
certified checks from federally or State chartered banks, at the time of sale the following described real
property, situated in the County of KING, State of Washington, to-wit:

LOT "A", CITY OF SEATTLE SHORT PLAT NO. 9502851, AS RECORDED UNDER RECORDING
NO. 9509201144, SAID SHORT PLAT DESCRIBED AS FOLLOWS: LOTS 28 AND 29, BLOCK 20,
NORTH PARK, AN ADDITION TO THE CITY OF SEATTLE, ACCORDING TO THE PLAT
THEREOF RECORDED IN VOLUME 18 OF PLATS, PAGE 76, RECORDS OF KING COUNTY,
WASHINGTON. SITUATE IN THE COUNTY OF KING, STATE OF WASHINGTON.

More commonly known as: 10006 Linden Avenue North, Seattle, WA 98133

which is subject to that certain Deed of Trust dated 5/17/2004, recorded 5/24/2004, under Instrument No.
20040524000480    records of KING County, Washington, from IDA V. CANLAS AND OPHELLO S.
CANLAS, WIFE AND HUSBAND, as grantor(s), to FIDELITY NATIONAL TITLE COMPANY OF
WASHINGTON, as original trustee, to secure an obligation in favor of MORGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC AS NOMINEE FOR LOANCITY.COM, A CALIFORNIA
CORPORATION, ITS SUCCESSORS AND ASSIGNS, as original beneficiary, the beneficial interest in
which was subsequently assigned to MUFG Union Bank, National Association, the Beneficiary, under an
assignment recorded under Auditors File Number 20160107000995

II.      No action commenced by the Beneficiary of the Deed of Trust is now pending to seek satisfaction of
the obligation in any Court by reason of the Borrower's or Grantor's default on the obligation secured by the
Deed of Trust/Mortgage.

III.      The default(s) for which this foreclosure is made is/are as follows: Failure to pay when due the
following amounts which are now in arrears: $167,121.63.

IV.      The sum owing on the obligation secured by the Deed of Trust is: The principal sum of $273,169.85, together with interest as provided in the Note from 4/1/2012 on, and such other costs and fees as are provided by statute.

V.       The above-described real property will be sold to satisfy the expense of sale and the obligation secured by the Deed of Trust as provided by statute.  Said sale will be made without warranty, expressed or implied, regarding title, possession or encumbrances on 10/5/2018. The defaults referred to in Paragraph III must be cured by 9/24/2018 (11 days before the sale date), or by other date as permitted in the Note or Deed of Trust, to cause a discontinuance of the sale.  The sale will be discontinued and terminated if at any time before 9/24/2018 (11 days before the sale), or by other date as permitted in the Note or Deed of Trust, the default as set forth in Paragraph III is cured and the Trustee's fees and costs are paid. Payment must be in cash or with cashiers or certified checks from a State or federally chartered bank.  The sale may be terminated any time after the 9/24/2018 (11 days before the sale date) and before the sale, by the Borrower or Grantor or the holder of any recorded junior lien or encumbrance by paying the principal and interest, plus costs, fees and advances, if any, made pursuant to the terms of the obligation and/or Deed of Trust, and curing all other defaults.

VI.      A written Notice of Default was transmitted by the Beneficiary or Trustee to the Borrower(s) and Grantor(s) by both first class and certified mail, proof of which is in the possession of the Trustee; and the Borrower and Grantor were personally served, if applicable, with said written Notice of Default or the written Notice of Default was posted in a conspicuous place on the real property described in Paragraph I above, and the Trustee has possession of proof of such service or posting. The list of recipients of the Notice of Default is listed within the Notice of Foreclosure provided to the Borrower(s) and Grantor(s). These requirements were completed as of 4/16/2018.

VII.     The Trustee whose name and address are set forth below will provide in writing to anyone requesting it, a statement of all costs and fees due at any time prior to the sale.

VIII.    The effect of the sale will be to deprive the Grantor and all those who hold by, through or under the Grantor of all their interest in the above-described property.

IX.      Anyone having any objections to this sale on any grounds whatsoever will be afforded an opportunity to be heard as to those objections if they bring a lawsuit to restrain the sale pursuant to RCW 61.24.130. Failure to bring such a lawsuit may result in a waiver of any proper grounds for invalidating the Trustee's sale.

X.       NOTICE TO OCCUPANTS OR TENANTS – The purchaser at the Trustee's Sale is entitled to possession of the property on the 20th day following the sale, as against the Grantor under the deed of trust (the owner) and anyone having an interest junior to the deed of trust, including occupants who are not tenants. After the 20th day following the sale the purchaser has the right to evict occupants who are not tenants by summary proceedings under Chapter 59.12 RCW. For tenant-occupied property, the purchaser shall provide a tenant with written notice in accordance with RCW 61.24.060.

**THIS NOTICE IS THE FINAL STEP BEFORE THE FORECLOSURE SALE OF YOUR HOME.**

You have only 20 DAYS from the recording date of this notice to pursue mediation.

**DO NOT DELAY. CONTACT A HOUSING COUNSELOR OR AN ATTORNEY LICENSED IN WASHINGTON NOW** to assess your situation and refer you to mediation if you are eligible and it may help you save your home. See below for safe sources of help.

**SEEKING ASSISTANCE**

Housing counselors and legal assistance may be available at little or no cost to you. If you would like assistance in determining your rights and opportunities to keep your house, you may contact the following:

The statewide foreclosure hotline for assistance and referral to housing counselors recommended by the Housing Finance Commission: Toll-free: 1-877-894-HOME (1-877-894-4663) or Web site: http://www.dfi.wa.gov/consumers/homeownership/post_purchase_counselors_foreclosure.htm.

The United States Department of Housing and Urban Development: Toll-free: 1-800-569-4287 or National Web Site: http://portal.hud.gov/hudportal/HUD or for Local counseling agencies in Washington: http://www.hud.gov/offices/hsg/sfh/hcc/fc/index.cfm?webListAction=search&searchstate=WA&filterSvc=dfc

The statewide civil legal aid hotline for assistance and referrals to other housing counselors and attorneys: Telephone: 1-800-606-4819 or Web site: http://nwjustice.org/what-clear.

**Additional disclaimers provided by the Trustee:** If you have previously been discharged through bankruptcy, you may have been released of personal liability for this loan in which case this letter is intended to exercise the noteholders rights against the real property only.

**QUALITY MAY BE CONSIDERED A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE**

Dated: 5-29-18

Quality Loan Service Corp. of Washington, as Trustee
By: Briana Newton, Assistant Secretary

Trustee's Mailing Address:
Quality Loan Service Corp. of Washington
C/O Quality Loan Service Corp.
411 Ivy Street, San Diego, CA 92101
(866) 645-7711

Trustee's Physical Address:
Quality Loan Service Corp. of Washington
108 1st Ave South, Suite 202
Seattle, WA 98104
(866) 925-0241

Sale Line: 916-939-0772 or Login to: http://wa.qualityloan.com
Trustee Sale Number: WA-17-775269-BB

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of: California
County of: San Diego

On MAY 29 2018 before me, _____ Katherine A. Davis _____ a notary public, personally appeared Briana Newton _____, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.                    (Seal)

Signature _____
Katherine A. Davis

KATHERINE A. DAVIS
COMM. #2095368
Notary Public · California
San Diego County
My Comm. Expires Dec. 29, 2018

forth or estimated above and by curing any other defaults described above. Of course, as time passes other payments may become due, and any further payments coming due and any additional late charges must be added to your reinstating payment. Any new defaults not involving payment of money that occur after the date of this notice must also be cured in order to effect reinstatement. In addition, because some of the charges can only be estimated at this time, and because the amount necessary to reinstate or to payoff the entire indebtedness may include presently unknown expenditures required to preserve the property or to comply with state or local law, it will be necessary for you to contact the Trustee before the time you tender reinstatement or the payoff amount so that you may be advised of the exact amount you will be required to pay.

Tender of payment or performance must be made to: JP Morgan Chase Bank, N.A..

Payment or performance may be mailed to :
Quality Loan Service Corp. of Washington
C/O Quality Loan Service Corp.
411 Ivy Street, San Diego, CA 92101

Payment or performance may be dropped off at:
Quality Loan Service Corp. of Washington
108 1st Ave South, Suite 202
Seattle, WA 98104

Phone: (866) 925-0241 ext. 5318
**Sale Line: 916-939-0772 or Login to: http://wa.qualityloan.com**

AFTER 9/24/2018, OR BY OTHER DATE AS PERMITTED IN THE NOTE OR DEED OF TRUST, YOU MAY NOT BE ALLOWED TO REINSTATE YOUR DEED OF TRUST BY PAYING THE BACK PAYMENTS AND COSTS AND FEES AND CURING THE OTHER DEFAULTS AS OUTLINED ABOVE. The Trustee will respond to any written request for current payoff or reinstatement amounts within ten days of receipt of your written request. In such a case, you will only be able to stop the sale by paying, before the sale, the total principal balance **$273,169.85** plus accrued interest, costs and advances, if any, made pursuant to the terms of the documents and by curing the other defaults as outlined above.

You may contest this default by initiating court action in the Superior Court of the county in which the sale is to be held. In such action, you may raise any legitimate defenses you have to this default. A copy of your Deed of Trust and documents evidencing the security thereby are enclosed. You may wish to consult a lawyer. Legal action on your part may prevent or restrain the sale, but only if you persuade the court of the merits of your defense. You may contact the Department of Financial Institutions or the statewide civil legal aid hotline for possible assistance or referrals.

The court may grant a restraining order or injunction to restrain a trustee's sale pursuant to RCW 61.24.130 upon five days notice to the trustee of the time when, place where, and the judge before whom the application for the restraining order or injunction is to be made. This notice shall include copies of all pleadings and related documents to be given to the judge. Notice and other process may be served on the trustee at:

NAME: Sierra West, Registered Agent for Quality Loan Service Corporation of Washington
ADDRESS: 108 1st Ave. South, Suite 202, Seattle, Washington 98104
TELEPHONE NUMBER: (866) 925-0241

If you do not reinstate the secured obligation and your Deed of Trust in the manner set forth above, or if you do not succeed in restraining the sale by court action, your property will be sold to satisfy the obligations secured by your Deed of Trust. The effect of such sale will be to deprive you and all those who hold by, through or under you of all interest in the property.

Attached as "Exhibit A" is a list of the recipients of the Notice of Default.

## QUALITY MAY BE CONSIDERED A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.



# NOTICE OF FORECLOSURE
**Pursuant to the Revised Code of Washington,**
**Chapter 61.24 RCW**

---

T.S. No.: **WA-17-775269-BB**

The attached Notice of Trustee's Sale is a consequence of default(s) in the obligation to **MUFG Union Bank, National Association**, the Beneficiary of your Deed of Trust and party entitled to enforce the obligation secured thereby. Unless the default(s) is/are cured, your property will be sold at auction on **10/5/2018.**

To cure the default(s), you must bring the payments current, cure any other defaults, and pay accrued late charges and other costs, advances, and attorney's fees as set forth below by **9/24/2018** *(11 days before the sale date)* or by other date as permitted in the Note and Deed of Trust. To date, these arrears and costs are as follows:

|  | Currently due to reinstate on: 5/25/2018 | Estimated amount due to reinstate on: 9/24/2018 (11 days before the date set for sale.) |
|---|---|---|
| Total payments from 5/1/2012 | $164,261.77 | $170846.05 |
| Total late charges | $0.00 | $0.00 |
| Total advances | $0.00 | $0.00 |
| Trustee's Fee | $1,275.00 | $1,275.00 |
| Title Report | $1,087.00 | $1,087.00 |
| **Trustee's Expenses (Estimated Itemization):** | | |
| Additional Foreclosure Fees/Costs | $127.86 | $127.86 |
| Recording Fees | $150.00 | $150.00 |
| Service/Posting of Notices | $120.00 | $120.00 |
| Postage | $100.00 | $100.00 |
| Publication | $0.00 | $1,000.00 |
| **TOTALS** | **$167,121.63** | **$174,705.91** |

To pay off the entire obligation secured by your Deed of Trust as of the **5/25/2018** you must pay a total of **$273,169.85** in principal, **$96,861.56** in interest, plus other costs and advances estimated to date in the amount of **$37,639.43**. From and after the date of this notice you must submit a written request to the Trustee to obtain the total amount to pay off the entire obligation secured by your Deed of Trust as of the payoff date.

As to the defaults which do not involve payment of money to the beneficiary of your Deed of Trust, you must cure each such default (as applicable). Listed below are the defaults which do not involve payment of money to the Beneficiary of your Deed of Trust. Opposite each such listed default is a brief description of the action necessary to cure the default (if applicable) and a description of the documentation necessary to show the default has been cured.

| Default | Description of Action Required to Cure and Documentation Necessary to Show Cure |
|---|---|
| Delinquent property taxes | Payment in full to Obligee evidenced by a proper receipt. |
| Insurance premiums | Payment in full to Obligee evidenced by a proper receipt. |
| Advances made on senior liens | Payment in full to Obligee evidenced by a proper receipt. |
| Taxes and/or insurance | Payment in full to Obligee evidenced by a proper receipt. |
| Trustee's fees and expenses | Payment in full of the above listed Trustee's Fee and Expenses. |
| Any attorney fees and court costs arising from or associated with the beneficiaries efforts to protect and preserve its security. | Payment in full to Obligee evidenced by a proper receipt. |

Any of the above defaults (if applicable) must be cured as a condition of reinstatement, including all sums that shall accrue through reinstatement or pay-off. Nothing in this notice shall be construed as a waiver of any fees owing to the Beneficiary under the Deed of Trust pursuant to the terms of the loan documents.

You may reinstate your Deed of Trust and the obligation secured thereby at any time up to and including **9/24/2018** *(11 days before the sale date)*, or by other date as permitted in the Note and Deed of Trust, by paying the amount set

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | | |
|---|---|---|
| CANLAS | | NO.    18-2-16446-0 SEA |
| | Plaintiff(s), | ORDER SETTING CIVIL CASE SCHEDULE |
| vs. | | ASSIGNED JUDGE: Amini, Susan, Dept. 20 |
| CANLAS | | |
| | Respondent(s) | FILED DATE: 7/3/2018 |
| | | TRIAL DATE: 7/1/2019 |
| | | SCOMIS CODE: *ORSCS |

A civil case has been filed in the King County Superior Court and will be managed by the Case Schedule on Page 3 as ordered by the King County Superior Court Presiding Judge.

## I. NOTICES

**NOTICE TO PLAINTIFF:** The Plaintiff may serve a copy of this **Order Setting Case Schedule** (*Schedule*) on the Defendant(s) along with the *Summons and Complaint/Petition.* Otherwise, the Plaintiff shall serve the *Schedule* on the Defendant(s) within 10 days after the later of: (1) the filing of the *Summons and Complaint/Petition* or (2) service of the Defendant's first response to the *Complaint/Petition,* whether that response is a *Notice of Appearance,* a response, or a Civil Rule 12 (CR 12) motion. The *Schedule* may be served by regular mail, with proof of mailing to be filed promptly in the form required by Civil Rule 5 (CR 5).

"I understand that I am required to give a copy of these documents to all parties in this case."

| | |
|---|---|
| PRINT NAME | SIGN NAME |

## I. NOTICES (continued)

**NOTICE TO ALL PARTIES:**
All attorneys and parties should make themselves familiar with the King County Local Rules [*KCLCR*] -- especially those referred to in this *Schedule*. In order to comply with the *Schedule*, it will be necessary for attorneys and parties to pursue their cases vigorously from the day the case is filed. For example, discovery must be undertaken promptly in order to comply with the deadlines for joining additional parties, claims, and defenses, for disclosing possible witnesses [*See KCLCR 26*], and for meeting the discovery cutoff date [*See KCLCR 37(g)*].

**CROSSCLAIMS, COUNTERCLAIMS AND THIRD PARTY COMPLAINTS:**
A filing fee of $240 must be paid when any answer that includes additional claims is filed in an existing case.

**KCLCR 4.2(a)(2)**
A Confirmation of Joinder, Claims and Defenses or a Statement of Arbitrability must be filed by the deadline in the schedule. The court will review the confirmation of joinder document to determine if a hearing is required. If a Show Cause order is issued, all parties cited in the order must appear before their Chief Civil Judge.

**PENDING DUE DATES CANCELED BY FILING PAPERS THAT RESOLVE THE CASE:**
When a final decree, judgment, or order of dismissal of all parties and claims is filed with the Superior Court Clerk's Office, and a courtesy copy delivered to the assigned judge, all pending due dates in this *Schedule* are automatically canceled, including the scheduled Trial Date. It is the responsibility of the parties to 1) file such dispositive documents within 45 days of the resolution of the case, and 2) strike any pending motions by notifying the bailiff to the assigned judge.

Parties may also authorize the Superior Court to strike all pending due dates and the Trial Date by filing a *Notice of Settlement* pursuant to KCLCR 41, and forwarding a courtesy copy to the assigned judge. If a final decree, judgment or order of dismissal of all parties and claims is not filed by 45 days after a *Notice of Settlement,* the case may be dismissed with notice.

**If you miss your scheduled Trial Date**, the Superior Court Clerk is authorized by KCLCR 41(b)(2)(A) to present an *Order of Dismissal*, without notice, for failure to appear at the scheduled Trial Date.

**NOTICES OF APPEARANCE OR WITHDRAWAL AND ADDRESS CHANGES:**
*All parties to this action must keep the court informed of their addresses.* When a Notice of Appearance/Withdrawal or Notice of Change of Address is filed with the Superior Court Clerk's Office, parties must provide the assigned judge with a courtesy copy.

**ARBITRATION FILING AND TRIAL DE NOVO POST ARBITRATION FEE:**
A Statement of Arbitrability must be filed by the deadline on the schedule **if the case is subject to mandatory arbitration** and service of the original complaint and all answers to claims, counterclaims and cross-claims have been filed. If mandatory arbitration is required after the deadline, parties must obtain an order from the assigned judge transferring the case to arbitration. **Any party filing a Statement must pay a $220 arbitration fee.** If a party seeks a trial de novo when an arbitration award is appealed, a fee of $250 and the request for trial de novo must be filed with the Clerk's Office Cashiers.

**NOTICE OF NON-COMPLIANCE FEES:**
All parties will be assessed a fee authorized by King County Code 4A.630.020 whenever the Superior Court Clerk must send notice of non-compliance of schedule requirements and/or Local Civil Rule 41.

**King County Local Rules are available for viewing at www.kingcounty.gov/courts/clerk.**

## II. CASE SCHEDULE

| √ | CASE EVENTS | DATE |
|---|---|---|
| | Case Filed and Schedule Issued. | 7/3/2018 |
| √ | Last Day for Filing Statement of Arbitrability without a Showing of Good Cause for Late Filing [See KCLMAR2.1(a) and Notices on page 2]. **$220 Arbitration fee must be paid** | 12/11/2018 |
| √ | **DEADLINE** to file Confirmation of Joinder if not subject to Arbitration [See KCLCR 4.2(a) and Notices on page 2] | 12/11/2018 |
| | **DEADLINE** for Hearing Motions to Change Case Assignment Area [KCLCR 82(e)] | 12/26/2018 |
| | **DEADLINE** for Disclosure of Possible Primary Witnesses [See KCLCR 26(k)] | 1/28/2019 |
| | **DEADLINE** for Disclosure of Possible Additional Witnesses [KCLCR 26(k)] | 3/11/2019 |
| | **DEADLINE** for Jury Demand [See KCLCR 38(b)(2)] | 3/25/2019 |
| | **DEADLINE** for Change in Trial Date [See KCLCR 40(e)(2)] | 3/25/2019 |
| | **DEADLINE** for Discovery Cutoff [See KCLCR 37(g)] | 5/13/2019 |
| | **DEADLINE** for Engaging in Alternative Dispute Resolution [See KCLCR16(b)] | 6/3/2019 |
| | **DEADLINE** for Exchange Witness & Exhibit Lists & Documentary Exhibits [See KCLCR 4(j)] | 6/10/2019 |
| √ | **DEADLINE** to file Joint Confirmation of Trial Readiness [See KCLCR 16(a)(1)] | 6/10/2019 |
| | **DEADLINE** for Hearing Dispositive Pretrial Motions [See KCLCR 56;CR56] | 6/17/2019 |
| √ | Joint Statement of Evidence [See KCLCR 4(k)] | 6/24/2019 |
| | **DEADLINE** for filing Trial Briefs, Proposed Findings of Fact and Conclusions of Law and Jury Instructions (Do not file proposed Findings of Fact and Conclusion of Law with the Clerk) | 6/24/2019 |
| | Trial Date [See KCLCR 40] | 7/1/2019 |

The √ indicates a document that must be filed with the Superior Court Clerk's Office by the date shown.

## III. ORDER

Pursuant to King County Local Rule 4 [*KCLCR 4*], IT IS ORDERED that the parties shall comply with the schedule listed above. Penalties, including but not limited to sanctions set forth in Local Rule 4(g) and Rule 37 of the Superior Court Civil Rules, may be imposed for non-compliance. It is FURTHER ORDERED that the party filing this action **must** serve this *Order Setting Civil Case Schedule* and attachment on all other parties.

DATED:    7/3/2018

_____
PRESIDING JUDGE

## IV. ORDER ON CIVIL PROCEEDINGS FOR ASSIGNMENT TO JUDGE

**READ THIS ORDER BEFORE CONTACTING YOUR ASSIGNED JUDGE.**
This case is assigned to the Superior Court Judge whose name appears in the caption of this case schedule. The assigned Superior Court Judge will preside over and manage this case for all pretrial matters.

**COMPLEX LITIGATION:** If you anticipate an unusually complex or lengthy trial, please notify the assigned court as soon as possible.

**APPLICABLE RULES:** Except as specifically modified below, all the provisions of King County Local Civil Rules 4 through 26 shall apply to the processing of civil cases before Superior Court Judges. The local civil rules can be found at www.kingcounty.gov/courts/clerk/rules/Civil.

**CASE SCHEDULE AND REQUIREMENTS:** Deadlines are set by the case schedule, issued pursuant to Local Civil Rule 4.

**THE PARTIES ARE RESPONSIBLE FOR KNOWING AND COMPLYING WITH ALL DEADLINES IMPOSED BY THE COURT'S LOCAL CIVIL RULES.**

### A. Joint Confirmation regarding Trial Readiness Report
No later than twenty one (21) days before the trial date, parties shall complete and file (with a copy to the assigned judge) a joint confirmation report setting forth whether a jury demand has been filed, the expected duration of the trial, whether a settlement conference has been held, and special problems and needs (e.g., interpreters, equipment).

The Joint Confirmation Regarding Trial Readiness form is available at www.kingcounty.gov/courts/scforms. If parties wish to request a CR 16 conference, they must contact the assigned court. Plaintiff's/petitioner's counsel is responsible for contacting the other parties regarding the report.

### B. Settlement/Mediation/ADR
a. Forty five (45) days before the trial date, counsel for plaintiff/petitioner shall submit a written settlement demand. Ten (10) days after receiving plaintiff's/petitioner's written demand, counsel for defendant/respondent shall respond (with a counter offer, if appropriate).

b. Twenty eight (28) days before the trial date, a Settlement/Mediation/ADR conference shall have been held. FAILURE TO COMPLY WITH THIS SETTLEMENT CONFERENCE REQUIREMENT MAY RESULT IN SANCTIONS.

### C. Trial
Trial is scheduled for 9:00 a.m. on the date on the case schedule or as soon thereafter as convened by the court. The Friday before trial, the parties should access the court's civil standby calendar on the King County Superior Court website www.kingcounty.gov/courts/superiorcourt to confirm the trial judge assignment.

## MOTIONS PROCEDURES

### A. Noting of Motions

**Dispositive Motions:** All summary judgment or other dispositive motions will be heard with oral argument before the assigned judge. The moving party must arrange with the hearing judge a date and time for the hearing, consistent with the court rules. Local Civil Rule 7 and Local Civil Rule 56 govern procedures for summary judgment or other motions that dispose of the case in whole or in part. The local civil rules can be found at www.kingcounty.gov/courts/clerk/rules/Civil.

**Non-dispositive Motions:** These motions, which include discovery motions, will be ruled on by the assigned judge without oral argument, unless otherwise ordered. All such motions must be noted for a date by which the ruling is requested; this date must likewise conform to the applicable notice requirements. Rather than noting a time of day, the

Note for Motion should state "Without Oral Argument." Local Civil Rule 7 governs these motions, which include discovery motions. The local civil rules can be found at www.kingcounty.gov/courts/clerk/rules/Civil.

**Motions in Family Law Cases not involving children:** Discovery motions to compel, motions in limine, motions relating to trial dates and motions to vacate judgments/dismissals shall be brought before the assigned judge. All other motions should be noted and heard on the Family Law Motions calendar. Local Civil Rule 7 and King County Family Law Local Rules govern these procedures. The local rules can be found at www.kingcounty.gov/courts/clerk/rules.

**Emergency Motions:** Under the court's local civil rules, emergency motions will usually be allowed only upon entry of an Order Shortening Time. However, some emergency motions may be brought in the Ex Parte and Probate Department as expressly authorized by local rule. In addition, discovery disputes may be addressed by telephone call and without written motion, if the judge approves in advance.

**B. Original Documents/Working Copies/ Filing of Documents: All original documents must be filed with the Clerk's Office.** Please see information on the Clerk's Office website at www.kingcounty.gov/courts/clerk regarding the requirement outlined in LGR 30 that attorneys must e-file documents in King County Superior Court. The exceptions to the e-filing requirement are also available on the Clerk's Office website. The local rules can be found at www.kingcounty.gov/courts/clerk/rules.

The working copies of all documents in support or opposition must be marked on the upper right corner of the first page with the date of consideration or hearing and the name of the assigned judge. The assigned judge's working copies must be delivered to his/her courtroom or the Judges' mailroom. Working copies of motions to be heard on the Family Law Motions Calendar should be filed with the Family Law Motions Coordinator. Working copies can be submitted through the Clerk's office E-Filing application at www.kingcounty.gov/courts/clerk/documents/eWC.

**Service of documents:** Pursuant to Local General Rule 30(b)(4)(B), e-filed documents shall be electronically served through the e-Service feature within the Clerk's eFiling application. Pre-registration to accept e-service is required. E-Service generates a record of service document that can be e-filed. Please see the Clerk's office website at www.kingcounty.gov/courts/clerk/documents/efiling regarding E-Service.

**Original Proposed Order:** Each of the parties must include an original proposed order granting requested relief with the working copy materials submitted on any motion. **Do not file the original of the proposed order with the Clerk of the Court.** Should any party desire a copy of the order as signed and filed by the judge, a pre-addressed, stamped envelope shall accompany the proposed order. The court may distribute orders electronically. Review the judge's website for information: www.kingcounty.gov/courts/SuperiorCourt/judges.

**Presentation of Orders for Signature:** All orders must be presented to the assigned judge or to the Ex Parte and Probate Department, in accordance with Local Civil Rules 40 and 40.1. Such orders, if presented to the Ex Parte and Probate Department, shall be submitted through the E-Filing/Ex Parte via the Clerk application by the attorney(s) of record. E-filing is not required for self-represented parties (non-attorneys). If the assigned judge is absent, contact the assigned court for further instructions. If another judge enters an order on the case, counsel is responsible for providing the assigned judge with a copy.

**Proposed orders finalizing settlement and/or dismissal by agreement of all parties shall be presented to the Ex Parte and Probate Department.** Such orders shall be submitted through the E-Filing/Ex Parte via the Clerk application by the attorney(s) of record. E-filing is not required for self-represented parties (non-attorneys). Formal proof in Family Law cases must be scheduled before the assigned judge by contacting the bailiff, or formal proof may be entered in the Ex Parte Department. **If final order and/or formal proof are entered in the Ex Parte and Probate Department,** counsel is responsible for providing the assigned judge with a copy.

**C. Form**
Pursuant to Local Civil Rule 7(b)(5)(B), the initial motion and opposing memorandum shall not exceed 4,200 words and reply memoranda shall not exceed 1,750 words without authorization of the court. The word count includes all portions of the document, including headings and footnotes, except 1) the caption; 2) table of contents and/or authorities, if any; and 3): the signature block. Over-length memoranda/briefs and motions supported by such memoranda/briefs may be stricken.

*IT IS SO ORDERED.  FAILURE TO COMPLY WITH THE PROVISIONS  OF THIS ORDER MAY RESULT IN DISMISSAL  OR OTHER SANCTIONS.  PLAINTIFF/PEITITONER  SHALL FORWARD A COPY OF THIS ORDER AS SOON AS PRACTICABLE TO ANY PARTY WHO HAS NOT RECEIVED THIS ORDER.*

**PRESIDING JUDGE**

**KING COUNTY SUPERIOR COURT**

**CASE ASSIGNMENT AREA DESIGNATION and CASE INFORMATION COVER SHEET**

**(CICS)**

Pursuant to King County Code 4A.630.060, a faulty document fee of $15 may be assessed to new case filings missing this sheet.

18-2-16446-0 SEA

CASE NUMBER: _____

(Provided by the Clerk)

CASE CAPTION: __IDA V. CANLAS AND OPHELLO S. CANLAS__

(New case: Print name of person starting case **vs.** name of person or agency you are filing against.)
(When filing into an existing family law case, the case caption remains the same as the original filing.)

Please mark one of the boxes below:

☒    **Seattle Area,** defined as:

　　　　All of King County north of Interstate 90 and including all of the Interstate 90 right-of-way; all the cities of Seattle, Mercer Island, Bellevue, Issaquah and North Bend; and all of Vashon and Maury Islands.

☐    **Kent Area,** defined as:

　　　　All of King County south of Interstate 90 except those areas included in the Seattle Case Assignment Area.

I certify that this case meets the case assignment criteria, described in King County LCR 82(e).

_____　　　_____
Signature of Attorney　　　　WSBA Number　　　　Date

or
_____　　　6-14-18
Signature of person who is starting case　　　　Date

__10006 Linden Ave N., Seattle, WA 9813-9335_____
Address, City, State, Zip Code of person who is starting case if not represented by attorney



**KING COUNTY SUPERIOR COURT**
**CASE ASSIGNMENT AREA DESIGNATION and CASE INFORMATION COVER SHEET**

## CIVIL
Please check the category that best describes this case.

**APPEAL/REVIEW**

☐ Administrative Law Review (ALR 2)*

(Petition to the Superior Court for review of rulings made by state administrative agencies.( e.g. DSHS Child Support, Good to Go passes, denial of benefits from Employment Security, DSHS, L & I))

☐ DOL Revocation (DOL 2)*

(Appeal of a DOL revocation Implied consent-Test refusal ONLY.) RCW 46.20.308(9)

☐ Subdivision Election Process Review (SER 2)*

(Intent to challenge election process)

☐ Voter Election Process Law Review (VEP 2)*

(Complaint for violation of voting rights act.)

**CONTRACT/COMMERCIAL**

☒ Breach of Contract (COM 2)*

(Complaint involving money dispute where a breach of contract is involved.)

☐ Commercial Contract (COM 2)*

(Complaint involving money dispute where a contract is involved.)

☐ Commercial Non-Contract (COL 2)*

(Complaint involving money dispute where no contract is involved.)

☐ Third Party Collection (COL 2)*

(Complaint involving a third party over a money dispute where no contract is involved.)

**JUDGMENT**

☐ Abstract, Judgment, Another County (ABJ 2)

(A certified copy of a judgment docket from another Superior Court within the state.)

☐ Confession of Judgment (MSC 2)*

(The entry of a judgment when a defendant admits liability and accepts the amount of agreed-upon damages but does not pay or perform as agreed upon.)

☐ Foreign Judgment (from another State or Country) (FJU 2)

(Any judgment, decree, or order of a court of the United States, or of any state or territory, which is entitled to full faith and credit in this state.)

☐ Tax Warrant or Warrant (TAX 2)

(A notice of assessment by a state agency or self-insured company creating a judgment/lien in the county in which it is filed.)

☐ Transcript of Judgment (TRJ 2)

(A certified copy of a judgment from a court of limited jurisdiction (e.g. District or Municipal court) to a Superior Court.)

Page **2** of **5**

**PROPERTY RIGHTS**

☐ Condemnation/Eminent Domain (CON 2)*

(Complaint involving governmental taking of private property with payment, but not necessarily with consent.)

☐ Foreclosure (FOR 2)*

(Complaint involving termination of ownership rights when a mortgage or tax foreclosure is involved, where ownership is not in question.)

☐ Land Use Petition (LUP 2)*

(Petition for an expedited judicial review of a land use decision made by a local jurisdiction.) RCW 36.70C.040

☐ Property Fairness (PFA 2)*

(Complaint involving the regulation of private property or restraint of land use by a government entity brought forth by Title 64.)

☐ Quiet Title (QTI 2)*

(Complaint involving the ownership, use, or disposition of land or real estate other than foreclosure.)

☐ Residential Unlawful Detainer (Eviction) (UND 2)

(Complaint involving the unjustifiable retention of lands or attachments to land, including water and mineral rights.)

☐ Non-Residential Unlawful Detainer (Eviction) (UND 2)

(Commercial property eviction.)

**OTHER COMPLAINT/PETITION**

☐ Action to Compel/Confirm Private Binding Arbitration (MSC 2)

(Petition to force or confirm private binding arbitration.)

☐ Bond Justification (MSC 2)

(Bail bond company desiring to transact surety bail bonds in King County facilities.)

☐ Change of Name (CHN 5)

(Petition for name change, when domestic violence/antiharassment issues require confidentiality.)

☐ Certificate of Rehabilitation (MSC 2)

(Petition to restore civil and political rights.)

☐ Certificate of Restoration of Opportunity (MSC 2)

(Establishes eligibility requirements for certain professional licenses)

☐ Civil Commitment (sexual predator) (PCC 2)

(Petition to detain an individual involuntarily.)

☐ Deposit of Surplus Funds (MSC 2)

(Deposit of extra money from a foreclosure after payment of expenses from sale and obligation secured by the deed of trust.)

☐ Emancipation of Minor (EOM 2)

(Petition by a minor for a declaration of emancipation.)

☐ Foreign Subpoena (MSC 2)

(To subpoena a King County resident or entity for an out of state case.)

☐ Frivolous Claim of Lien (MSC 2)

(Petition or Motion requesting a determination that a lien against a mechanic or materialman is excessive or unwarranted.)

☐ Injunction (INJ 2)*

(Complaint/petition to require a person to do or refrain from doing a particular thing.)

☐ Interpleader (MSC 2)

(Petition for the deposit of disputed earnest money from real estate, insurance proceeds, and/or other transaction(s).)

☐ Malicious Harassment (MHA 2)*

(Suit involving damages resulting from malicious harassment.) RCW 9a.36.080

☐ Non-Judicial Filing (MSC 2)

(See probate section for TEDRA agreements. To file for the record document(s) unrelated to any other proceeding and where there will be no judicial review.)

☐ Other Complaint/Petition (MSC 2)*

(Filing a Complaint/Petition for a cause of action not listed.)

☐ Public records Act (PRA 2)*
(Actions filed under RCW 42.56.)

☐ Receivership (MSC 2)

(The process of appointment by a court of a receiver to take custody of the property, business, rents and profits of a party to a lawsuit pending a final decision on disbursement or an agreement.)

☐ Relief from Duty to Register (RDR2)

(Petition seeking to stop the requirement to register.)

☐ Restoration of Firearm Rights (RFR 2)

(Petition seeking restoration of firearms rights under RCW 9.41.040 and 9.41.047.)

☐ School District-Required Action Plan (SDR 2)

(Petition filed requesting court selection of a required action plan proposal relating to school academic performance.)

☐ Seizure of Property from the Commission of a Crime-Seattle (SPC 2)*

(Seizure of personal property which was employed in aiding, abetting, or commission of a crime, from a defendant after conviction.)

☐ Seizure of Property Resulting from a Crime-Seattle (SPR 2)*

(Seizure of tangible or intangible property which is the direct or indirect result of a crime, from a defendant following criminal conviction. (e.g., remuneration for, or contract interest in, a depiction or account of a crime.))

☐ Structured Settlements- Seattle (MSC 2)*

(A financial or insurance arrangement whereby a claimant agrees to resolve a personal injury tort claim by receiving periodic payments on an agreed schedule rather than as a lump sum.)

☐ Vehicle Ownership (MSC 2)*

(Petition to request a judgment awarding ownership of a vehicle.)

**TORT, ASBESTOS**
☐ Personal Injury (PIN 2)*

(Complaint alleging injury resulting from asbestos exposure.)

☐ Wrongful Death (WDE 2)*

(Complaint alleging death resulting from asbestos exposure.)

Civil-CICS   Revised 6/2018

**TORT, MEDICAL MALPRACTICE**

☐ Hospital  (MED 2)*

(Complaint involving injury or death resulting from a hospital.)

☐ Medical Doctor (MED 2)*

(Complaint involving injury or death resulting from a medical doctor.)

☐ Other Health care Professional (MED 2)*

(Complaint involving injury or death resulting from a health care professional other than a medical doctor.)

**TORT, MOTOR VEHICLE**

☐ Death (TMV 2)*

(Complaint involving death resulting from an incident involving a motor vehicle.)

☐ Non-Death Injuries (TMV 2)*

(Complaint involving non-death injuries resulting from an incident involving a motor vehicle.)

☐ Property Damages Only (TMV 2)*

(Complaint involving only property damages resulting from an incident involving a motor vehicle.)

☐ Victims Vehicle Theft (VVT 2)*

(Complaint filed by a victim of car theft to recover damages.)  RCW 9A.56.078

**TORT, NON-MOTOR VEHICLE**

☐ Implants (PIN 2)*

☐ Other Malpractice (MAL 2)*

(Complaint involving injury resulting from other than professional medical treatment.)

☐ Personal Injury (PIN 2)*

(Complaint involving physical injury not resulting from professional medical treatment, and where a motor vehicle is not involved.)

☐ Products Liability (TTO 2)*

(Complaint involving injury resulting from a commercial product.)

☐ Property Damages (PRP 2)*

(Complaint involving damage to real or personal property excluding motor vehicles.)

☐ Property Damages-Gang (PRG 2)*

(Complaint to recover damages to property related to gang activity.)

☐ Tort, Other (TTO 2)*

(Any other petition not specified by other codes.)

☐ Wrongful Death (WDE 2)*

(Complaint involving death resulting from other than professional medical treatment.)

**WRIT**

☐ Habeas Corpus (WHC 2)

(Petition for a writ to bring a party before the court.)

☐ Mandamus (WRM 2)**

(Petition for writ commanding performance of a particular act or duty.)

☐ Review (WRV 2)**

(Petition for review of the record or decision of a case pending in the lower court; does not include lower court appeals or administrative law reviews.)

* The filing party will be given an appropriate case schedule at time of filing.
** Case schedule will be issued after hearing and findings.

Page **5** of **5**

FILED

18 JUL 30 AM 10:13

The Honorable Susan Amini
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 18-2-16446-0 SEA

1

2

3

4

5

6                SUPERIOR COURT OF THE STATE OF WASHINGTON
7                              KING COUNTY

8    IDA V. CANLAS and OPHELLO S. CANLAS,

9                          Plaintiffs,              No. 18-2-16446-0 SEA

10           v.                                     NOTICE OF APPEARANCE

11   JPMORGAN CHASE BANK, N.A.; MUFG
12   UNION BANK, N.A., and does 1-10,               *Clerk's Action Required*

13                          Defendants.

14

15           TO:     The Clerk of the Court

16           AND TO:     All Parties of Record

17           Please take notice that JPMorgan Chase Bank, N.A. ("Chase") hereby appears in this

18   case and requests that all further papers and pleadings, except original process, be served upon

19   the undersigned attorneys at the address given below.  Chase appears in this matter without

20   waiving any applicable defenses, including without limitation, lack of jurisdiction, improper

21   venue, insufficiency of process, insufficiency of service of process, removal, failure to state a

22   claim, and failure to join a necessary party.

23

24

25

26

27

NOTICE OF APPEARANCE - 1
4835-1679-1150v.1 0050033-000184

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

1    DATED this 30th day of July, 2018.

2                      Davis Wright Tremaine LLP
                         Attorneys for JPMorgan Chase Bank, N.A.

By */s/Fred B. Burnside*
    Fred B. Burnside, WSBA #32491

By */s/Frederick A. Haist*
    Frederick A. Haist, WSBA #48937

    1201 Third Avenue, Suite 2200
    Seattle, WA  98101
    Phone:  206-622-3150
    Fax:  206-757-7700
    Email:  fredburnside@dwt.com
           frederickhaist@dwt.com

<u>CERTIFICATE OF SERVICE</u>

The undersigned hereby declares that on this day he served a copy of the foregoing document on the following parties via first class mail:

Ida V. Canlas
Ophello S. Canlas
10006 Linden Avenue N.
Seattle, WA  98133-9335

Dated this 30th day of July, 2018, at Seattle, Washington.

/s/Frederick A. Haist
Frederick A. Haist, WSBA #48937

NOTICE OF APPEARANCE - 3
4835-1679-1150v.1 0050033-000184

1

2

3

4

5

6                    SUPERIOR COURT OF THE STATE OF WASHINGTON
                                      KING COUNTY
7

8    IDA V. CANLAS and OPHELLO S. CANLAS,          No. 18-2-16446-0 SEA

9          Plaintiffs,
                                                   NOTICE OF FILING OF
10         v.                                      NOTICE OF REMOVAL

11   JPMORGAN CHASE BANK, N.A.; MUFG               *CLERK'S ACTION REQUIRED*
     UNION BANK, N.A., and does 1-10,
12
                       Defendants.
13

14   TO:        Clerk, King County Superior Court;

15   AND TO:    Plaintiffs Ida V. and Ophello S. Canlas

16         Please take notice that Defendants JPMorgan Chase Bank, N.A. and MFUG Union Bank,

17   N.A. filed a Notice of Removal of this action to the United States District Court for the Western

18   District of Washington on August 10, 2018.  A true and correct copy of the Notice of Removal is

19   attached as Exhibit A.

20         DATED this 10th day of August, 2018

21                                        Davis Wright Tremaine LLP
                                          Attorneys for JPMorgan Chase Bank, N.A. and
22                                        MUFG Union Bank, N.A.

23                                        By /s/Frederick A. Haist
                                            Fred B. Burnside, WSBA #32491
24                                          Frederick Haist, WSBA #48937
                                            1201 Third Avenue, Suite 2200
25                                          Seattle, WA 98101-3045
                                            Tel.: (206) 622-3150
26                                          Fax: (206) 757-7000
                                            Email:  fredburnside@dwt.com
27                                                  frederickhaist@dwt.com

NOTICE OF FILING NOTICE OF REMOVAL - 1
4835-2439-4862v.1 0050033-000184

CERTIFICATE OF SERVICE

1

2      The undersigned, hereby declares under penalty of perjury under the laws of the state of

3   Washington, that on this day, he caused a copy of the foregoing document to be served upon the

4   following parties of record via legal messenger:

5

6   Ida V. Canlas
    Ophello S. Canlas
    10006 Linden Avenue N.
7   Seattle, WA  98133-9335

8      Dated this 10th day of August, 2018, at Seattle, Washington.

9
                                    /s/Frederick A. Haist
10                                  Frederick A. Haist, WSBA #48937

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

NOTICE OF FILING NOTICE OF REMOVAL - 2
4835-2439-4862v.1 0050033-000184

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

# EXHIBIT A

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

IDA V. CANLAS and OPHELLO S. CANLAS,

           Plaintiffs,

      v.

JPMORGAN CHASE BANK, N.A.; MUFG
UNION BANK, N.A., and does 1-10,

           Defendants.

No.

NOTICE OF REMOVAL

TO:        Clerk, United States District Court for the Western District of Washington;

AND TO:    Plaintiffs Ida V. and Ophello S. Canlas (the "Canlases")

        Defendants JPMorgan Chase Bank, N.A. ("Chase") and MFUG Union Bank, N.A.

("Union Bank") hereby remove this case, originally filed in the Superior Court of the State of

Washington for King County under case number 18-2-16446-0 SEA, to the United States

District Court for the Western District of Washington ("Action"). Chase and Union Bank

remove the case pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, on the grounds set forth

below.[1]

        1.     The Canlases' Complaint asserts claims seeking damages for alleged violations

of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, and the Fair Credit

---

[1] Chase expressly preserves all Rule 12 objections. *See* Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1395 (3d ed. 2004) ("When a defendant removes an action from a state court in which he has been sued, he consents to nothing and 'waives' nothing; he is exercising a privilege unconditionally conferred by statute, and, since the district court to which he must remove it is fixed by law, he has no choice, without which there can be no 'waiver.'" *quoting Greenberg v. Giannini*, 140 F.2d 550, 553 (2d Cir. 1944)).

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

1   Reporting Act, 15 U.S.C. § 1692f(6). Compl. p. 7-13.[2] Chase and Union Bank are entitled to

2   remove this action because there is a federal question, there is complete diversity of citizenship,

3   and the amount in controversy exceeds $75,000.

4   <center>**FEDERAL QUESTION**</center>

5       2.   The Action is a civil action of which this Court has original jurisdiction under 28

6   U.S.C. § 1331 and is one which Chase and Union Bank may remove to this Court pursuant to

7   the provisions of 28 U.S.C. § 1441.  The Action involves a federal question that can be

8   ascertained from the face of the Canlases' Complaint—they seek damages for alleged

9   violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 and the Fair

10  Credit Reporting Act, 15 U.S.C. § 1692f(6). Compl. p. 7-13.

11  <center>**DIVERSITY OF CITIZENSHIP**</center>

12      **Amount in Controversy.**

13      3.   The amount in controversy for jurisdictional purposes is determined by the amount

14  of damages or the value of the property that is the subject of the action.  *See Hunt v. Wash.*

15  *State Apple Adver. Comm'n*, 432 U.S. 333, 347-348 (1977).  The amount in controversy may

16  include compensatory damage claims for general or special damages as well as punitive

17  damages. *See Anthony v. Sec. Pac. Fin'l Serv., Inc.*, 75 F.3d 311, 315 (7th Cir. 1996).  The

18  Canlases allege they obtained a $312,000 loan that Union Bank currently owns and Chase

19  services.   Compl. Exh. A.    They challenge their 2009 default and the resulting 2018

20  foreclosure, claiming Union Bank and Chase cannot foreclose. Compl. p. 14-15.  They also

21  allege that have not made any payments since October 2009 and their arrears are $167,121.63.

22  Compl. p. 4, Exhs. C, E, H.  Thus, more than $75,000 is in controversy.

23      **Citizenship.**

24      4.    For diversity purposes, a person is a "citizen" of the state in which he or she is

25  domiciled. *Kantor v. Wellesley Galleries, Ltd.,* 704 F.2d 1088, 1090 (9th Cir. 1983). Further, a

26  ───────────────

27  [2] The Canlases do not number all of their paragraphs, so Defendants will refer to the
    Complaint's page and/or line numbers.  The Complaint also is missing page 6.

NOTICE OF REMOVAL - 2
4829-9263-4478v.1 0050033-000184

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

1   party's residence is "prima facie" evidence of domicile. *See State Farm Mut. Auto. Ins. Co. v.*

2   *Dyer,* 19 F.3d 514, 520 (10th Cir. 1994). The Canlases are Washington residents and therefore

3   domiciled in and citizens of Washington. Compl. p. 3.

4          5.     For purposes of diversity jurisdiction under 28 U.S.C. §§ 1332 and 1348, a

5   national banking association is a citizen of the state in which its main office, as identified in its

6   articles of association, is located. *See Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 318

7   (2006) (rejecting argument that national banking association is a citizen of every state in which

8   it operates). Chase is a national banking association, organized under the laws of the United

9   States, with its main office in Columbus, Ohio. It is therefore a citizen of Ohio. Union Bank is

10  a national banking association, organized under the laws of the United States, with its main

11  office in San Francisco, California. It is therefore a citizen of California. Complete diversity

12  of jurisdiction thus exists, and removal is proper.

13                              **REMOVAL IS TIMELY**

14         6.     On July 3, 2018, the Canlases filed the Action. Chase was served on July 11,

15  2018. This notice of removal is timely pursuant to 28 U.S.C. § 1446(b) because Chase and

16  Union Bank are filing the notice of removal within thirty days after service.

17  **CHASE AND UNION BANK HAVE SATISFIED THE REMAINING PROCEDURAL**

18                           **REQUIREMENTS**

19         7.     The United States District Court for the Western District of Washington is the

20  federal judicial district embracing King County Superior Court, where the Canlases filed this

21  action. 28 U.S.C. § 128(b). Seattle is the proper division or location for the matter.

22         8.     All served defendants consent to removal. *See Proctor v. Vishay*

23  *Intertechnology Inc.*, 584 F.3d 1208, 1225 (9th Cir. 2009).

24         9.     Chase and Union Bank will separately file a Verification of State Court

25  Records and Proceedings pursuant to Local Civil Rule 101(b) (and 28 U.S.C. § 1446(a))

26  enclosing copies of all documents filed in the King County action, including all process,

27

NOTICE OF REMOVAL - 3
4829-9263-4478v.1 0050033-000184

1    pleadings, and orders served on Chase and Union Bank in this action.

2         10.    Promptly after, or concurrently with, filing this Notice of Removal, Chase and

3    Union Bank will give written notice to the Canlases and will file a copy of this Notice with the

4    Clerk of the King County Superior Court pursuant to 28 U.S.C. § 1446(d).

5         11.    The removal of this action terminates all potential proceedings in King County

6    Superior Court. *See* 28 U.S.C. § 1446(d).

7         WHEREFORE, Chase and Union Bank respectfully give notice that the above-entitled

8    action is removed from the King County Superior Court to the United States District Court for

9    the Western District of Washington at Seattle.

10        DATED this 10th day of August, 2018.

11                              Davis Wright Tremaine LLP
                               Attorneys for JPMorgan Chase Bank, N.A. and
12                              MUFG Union Bank, N.A.

13                              By *s/ Frederick A. Haist*
                                   Frederick S. Haist, WSBA #48937
14
                               By */s/Fred B. Burnside*
15                                 Fred B. Burnside, WSBA #32491

16                              1201 Third Avenue, Suite 2200
                               Seattle, WA 98101-3045
17                              Tel.: (206) 622-3150
                               Fax: (206) 757-7000
18                              Email:  fredburnside@dwt.com
                                       frederickhaist@dwt.com
19

20

21

22

23

24

25

26

27

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

CERTIFICATE OF SERVICE

1

2     The undersigned hereby declare under penalty of perjury under the laws of the United

3  States of America, that on this day, he caused a copy of the foregoing document to be served

4  upon the following parties of record via messenger:

5

6  Ida V. Canlas
Ophellp
7  10006 Linden Avenue N.
Seattle, WA 98133-9335

8     DATED this 10th day of August, 2018, at Seattle, Washington.

9

10

11               /s/Frederick A. Haist
                 Frederick A. Haist, WSBA #48937

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

NOTICE OF REMOVAL - 5
4829-9263-4478v.1 0050033-000184

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

# Exhibit A
# Complaint

**IDA V. CANLAS**
**OPHELLO S. CANLAS**
10006 Linden Ave N.
Seattle, WA 98133-9335
Tel: (206) 856-6177
Fax: (888) 521-7542
Email: opelcanlas@comcast.net

Plaintiffs in Pro Per

## IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
## IN AND FOR THE COUNTY OF KING
## KING COUNTY COURTHOUSE

| | |
|---|---|
| IDA V. CANLAS AND OPHELLO S. CANLAS<br><br>Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A.; MUFG UNION BANK, N.A; AND DOES 1-10, Inclusive<br><br>Defendants. | Case No. 18-2-16446-0 SEA<br><br>COMPLAINT FOR:<br><br>1. VIOLATIONS OF THE CONSUMER PROTECTION ACT, RCW 19.86, ET SEQ.<br>2. VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692, ET AL<br>3. VIOLATION OF 15 U.S.C. §1692f(6)<br>4. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS<br>5. DECLARATORY RELIEF |

   COMES NOW Plaintiffs, IDA V. CANLAS and OPHELLO S. CANLAS ("Plaintiffs" or

"CANLAS"), files this Complaint against Defendants JPMORGAN CHASE BANK, N.A.,

hereinafter referred to as CHASE, in the capacity as the purported mortgage loan servicer, and

MUFG UNION BANK, N.A., hereinafter referred to as MUFG, in the capacity as the purported

beneficiary and/or assignee of Plaintiffs' debt obligation, complains, pleads and alleges as

1

COMPLAINT

follows:

## I.  STATEMENT OF JURISDICTION

Pursuant to *RCW 4.12.010*, this Court has jurisdiction and venue is proper because this action involves collection activity and title to a real property that is situated within the jurisdiction of this Court

## II.  DATE OF DETERMINATION

Plaintiffs herein request that the date of the Judicial determination sought be that of the date of the filing of the Complaint.

## III.  IDENTITY OF PARTIES

Plaintiffs are informed and believes, and thereon alleges, that at all times relevant hereto Defendant, JPMORGAN CHASE BANK, N.A. ("CHASE") is a national banking institution licensed to do business in the State of Washington, in and of the County and City where subject "PROPERTY" is so situated and physically located which is within this Courts Judicial District. CHASE's principal purpose of business is servicing residential mortgage loans, regularly collect or attempts to collect, directly or indirectly, debts owed or due to another or asserted to be owed or due another and attempts to enforce security interests in real properties.  CHASE is a debt collector pursuant to the Fair Debt Collection Practices Act, hereinafter referred to as the FDCPA, *15 U.S.C. §§1692a(6)* and *1692f(6)*.

Plaintiffs are informed and believes, and thereon alleges, that at all times relevant hereto Defendant, MUFG Union Bank, National Association ("MUFG") is a national entity licensed to do business in the State of Washington, in and of the County and City where subject "PROPERTY" is so situated and physically located which is within this Courts Judicial District. MUFG's principal purpose of business is to regularly collect or attempts to collect, directly or

2

COMPLAINT

indirectly, debts owed or due to another or asserted to be owed or due another and attempts to

enforce security interests in real properties.  MUFG is a debt collector pursuant to the FDCPA,

*15 U.S.C. §§1692a(6) and 1692f(6).*

Plaintiffs are unaware of the true names and capacities of any individuals and/or entities

sued herein under the fictitious names DOES 1 to 10, inclusive or, to the extent that the names of

such individuals or entities may become known to Plaintiffs, and as such Plaintiffs cannot state

with any certainty that such a Cause of Action lies herein as against such individuals or entities,

or Plaintiffs are unable to allege the elements of such Cause of Action, at this time, and as such

said Defendants are herein named in accordance with the provisions of (*Cal Code of Civil*

*Procedure Sec. 474*).  Plaintiffs thereon reserves the right to amend instant Complaint to allege

the true names and capacities of such fictitiously named Defendants when the same become

known or when it has been ascertained with reasonable certainty that such Cause of Action

hereunder can be satisfactorily stated and maintained as against each such fictitiously named

individual or entity.

Plaintiffs are informed and believes and thereon alleges, that in committing certain acts

alleged, some or all of the Defendants named were acting as the Agents, Joint Ventures, Partners,

Representatives, Subsidiaries, Affiliates, Associates, Successors, Assigns and/or Employees

and/or Agents or some or all of the other Defendants, and that some or all of the conduct of such

Defendants, as complained of herein, was within the course and scope and agency of such

relationship.

At all times mentioned in this Complaint, Plaintiffs IDA V. CANLAS and OPHELLO S.

CANLAS are consumers residing in the County of King and are the owners of that certain

Subject Property.

3

COMPLAINT

## V.   FACTUAL ALLEGATIONS

On August 16, 2007, Plaintiffs entered into a consumer loan transaction in favor of LoanCity.com.  LoanCity.com is the "creditor" and originator as defined by the FDCPA, *15 U.S.C. § 1692a(4)*.  The transaction as defined by the FDCPA, *15 U.S.C. §1692a(5)* is a "debt" and hereinafter referred to as a "debt", "debt obligation", or "consumer credit transaction".  Attached as **Exhibit "A"** and incorporated herein by reference is a true and correct copy of the Interest Only Adjustable Rate Note, referred to as Note.

In or around the Winter of 2010, Plaintiffs started experiencing a financial hardship and was unable to make the scheduled payments and the debt fell into default.  Plaintiffs subsequently filed for Chapter 7 bankruptcy protection.  The bankruptcy was discharged on November 24, 2009.  While Plaintiffs were in bankruptcy, the debt obligation was purportedly assigned from Defendant CHASE to Defendant MUFG.

On January 30, 2013, an Assignment of Deed of Trust, hereinafter referred to as ADOT, was executed that granted, conveyed, assigned and transferred and all beneficial interest under the Deed of Trust, but not the Note, to Defendant CHASE.  Plaintiffs allege that when this ADOT was executed, the debt obligation was contractually due for the October 1, 2009 payment.  Pursuant to the *15 U.S.C. §1692a(6)*, Defendant CHASE was a "debt collector" and not a creditor.  Attached as **Exhibit "B"** and incorporated herein by reference is a true and correct copy of the ADOT.  Plaintiffs disputes the contents and truthfulness of the ADOT.  Attached as **Exhibit "C"** and incorporated herein by reference is a copy of the Detailed Transaction History (page 8 of 17) provided to Plaintiffs by Defendant CHASE evidencing that on January 30, 2013, the debt obligation was due for the October 1, 2009 payment.

On December 18, 2015, another ADOT was executed that granted, conveyed, assigned and

4

COMPLAINT

1   transferred to Defendant MUFG all beneficial interest under the Deed of Trust, but not the Note.

2   Plaintiffs allege that when this ADOT was executed, the debt obligation was contractually due

3   for the October 1, 2009 payment. Pursuant to *15 U.S.C. §1692a(6)*, Defendant MUFG is a "debt

4   collector" and not a creditor. Plaintiffs disputes the contents and truthfulness of the ADOT.

5   Attached as **Exhibit "D"** and incorporated herein by reference is a true and correct copy of the

6   ADOT. Plaintiffs disputes the contents and truthfulness of the ADOT. Attached as **Exhibit "E"**

7   and incorporated herein by reference is a copy of the Detailed Transaction History (page 2 of 17)

8   provided to Plaintiffs by Defendant CHASE evidencing that on or about December 18, 2015, the

9
10  debt obligation was due for the October 1, 2009 payment.

11          On March 23, 2017, Defendant CHASE sent a letter to Plaintiffs in response to Plaintiffs'

12  Qualified Written Request, herein QWR, informing them that the current owner of their

13  mortgage loan was Defendant MUFG. Plaintiffs allege that Defendant CHASE violated the

14
15  FDCPA by misrepresenting their true creditor. Attached as **Exhibit "F"** and incorporated herein

16
17  by reference is a true and correct copy of the March 23, 2017 letter.

18          On or about March 28, 2018, Defendants caused their unauthorized agent, Quality Loan

19  Service Corp, hereinafter referred to as QLS, as foreclosing trustee, to execute and send

20  Plaintiffs a Notice of Default, hereinafter referred to as NOD, due to Plaintiffs' failure to make a

21
22  payment on the debt obligation. Plaintiffs allege the NOD are Defendants attempt to inform

23  Plaintiffs that if payment is not made on the debt obligation, they will begin a nonjudicial action

24  to dispossess Plaintiffs from their residence. Plaintiffs allege the NOD falsely represents that

25  Defendants have the legal right and authority to proceed with a nonjudicial action. Attached as

26  **Exhibit "G"** and incorporated herein by reference is a true and correct copy of the NOD.

27
28          On or about May 20, 2018, Defendants, and their unauthorized agent QLS, sent Plaintiffs a

## FIRST CAUSE OF ACTION – VIOLATIONS OF THE CONSUMER PROTECTION ACT

[Against All Defendants and Doe Defendants]

1. Plaintiffs hereby incorporates by reference each and every one of the preceding paragraphs as if the same were fully set forth herein.

2. Defendants are violating the Consumer Protection Act, *RCW 19.86, et seq.* through a course of conduct in executing, recording and relying upon documents that it knew or should have known to be false and or misleading and that have the capacity to deceive a substantial portion of the public.

3. In promulgating false and improperly executed documents, Defendants are engaging in deceptive acts. Defendants are subject to the laws of the State of Washington in connection with their activities within Washington.

4. Defendants are committing unlawful, unfair, or fraudulent acts or practices engaging in the business of debt collection. The acts and practices are likely to deceive the general public as to their legal rights and obligations with respect to the collection of debts.

5. As more particularly described above, the following acts or practices, separately, together, or in combination, constitute "unfair or deceptive acts or practices," which may be prohibited and enjoined, pursuant to *RCW 19.86.020*:

    a. The violations of law alleged in the First and Second Claims;

    b. Defrauding others of money and/or real property by knowingly and designingly making false representations or pretenses

    c. Acting as beneficiaries and trustees without the legal authority to do so;

    d. Executing, manufacturing, creating and recording false, fraudulent, forged and misleading deeds, assignments, notice of sale/default documents; and;

    e. Ignoring Borrowers' Qualified Written Request and Borrowers' demand to produce the original Promissory Note or comply with Borrowers' request for an accounting of all proceeds/payments involved with Borrowers' loan;

    f. Treating borrower as in default on their loans even though the borrowers are under no obligation to make payments to Defendants, or have otherwise

complied with mortgage requirements or Washington law;

   g. Improperly characterizing customers' accounts as being in default or delinquent status to generate unwarranted fees;

   h. Seeking to collect and collecting various improper fees, costs and charges that are either not legally due under the mortgage contract or Washington law, or that are in excess of amounts legally due;

   i. Failing to provide adequate statement information to customers regarding the status of their accounts, payments owed, and/or basis for fees assessed;

   j. Instituting improper or premature foreclosure proceedings to generate unwarranted fees.

6. Defendants have failed to act in good faith as they took and charged fees for services but have not render them competently in compliance with applicable law.

7. Defendants are engaging in a uniform pattern and practice of unfair and over-aggressive servicing that resulted in the assessment of unwarranted and unfair fees against Washington consumers, and premature default resulting in unfair and illegal foreclosure proceedings. The scheme implemented by Defendants was designed to defraud not just Plaintiffs but all Washington consumers and enrich Defendants.

8. Defendants are engaging in these activities as part of a normal course of business and commerce. Such activities are likely to be repeated affecting the people of the State of Washington.

9. The public interest is negatively impacted by the pattern of conduct engaged in by Defendants as evidenced by the repeated acts and obvious potential for repetition.

10. The foregoing acts and practices have caused substantial harm to not only Plaintiffs but to all its Washington consumers and to all Washington taxpayers.

11. Defendants sued herein have engaged and are still engaging in unfair competition by, among other things, doing those things described above. This conduct is unlawful, unfair, or deceptive, and thus constitutes unfair competition.

COMPLAINT

## SECOND CAUSE OF ACTION – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692, ET SEQ.
[Against Defendant MUFG and Doe Defendants]

12. Plaintiffs hereby incorporates by reference each and every one of the preceding paragraphs as if the same were fully set forth herein.

13. Defendant MUFG herein qualifies as a "debt collector" under FDCPA, *15 U.S.C. § 1692a(6)*. MUFG is a "debt collector" because they purportedly acquired an interest in Plaintiff's debt obligation on December 18, 2015 when the debt obligation was contractually due for the October 1, 2009 payment.

14. Plaintiffs herein qualifies as a "consumer" under *15 U.S.C. §1692a(3)*.

15. Defendant MUFG through Defendant CHASE are attempting to collect mortgage payments and are engaging in other unlawful collection practices without the legal right or authority to do so.

16. Plaintiffs allege that Defendants are falsely representing the status of the debt obligation and are misleading Plaintiffs to believe they have the ability to enforce the debt obligation, in which they have no pecuniary equitable, or legal interest.

17. Defendants are violating *Section 1692d* by engaging in abusive and oppressive conduct within **one year** of the filing of the Complaint through (i) refusal to correct accounting errors or adequately responding to Plaintiffs' repeated disputes over several months; (ii) assessment of illegal fees; and improperly attempting to collect amounts that are not due to them. *15 U.S.C. §1692f(1)*.

18. Defendants actions are violating *Sections 1692e* and *1692f* by unfairly, falsely unconscionable and deceptively (i) misrepresenting the status of the debt; (ii) attempting to collect illegal fees and costs not authorized by law or the contract; (iii) misrepresenting the

amounts owed for escrow; (iv) declaring the loan in default status; (v) threatening to proceed with a foreclosure sale if payment is not made; (vi) assessing illegal foreclosure fees; (vii) assessing escrow overdraft charges and improper corporate advances, fees, and costs in their dunning letters, acceleration notices, reinstatement letters, and payoff letters; and (viii); reporting false information and by reporting the loan delinquent to credit bureaus.

19. Defendants are violating *Sections 1692e(2)* by misrepresenting the character, amount, or legal status of the debt obligation by (i) attempting to collect illegal fees and costs no authorized by law or the contract; (ii) misrepresenting the amounts owed for escrow; (iii) declaring the loan in default status; (iv) threatening to proceed with a foreclosure if payment is not made; (v) assessing illegal foreclosure fees; and (vi) assessing escrow overdraft charges and improper corporate advances, fees, and costs in their dunning letters, acceleration notices, reinstatement letters, and payoff letters.

20. Defendants are violating *Sections 1692e(5)* by threatening to take a legal action that cannot legally be taken by not ceasing their foreclosure actions and subsequently (i) making representations of the legal status of the debt; (ii) attempting to collect illegal fees and costs not authorized by law or the contract; (iii) making representations of the amounts owed for escrow; (iv) declaring the loan in default status; (v) threatening to proceed with a foreclosure sale if payment is not made; (vi) assessing illegal foreclosure fees; and (vii) assessing escrow overdraft charges and improper corporate advances, fees, and cost in their dunning letters, acceleration notices, reinstatement letters, and payoff letters.

21. Defendants are violating *Section 1692e(10)* by employing deceptive means by (i) misrepresenting of the status of the debt; (ii) attempting to collect illegal fees and costs not authorized by law or the contract; (iii) misrepresenting the amounts owed for escrow; (iv)

declaring the loan in default status; (v) threatening to proceed with a foreclosure sale if payment is not made; (vi) assessing illegal foreclosure fees; and (vii) assessing escrow overdraft charges and improper corporate advances, fees, and costs in their dunning letters, acceleration notices, reinstatement letters, and payoff letters.

22. Defendants are violating *Section 1692e(13)* by falsely representing or implicating that the foreclosure documents are legal process by (i) misrepresenting of the status of the debt; (ii) attempting to collect illegal fees and costs not authorized by law or the contract; (iii) misrepresenting the amounts owed for escrow; (iv) declaring the loan in default status; (v) threatening to proceed with a foreclosure sale if payment is not made; (vi) assessing illegal foreclosure fees; and (vii) assessing escrow overdraft charges and improper corporate advances, fees, and costs in their dunning letters, acceleration notices, reinstatement letters, and payoff letters.

23. Defendants are violating *Section 1692f(1)* by attempting to collect amounts (including any interest, fee, charge, or expense incidental to the principal obligation) that were not expressly authorized by the agreement creating the debt (Note and Deed of Trust) or permitted by law by (i) misrepresenting the status of the debt; (ii) attempting to collect illegal fees and costs not authorized by law or the contract; (iii) misrepresenting the amounts owed for escrow; (iv) declaring the loan in default status; (v) threatening to proceed with a foreclosure sale if payment is not made; (vi) assessing illegal foreclosure fees; (vii) assessing escrow overdraft charges and improper corporate advances, fees, and costs in their dunning letters, acceleration notices, reinstatement letters, and payoff letters; and (viii) reporting false information and by reporting the loan delinquent to credit bureaus.

24. The conduct described above by Defendants is malicious because Defendants knows

that they were not acting on behalf of the current pecuniary beneficiary of the debt obligation. However, despite such knowledge, Defendants continue to demand collection of mortgage payments and attempts to proceed with a nonjudicial foreclosure due to nonpayment on the debt obligation.

25. Defendants continuously attempts to collect an unverified alleged debt without providing verified evidence they have a legal right to do so which is a violation of *15 U.S.C. § 1692g(b)*. At all times relevant in this action, Defendant acquired whatever data they have in their possession from a third party.

26. Defendants are falsely representing the character of the alleged debt and are misrepresenting that they are a "creditor" and not a "debt collector. The NOD and NOTS were created and publicly recorded in violation of *15 U.S.C. § 1692j(a)(b)* and was compiled and designed in order to collect payment from an illegal sale of Plaintiffs' personal private Property.

27. As a result of each and every violation of the FDCPA, Plaintiffs are entitled to any actual damages, including emotional distress, pursuant to *Section 1692k(a)(1)*; statutory damages in an amount up to $1,000.00 pursuant to *Section 1692k(a)(2)(A)*; reasonable attorneys' fees, and costs pursuant to the FDCPA; and declaratory relief, from each and every Defendant herein.

## THIRD CAUSE OF ACTION – VIOLATION OF 15 U.S.C. §1692f(6)
[Against All Defendants and Doe Defendants]

28. Plaintiffs hereby incorporates by reference each and every one of the preceding paragraphs as if the same were fully set forth herein.

29. Defendants are threatening to take a nonjudicial action to enforce the security interest in Plaintiffs' Deed of Trust because Plaintiffs have failed to make a payment on the debt obligation. Plaintiffs allege Defendants conduct is in violation of *15 U.S.C. §1692f(6)*.

12

COMPLAINT

30. As alleged herein, Plaintiffs' debt obligation was not legally transferred, conveyed, or assigned to Defendant MUFG before the debt collection fell into default. Any interest claimed by Defendant MUFG was acquired after the debt was already in default. Pursuant to *15 U.S.C. §1692a(6)*, Defendant MUFG is a debt collector and not a creditor.

31. Defendants are violating *15 U.S.C. §1692f(6)* by perpetrating as "creditors" and threatening to proceed with a non-judicial foreclosure action on Plaintiffs' Property when they have no present right to possession of the Property claimed as collateral through an enforceable security interest and there is no present intention to take possession of the property. *15 U.S.C. §1692f(6)* regulates more than just the collection of a money debt, it prohibits a nonjudicial action to dispossess Plaintiffs from their home without a legal ability to do so.

32. In addition to their liability for actual damages caused to Plaintiffs, Defendants are also liable for statutory damages pursuant to *15 U.S.C. §1692k*, in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
[Against All Defendants and Doe Defendants]

33. Plaintiffs hereby incorporates by reference each and every one of the preceding paragraphs as if the same were fully set forth herein.

34. "A cause of action for intentional infliction of emotional distress exists when there is (1) extreme and outrageous conduct by defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by defendant's outrageous conduct.'" A defendant's conduct is 'outrageous' when it is so 'extreme as to exceed all bounds of that usually tolerated in a civilized community' and defendant's

conduct must be 'intended to inflict injury or engaged in with the realization that injury will result.'"

35. It is extreme and outrageous for Defendants to be attempting to collect a debt and attempting to enforce the power of sale contained in Plaintiffs' Deed of Trust without the legal right or ability to do so.

36. No civilized community would tolerate such extremely outrageous behavior. By engaging in such conduct, Defendants have intended shame to Plaintiffs and force them into paying the debt.

37. As a result of Defendants' abusive conduct towards Plaintiffs, Plaintiffs have suffered severe emotional distress in that they are suffering from depression, loss of sleep, anxiety, fear, embarrassment, humiliation, and fear.

38. Plaintiffs are further informed and believes that the aforesaid conduct is malicious and oppressive, entitling Plaintiffs to punitive damages.

## FIFTH CAUSE OF ACTION – DECLARATORY RELIEF
[Against All Defendants and Doe Defendants]

39. Plaintiffs hereby incorporates by reference each and every one of the preceding paragraphs as if the same were fully set forth herein.

40. *RCW 61.24.005* defines "beneficiary" as the "holder of the instrument" that is secured by any deed of trust under *RCW 61.24.* Defendant MUFG is not a "beneficiary" of Plaintiffs' debt obligation. They are a "debt collector" as defined by *15 U.S.C. §1692a(6).*

41. The Note and Deed of Trust at issue in the case identified LoanCity.com as beneficiary and not Defendants.

42. Only those beneficiaries meeting the definition of *RCW 61.24.005* may engage in a

14

COMPLAINT

nonjudicial action in the State of Washington.

43. Any Deed of Trust naming a party other than the "holder of the instrument" as beneficiary is void under Washington law.

44. The two ADOTs in the case herein were created and executed after the debt obligation was in default. A controversy exists between Plaintiffs and Defendants whether any attempt to nonjudicially foreclose on the Property is unlawful under Washington law.

45. Plaintiffs will suffer immediate damage and harm if the nonjudicial process described herein is not declared unlawful and permanently enjoined.

<u>**PRAYER FOR RELIEF**</u>

**WHEREFORE**, Plaintiffs pray to the Court for relief as follows:

1. On the First, Second and Third Claims for violating the FDCPA and the Consumer Protection Act, pursuant to *RCW 19.86*, et seq., an award of actual and statutory, costs and reasonable attorney's fees, if applicable;

2. That Defendants' action in continuing and seeking to enforce a nonjudicial action under the deed of trust due to nonpayment on a debt obligation be declared unlawful and void under the relevant provisions of *RCW 61.24*;

3. Enter judgment permanently enjoining Defendants from conducting any trustee's sale under the deed of trust;

4. That Plaintiffs be awarded consequential damages, including attorney fees, if any, incurred in defending against Defendants described more particularly above, in an amount to be proved at trial.

5. That Plaintiffs be awarded any statutory damages available;

6. That the actions Defendants be determined to be unfair and deceptive business

practices in violation of *RCW 19.86, et seq.* and this Court award all such relief to Plaintiffs as they may be entitled, including treble damages and an award for costs and attorney's fees, if any;

  7. That Plaintiffs have such other and further relief as may be just and equitable.


Respectfully submitted by:

Dated:  June 20, 2018

_____
Ida V. Canlas
Plaintiff

_____
Ophelio S. Canlas
Plaintiff

16

COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "A"

# NOTE

May 17, 2004                    LYNNWOOD                    Washington
*[Date]*                        *[City]*                    *[State]*

902 NORTH 100TH STREET, SEATTLE, WA 98133
*[Property Address]*

1.  **BORROWER'S PROMISE TO PAY**
    In return for a loan that I have received, I promise to pay U.S. $ 212,000.00   (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is   LoanCity.com, a California Corporation   . I will make all payments under this Note in the form of cash, check or money order.
    I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

2.  **INTEREST**
    Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of   5.750   %.
    The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

3.  **PAYMENTS**
    (A) **Time and Place of Payments**
    I will pay Principal and interest by making a payment every month.
    I will make my monthly payment on the   1st   day of each month beginning on   July,  2004   . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on   June  1, 2034   , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."
    I will make my monthly payments at   LoanCity.com, 5671 Santa Teresa Boulevard, Suite 100, San Jose, CA 95123   or at a different place if required by the Note Holder.

    (B) **Amount of Monthly Payments**
    My monthly payment will be in the amount of U.S. $   1,820.75   .

4.  **BORROWER'S RIGHT TO PREPAY**
    I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.
    I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

Loan No: W01759069                                          MIN: 100058370000169948

Multistate Fixed Rate Note—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT        Form 3200 01/01
—THE COMPLIANCE SOURCE, INC.—                          Page 1 of 3                       1140IMU 08/00
www.compliancesource.com                                                    ©2000, The Compliance Source, Inc.


PNOTE

5.    **LOAN CHARGES**

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

6.    **BORROWER'S FAILURE TO PAY AS REQUIRED**

(A) Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of         15       calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be   5.000       % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

(B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

(C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

(D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

(E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

7.    **GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

8.    **OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

9.    **WAIVERS**

I and any other person who has obligations under this Note waive the rights of presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

10.    **UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same

Loan No: W01759069

Multistate Fixed Rate Note—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
—THE COMPLIANCE SOURCE, INC.—                Page 2 of 3
www.compliancesource.com

Form 3200 01/01
1260IMU 08/00
©2000, The Compliance Source, Inc.

$312,200.00

date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)
IDA V. CANLAS                    -Borrower

SSN:  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

_____ (Seal)
OPHELLO S. CANLAS               -Borrower

SSN:  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

_____ (Seal)
                                 -Borrower

_____ (Seal)
                                 -Borrower

                                                        [Sign Original Only]

Loan No:  W01759069
Multistate Fixed Rate Note—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
—THE COMPLIANCE SOURCE, INC.—                    Page 3 of 3
www.compliancesource.com

Form 3200 01/01
12461MU 08/00
©2003, The Compliance Source, Inc.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "B"

After Recording Return to:
Northwest Trustee Services, Inc.
Attention: Heather L. Smith
P.O. Box 997
Bellevue, WA 98009-0997

---

7763.10552/Canlas, Ida V. and Ophello S.

MIN# 1000583100000169948
Mers phone # 888-679-6377

## Assignment of Deed of Trust

- For Value Received, the undersigned as Beneficiary, hereby grants, conveys, assigns and transfers to JPMorgan Chase Bank, National Association, whose address is 800 Brooksedge Blvd, Westerville, OH 43081, all beneficial interest under that certain deed of trust, dated 05/17/04, executed by Ida V. Canlas and Ophello S. Canlas, wife and husband, Grantors, to Fidelity National Title Company of Washington, Trustee, and recorded on 05/24/04, under Auditor's File No. 20040524000480, Records of King County, Washington described as follows:

Exhibit A Attached

Dated __January 30__, 20_13_

Mortgage Electronic Registration Systems Inc as nominee for LoanCity.com, a California Corporation its successors and assigns

By: _Rebecca Dietrich_
Title: __Assistant Secretary__

Rebecca Dietrich

STATE OF _____**Ohio**_____        )
                                       ) ss.
COUNTY OF_____**Franklin**_____     )

I certify that I know or have satisfactory evidence that ___Rebecca Dietrich___ is the person who appeared before me, and said person acknowledged that (he/she) signed this instrument, on oath stated that (he/she) was authorized to execute the instrument and acknowledged it as the __Assistant Secretary__ of Mortgage Electronic Registration Systems Inc as nominee for LoanCity.com, a California Corporation its successors and assigns to be the free and voluntary act of such party for the uses and purposes mentioned in the instrument.

Dated: _1-30 13_

_____Andrew Hennick
NOTARY PUBLIC in and for the State of .
                                      **Ohio**
Residing at _Franklin Co_
My commission expires _10-31-17_

ANDREW HENNICK
Notary Public
State of Ohio
My Commission Expires 10-31-17

Exhibit A

Lot "A", City of Seattle Short Plat No 9502851
Lot "A", City of Seattle Short Plat No 9502851, as recorded under Recording No 9509201144, said Short Plat
described as follows   Lots 28 and 29, Block 20, North Park, an Addition to the City of Seattle, according to the plat
thereof recorded in Volume 18 of Plats, Page 76, records of King County, Washington.  Situate in the County of
King, State of Washington
Parcel ID:614560276501

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "C"

Chase Detailed Transaction History

Date: 4/7/2017
Pg8 of 17

**Loan # 1022250580**
IDA V CANLAS
OPHELLO S CANLAS

| Interest Rate: | 5.75% |
| Payment Due Date: | 10/1/2009 |
| Monthly Payment Amt: | $1,820.75 |
| Current Escrow Balance: | $-32,853.05 |
| Current Principal Balance: | $287,881.16 |

**Mailing Address:**
C/O FREEL SPARKS LAW FIRM PLLC
12345 LAKE CITY WAY NE #202
SEATTLE, WA 981250000

**Property Address:**
10006 LINDEN AVENUE NORTH
SEATTLE, WA 98133-0000

Activity for Period  1/1/2009  –  4/3/2017

| Reference # | Tran Date / Principal Amt | Effective Date / Interest Amt | Due Date / Escrow Amt | Total Tran Amt / Fees/Other Amt | Transaction Description / Suspense Amt |
|---|---|---|---|---|---|
| 79 | 3/26/2013 | 3/26/2013 | | $14.00 | |
| | $0.00 | $0.00 | $0.00 | $14.00 | $0.00 |
| 78 | 3/26/2013 | 3/26/2013 | 4/1/2013 | $-1,765.41 | COUNTY TAX |
| | $0.00 | $0.00 | $-1,765.41 | $0.00 | |
| 77 | 1/8/2013 | 1/8/2013 | | $14.00 | |
| | $0.00 | $0.00 | $0.00 | $14.00 | $0.00 |
| 76 | 11/21/2012 | 11/21/2012 | | $14.00 | |
| | $0.00 | $0.00 | $0.00 | $14.00 | $0.00 |
| 75 | 10/16/2012 | 10/16/2012 | | $14.00 | |
| | $0.00 | $0.00 | $0.00 | $14.00 | $0.00 |
| 74 | 10/2/2012 | 10/2/2012 | 10/1/2009 | $1,856.01 | ESCROW ADVANCE |
| | $0.00 | $0.00 | $1,856.01 | $0.00 | $0.00 |
| 73 | 10/2/2012 | 10/2/2012 | 10/1/2012 | $-1,856.01 | COUNTY TAX |
| | $0.00 | $0.00 | $-1,856.01 | $14.00 | |
| 72 | 9/21/2012 | 9/21/2012 | | $14.00 | |
| | $0.00 | $0.00 | $0.00 | $14.00 | $0.00 |

Chase Detailed Transaction History

Date: 4/7/2017
Pg7 of 17

**Loan # 1022250580**
IDA V CANLAS
OPHELLO S CANLAS

**Property Address:**
10006 LINDEN AVENUE NORTH
SEATTLE, WA 98133-0000

| Interest Rate: | 5.75% |
|---|---|
| Payment Due Date: | 10/1/2009 |
| Monthly Payment Amt: | $1,820.75 |
| Current Escrow Balance: | $-32,653.05 |
| Current Principal Balance: | $287,881.16 |

**Mailing Address:**
C/O FREEL SPARKS LAW FIRM PLLC
12345 LAKE CITY WAY NE #202
SEATTLE, WA 9812500000

Activity for Period   1/1/2009  --  4/3/2017

| Reference # | Tran Date Principal Amt | Effective Date Interest Amt | Due Date Escrow Amt | Total Tran Amt Fees/Other Amt | Transaction Description Suspense Amt |
|---|---|---|---|---|---|
| 87 | 7/25/2013 | 7/25/2013 | | $14.00 | |
| | $0.00 | $0.00 | $0.00 | $0.00 | |
| 86 | 6/25/2013 | 6/25/2013 | | $14.00 | |
| | $0.00 | $0.00 | $0.00 | $0.00 | |
| 85 | 5/29/2013 | 5/29/2013 | | $14.00 | |
| | $0.00 | $0.00 | $0.00 | $0.00 | |
| 84 | 5/1/2013 | 5/1/2013 | 10/1/2009 | $955.00 | ESCROW ADVANCE |
| | $0.00 | $0.00 | $955.00 | $0.00 | |
| 83 | 5/1/2013 | 5/1/2013 | 5/1/2013 | $-955.00 | HOMEOWNERS INSURANCE |
| | $0.00 | $0.00 | $-955.00 | $0.00 | |
| 82 | 4/24/2013 | 4/24/2013 | | $14.00 | |
| | $0.00 | $0.00 | $0.00 | $0.00 | |
| 81 | 4/4/2013 | 4/4/2013 | | $14.00 | |
| | $0.00 | $0.00 | $0.00 | $0.00 | |
| 80 | 3/26/2013 | 3/26/2013 | 10/1/2009 | $1,765.41 | ESCROW ADVANCE |
| | $0.00 | $0.00 | $1,765.41 | $0.00 | |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "D"

20160107000995.001

**Electronically Recorded**
**20160107000995**

SIMPLIFILE                 AOT          17.00
Page 001 of  003
01/07/2016 03:37
King County, WA

After Recording Mail to:
Northwest Trustee Services, Inc.
Heather L. Smith
P.O. Box 997
Bellevue, WA 98009-0997

11034129

Document Title(s): (or transactions contained therein)

Assignment Deed of Trust

Reference Number(s) of Documents assigned or released:

20040524000480 _____Additional numbers on page_____ of document

Grantor(s): (Last name first, then first and initials)
1. Canlas, Ida V
2. Canlas, Ophello S.
3. Mortgage Electronic Registration Systems, Inc. solely as nominee for LoanCity.com, a California corporation its
successors and assigns
4. MUFG Union Bank, National Association
5._____Additional names on page_____of document

Grantee(s): (Last name first, then first and initials)
1. Northwest Trustee Services, Inc.
2.
3.
4.
5.  Additional name on page_____of document

Abbreviated Legal Description as follows: (i.e. lot/block/plat or section/township/range/quarter/quarter)

Lot "A", City of Seattle Short Plat No 9502851

_____Complete legal description is on page_____of document

Assessor's Property Tax Parcel/Account Number(s):

614560276501

I am requesting an emergency nonstandard recording for an additional fee as provided in RCW 36.18.010. I
understand that the recording processing requirements may cover up or otherwise obscure some part of the
text of the original document.

Signature of Requesting Party

2016010700095.002

After Recording Return to:
Northwest Trustee Services, Inc.
Attention: Heather L. Smith
P.O. Box 997
Bellevue, WA 98009-0997

7763.10552/Canlas, Ida V. and Ophello S.

## Assignment of Deed of Trust

For Value Received, the undersigned as Beneficiary, hereby grants, conveys, assigns and transfers to MUFG Union Bank, National Association, whose address is 800 Brooksedge Blvd Westerville, OH 43081, all beneficial interest under that certain deed of trust, dated 05/17/04, executed by Ida V. Canlas and Ophello S. Canlas, wife and husband, Grantors, to Fidelity National Title Company of Washington, Trustee, and recorded on 05/24/04, under Auditor's File No. 20040524000480, Records of King County, Washington described as follows:

Exhibit A Attached

Dated __DECEMBER 18th, 20 15__

                                        JPMorgan Chase Bank, National Association

                                        By: _____    Mariam Davis
                                        Title: _____Vice President_____

STATE OF _____Ohio_____         )
                                  ) ss.
COUNTY OF_____Franklin_____     )

I certify that I know or have satisfactory evidence that _____Mariam Davis_____ is the person who appeared before me, and said person acknowledged that (he/she) signed this instrument, on oath stated that (he/she) was authorized to execute the instrument and acknowledged it as the _____Vice President_____ of JPMorgan Chase Bank, National Association to be the free and voluntary act of such party for the uses and purposes mentioned in the instrument.

Dated: __12/18/2015__

                                        _____
                                        NOTARY PUBLIC in and for the State of ___Ohio___
                                        __Caitin Marquardt__
                                        Residing at _____Franklin_____
                                        My commission expires ___08/10/2019___

                        CAITIN MARQUARDT
                        Notary Public, State of Ohio
                        My Commission Expires 08-10-2019

20160107000995.003

Exhibit A

Lot "A", City of Seattle Short Plat No 9502851
Lot "A", City of Seattle Short Plat No 9502851, as recorded under Recording No 9509201144, said Short Plat described as follows  Lots 28 and 29, Block 20, North Park, an Addition to the City of Seattle, according to the plat thereof recorded in Volume 18 of Plats, Page 76, records of King County, Washington.  Situate in the County of King, State of Washington
Parcel ID:614560276501

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "E"

Chase Detailed Transaction History

Date: 4/7/2017
Pg2 of 17

**Loan # 1022250580**
IDA V CANLAS
OPHELLO S CANLAS

**Property Address:**
10006 LINDEN AVENUE NORTH
SEATTLE, WA 98133-0000

| Interest Rate: | 5.75% |
|---|---|
| Payment Due Date: | 10/1/2009 |
| Monthly Payment Amt: | $1,820.75 |
| Current Escrow Balance: | $-32,853.05 |
| Current Principal Balance: | $287,881.16 |

**Mailing Address:**
C/O FREEL SPARKS LAW FIRM PLLC
12345 LAKE CITY WAY NE #202
SEATTLE, WA 981250000

**Activity for Period   1/1/2009  –  4/3/2017**

| Reference # | Tran Date / Principal Amt | Effective Date / Interest Amt | Due Date / Escrow Amt | Total Tran Amt / Fees/Other Amt | Transaction Description / Suspense Amt |
|---|---|---|---|---|---|
| 127 | 5/2/2016 | 5/2/2016 | 10/1/2009 | $992.00 | ESCROW ADVANCE |
|  | $0.00 | $0.00 | $992.00 | $0.00 | $0.00 |
| 126 | 5/2/2016 | 5/2/2016 | 5/1/2016 | $-992.00 | HOMEOWNERS INSURANCE |
|  | $0.00 | $0.00 | $-992.00 | $0.00 | $0.00 |
| 125 | 4/6/2016 | 4/6/2016 | 10/1/2009 | $2,245.96 | ESCROW ADVANCE |
|  | $0.00 | $0.00 | $2,245.96 | $0.00 | $0.00 |
| 124 | 4/6/2016 | 4/6/2016 | 4/1/2016 | $-2,245.96 | COUNTY TAX |
|  | $0.00 | $0.00 | $-2,245.96 | $0.00 | $0.00 |
| 123 | 10/6/2015 | 10/6/2015 | 10/1/2009 | $1,939.20 | ESCROW ADVANCE |
|  | $0.00 | $0.00 | $1,939.20 | $0.00 | $0.00 |
| 122 | 10/6/2015 | 10/6/2015 | 10/1/2015 | $-1,939.20 | COUNTY TAX |
|  | $0.00 | $0.00 | $-1,939.20 | $0.00 | $0.00 |
| 121 | 5/1/2015 | 5/1/2015 | 10/1/2009 | $992.00 | ESCROW ADVANCE |
|  | $0.00 | $0.00 | $992.00 | $0.00 | $0.00 |
| 120 | 5/1/2015 | 5/1/2015 | 5/1/2015 | $-992.00 | HOMEOWNERS INSURANCE |
|  | $0.00 | $0.00 | $-992.00 | $0.00 | $0.00 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "F"

Chase
P.O. Box 183166
Columbus, OH 43218-3166

**CHASE**

March 23, 2017

Ida V. Canlas and Ophello S. Canlas
12345 Lake City Way NE #202
Seattle, WA 98125-0000

**Here's the contact information you requested**

Account:            1022250580
Property Address:   10006 Linden Avenue North
                    Seattle, WA 98133-0000

Dear Ida V. Canlas and Ophello S. Canlas:

We're responding to your request for information about the owner of the mortgage loan above. We answer questions and service this mortgage on behalf of an investor, so we're providing the contact information you requested.

The information for the current owner of the mortgage loan is:

MUFG Union Bank, N.A.
9885 Towne Centre Drive
San Diego, CA 92121
1-858-795-0595

The ownership may change from time to time during the term of the of the mortgage loan.

If you have questions, please call us at one of the numbers below.

Sincerely,

Dean Cooper
Managing Director
Chase
1-800-848-9136
1-800-582-0542 TTY
www.chase.com

Esta comunicación contiene información importante acerca de la cuenta. Si tiene alguna pregunta o necesita ayuda para traducirla, comuníquese con nosotros llamando al 1-800-848-9136.

 **Important Legal Information** 

**We are a debt collector**
This communication is an attempt to collect a debt and any information obtained will be used for that purpose. However, to the extent your original obligation was discharged or is subject to an automatic stay of bankruptcy under Title 11 of the United States Code, this notice is for compliance with non-bankruptcy law and/or informational purposes only and does not constitute an attempt to collect a debt or to impose personal liability for such obligation. Nothing in this letter (including our use of the words "your," "loan," "mortgage," or "account") means that you're required to repay a debt that's been discharged. Any payment you make on the account is voluntary, but we may still have rights under the security instrument, including the right to foreclose on the property.

If you are represented by an attorney, please refer this letter to your attorney and provide us with the attorney's name, address, and telephone number.

<div align="right">CR50253<br>CC815</div>

# EXHIBIT "G"

# NOTICE OF DEFAULT
Pursuant to the Revised Code of Washington 61.24. et seq.

To:   IDA V. CANLAS AND OPHELLO S. CANLAS, WIFE AND HUSBAND
T.S No.:   WA-17-775269-BB

### THIS NOTICE IS ONE STEP IN A PROCESS THAT COULD RESULT IN YOUR LOSING YOUR HOME.

You may be eligible for mediation in front of a neutral third party to help save your home.

CONTACT A HOUSING COUNSELOR OR AN ATTORNEY LICENSED IN WASHINGTON NOW to assess your situation and refer you to mediation if you might benefit. Mediation MUST be requested between the time you receive the Notice of Default and no later than twenty days after the Notice of Trustee Sale is recorded.

DO NOT DELAY. If you do nothing, a notice of sale may be issued as soon as 30 days from the date of this notice of default. The notice of sale will provide a minimum of 120 days' notice of the date of the actual foreclosure sale.

BE CAREFUL of people who claim they can help you. There are many individuals and businesses that prey upon borrowers in distress. REFER TO THE CONTACTS BELOW for sources of assistance.

### SEEKING ASSISTANCE

Housing counselors and legal assistance may be available at little or no cost to you. If you would like assistance in determining your rights and opportunities to keep your house, you may contact the following:

The statewide foreclosure hotline for assistance and referral to housing counselors recommended by the Housing Finance Commission: Toll-free: 1-877-894-HOME (1-877-894-4663) or Website: http://www.dfi.wa.gov/consumers/homeownership/post_purchase_counselors_foreclosure.htm.

The United States Department of Housing and Urban Development: Toll-free: 1-800-569-4287 or National WebSite: http://portal.hud.gov/hudportal/HUD or for Local counseling agencies in Washington: http://www.hud.gov/offices/hsg/sfh/hcc/fc/index.cfm?webListAction=search&searchstate=WA&filterSvc=dfc.

The statewide civil legal aid hotline for assistance and referrals to other housing counselors and attorneys: Telephone: 1-800-606-4819 or Website: http://nwjustice.org/what-clear.

The current owner of the Note secured by the Deed of Trust is:
MUFG Union Bank, National Association
800 Brooksedge Blvd
Westerville, OH 43081



# FORECLOSURE LOSS MITIGATION FORM

## (Chapter 61.24 RCW)

Borrowers:   IDA V CANLAS
OPHELLO S CANLAS

Beneficiary:

Loan Servicer: JP Morgan Chase Bank N.A.

Property Address:   10006 LINDEN AVENUE NORTH
SEATTLE WA 98133

Loan #: ⬛⬛⬛⬛⬛⬛

The undersigned beneficiary or authorized agent for the beneficiary hereby represents and declares under the penalty of perjury that:

☐ The beneficiary or beneficiary's authorized agent has contacted the borrower under, and has complied with RCW 61.24.031 (contact provision to "assess the borrower's financial ability to pay the debt secured by the deed of trust and explore options for the borrower to avoid foreclosure") and the borrower responded but did not request a meeting.

☐ The beneficiary or beneficiary's authorized agent has contacted the borrower as required under RCW 61.24.031 and the borrower or the borrower's designated representative requested a meeting. A meeting was held on _____ at _____ in compliance with RCW 61.24.031.

☐ The beneficiary or beneficiary's authorized agent has contacted the borrower as required in RCW 61.24.031 and the borrower or the borrower's designated representative requested a meeting. A meeting was scheduled for _____ at _____ and neither the borrower nor the borrower's designated representative appeared.

☑ The beneficiary or beneficiary's authorized agent has exercised due diligence to contact the borrower as required in RCW 61.24.031(5) and the borrower did not respond.

☐ The borrower has surrendered the secured property as evidenced by either a letter confirming the surrender or by delivery of the keys to the secured property to the beneficiary, the beneficiary's authorized agent or to the trustee.

Dated: 03/28/2018

_Nijaz Pajic_
Nijaz Pajic      Authorized Signer

JPMorgan Chase Bank, N.A.

# ATTENTION PROPERTY RESIDENTS

The foreclosure process has begun on this property, which may affect your right to continue to live in this property. Ninety days or more after the date of this notice, this property may be sold at foreclosure.

If you are the owner of the property, the purchaser will be entitled to possession of the property 20 days after the foreclosure sale.

Under Washington law, if you are renting this property, the new property owner may either give you a new rental agreement or provide you with a sixty-day notice to vacate the property. If the loan being foreclosed falls within certain guidelines, you may also have additional rights under Federal law.

You may wish to contact a lawyer or your local legal aid or housing counseling agency to discuss any rights that you may have.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "H"

WHEN RECORDED MAIL TO:
Quality Loan Service Corp. of Washington
C/O Quality Loan Service Corporation
411 Ivy Street
San Diego, CA 92101

TS No.: WA-17-775269-BB                                    SPACE ABOVE THIS LINE FOR RECORDER'S USE
APN No.: 614560276501
Title Order No.: 160020599-WA-MSI
Deed of Trust Grantor(s): OPHELLO S CANLAS, IDA V CANLAS
Deed of Trust Grantee(s): MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC AS
NOMINEE FOR LOANCITY.COM, A CALIFORNIA CORPORATION, ITS SUCCESSORS AND
ASSIGNS
Deed of Trust Instrument/Reference No.: 20040524000480

## NOTICE OF TRUSTEE'S SALE
Pursuant to the Revised Code of Washington 61.24, et seq.

I.    NOTICE IS HEREBY GIVEN that Quality Loan Service Corp. of Washington, the undersigned
Trustee, will on 10/5/2018, at 10:00 AM At the 4th Ave entrance to the King County Administration
Building, located one block east of the Courthouse, 500 4th Ave, Seattle, WA 98104 sell at public auction
to the highest and best bidder, payable in the form of credit bid or cash bid in the form of cashier's check or
certified checks from federally or State chartered banks, at the time of sale the following described real
property, situated in the County of KING, State of Washington, to-wit:

LOT "A", CITY OF SEATTLE SHORT PLAT NO. 9502851, AS RECORDED UNDER RECORDING
NO. 9509201144, SAID SHORT PLAT DESCRIBED AS FOLLOWS: LOTS 28 AND 29, BLOCK 20,
NORTH PARK, AN ADDITION TO THE CITY OF SEATTLE, ACCORDING TO THE PLAT
THEREOF RECORDED IN VOLUME 18 OF PLATS, PAGE 76, RECORDS OF KING COUNTY,
WASHINGTON. SITUATE IN THE COUNTY OF KING, STATE OF WASHINGTON.

More commonly known as: 10006 Linden Avenue North, Seattle, WA 98133

which is subject to that certain Deed of Trust dated 5/17/2004, recorded 5/24/2004, under Instrument No.
20040524000480    records of KING County, Washington, from IDA V. CANLAS AND OPHELLO S.
CANLAS, WIFE AND HUSBAND, as grantor(s), to FIDELITY NATIONAL TITLE COMPANY OF
WASHINGTON, as original trustee, to secure an obligation in favor of MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC AS NOMINEE FOR LOANCITY.COM, A CALIFORNIA
CORPORATION, ITS SUCCESSORS AND ASSIGNS, as original beneficiary, the beneficial interest in
which was subsequently assigned to MUFG Union Bank, National Association, the Beneficiary, under an
assignment recorded under Auditors File Number 20160107000995

II.    No action commenced by the Beneficiary of the Deed of Trust is now pending to seek satisfaction of
the obligation in any Court by reason of the Borrower's or Grantor's default on the obligation secured by the
Deed of Trust/Mortgage.

III.    The default(s) for which this foreclosure is made is/are as follows: Failure to pay when due the
following amounts which are now in arrears: $167,121.63.

IV.    The sum owing on the obligation secured by the Deed of Trust is: The principal sum of $273,169.85, together with interest as provided in the Note from 4/1/2012 on, and such other costs and fees as are provided by statute.

V.    The above-described real property will be sold to satisfy the expense of sale and the obligation secured by the Deed of Trust as provided by statute.  Said sale will be made without warranty, expressed or implied, regarding title, possession or encumbrances on 10/5/2018. The defaults referred to in Paragraph III must be cured by 9/24/2018 (11 days before the sale date), or by other date as permitted in the Note or Deed of Trust, to cause a discontinuance of the sale.  The sale will be discontinued and terminated if at any time before 9/24/2018 (11 days before the sale), or by other date as permitted in the Note or Deed of Trust, the default as set forth in Paragraph III is cured and the Trustee's fees and costs are paid. Payment must be in cash or with cashiers or certified checks from a State or federally chartered bank.  The sale may be terminated any time after the 9/24/2018 (11 days before the sale date) and before the sale, by the Borrower or Grantor or the holder of any recorded junior lien or encumbrance by paying the principal and interest, plus costs, fees and advances, if any, made pursuant to the terms of the obligation and/or Deed of Trust, and curing all other defaults.

VI.    A written Notice of Default was transmitted by the Beneficiary or Trustee to the Borrower(s) and Grantor(s) by both first class and certified mail, proof of which is in the possession of the Trustee; and the Borrower and Grantor were personally served, if applicable, with said written Notice of Default or the written Notice of Default was posted in a conspicuous place on the real property described in Paragraph I above, and the Trustee has possession of proof of such service or posting. The list of recipients of the Notice of Default is listed within the Notice of Foreclosure provided to the Borrower(s) and Grantor(s). These requirements were completed as of 4/16/2018.

VII.    The Trustee whose name and address are set forth below will provide in writing to anyone requesting it, a statement of all costs and fees due at any time prior to the sale.

VIII.    The effect of the sale will be to deprive the Grantor and all those who hold by, through or under the Grantor of all their interest in the above-described property.

IX.    Anyone having any objections to this sale on any grounds whatsoever will be afforded an opportunity to be heard as to those objections if they bring a lawsuit to restrain the sale pursuant to RCW 61.24.130. Failure to bring such a lawsuit may result in a waiver of any proper grounds for invalidating the Trustee's sale.

X.    NOTICE TO OCCUPANTS OR TENANTS – The purchaser at the Trustee's Sale is entitled to possession of the property on the 20th day following the sale, as against the Grantor under the deed of trust (the owner) and anyone having an interest junior to the deed of trust, including occupants who are not tenants. After the 20th day following the sale the purchaser has the right to evict occupants who are not tenants by summary proceedings under Chapter 59.12 RCW. For tenant-occupied property, the purchaser shall provide a tenant with written notice in accordance with RCW 61.24.060.

**THIS NOTICE IS THE FINAL STEP BEFORE THE FORECLOSURE SALE OF YOUR HOME.**

You have only 20 DAYS from the recording date of this notice to pursue mediation.

**DO NOT DELAY. CONTACT A HOUSING COUNSELOR OR AN ATTORNEY LICENSED IN WASHINGTON NOW** to assess your situation and refer you to mediation if you are eligible and it may help you save your home. See below for safe sources of help.

SEEKING ASSISTANCE

Housing counselors and legal assistance may be available at little or no cost to you. If you would like assistance in determining your rights and opportunities to keep your house, you may contact the following:



The statewide foreclosure hotline for assistance and referral to housing counselors recommended by the Housing Finance Commission: Toll-free: 1-877-894-HOME (1-877-894-4663) or Web site: http://www.dfi.wa.gov/consumers/homeownership/post_purchase_counselors_foreclosure.htm.

The United States Department of Housing and Urban Development: Toll-free: 1-800-569-4287 or National Web Site: http://portal.hud.gov/hudportal/HUD or for Local counseling agencies in Washington: http://www.hud.gov/offices/hsg/sfh/hcc/fc/index.cfm?webListAction=search&searchstate=WA&filterSvc=dfc

The statewide civil legal aid hotline for assistance and referrals to other housing counselors and attorneys: Telephone: 1-800-606-4819 or Web site: http://nwjustice.org/what-clear.

**Additional disclaimers provided by the Trustee:** If you have previously been discharged through bankruptcy, you may have been released of personal liability for this loan in which case this letter is intended to exercise the noteholders rights against the real property only.

QUALITY MAY BE CONSIDERED A DEBT COLLECTOR ATTEMPTING TO COLLECT A
DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE

Dated:    5-29-18

Quality Loan Service Corp. of Washington, as Trustee
By: Briana Newton, Assistant Secretary

Trustee's Mailing Address:
Quality Loan Service Corp. of Washington
C/O Quality Loan Service Corp.
411 Ivy Street, San Diego, CA 92101
(866) 645-7711

Trustee's Physical Address:
Quality Loan Service Corp. of Washington
108 1st Ave South, Suite 202
Seattle, WA 98104
(866) 925-0241

Sale Line: 916-939-0772 or Login to: http://wa.qualityloan.com
Trustee Sale Number: WA-17-775269-BB

A notary public or other officer completing this certificate verifies only the identity of the individual who
signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of
that document.

State of: California
County of: San Diego

On  MAY 29 2018            before me, _____ Katherine A. Davis _____ a notary public, personally
appeared Briana Newton _____, who proved to me on the basis of satisfactory evidence to
be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that
he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their
signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted,
executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the
foregoing paragraph is true and correct.

WITNESS my hand and official seal.                    (Seal)

Signature                 Katherine A. Davis

KATHERINE A. DAVIS
COMM. #2095368
Notary Public · California
San Diego County
My Comm. Expires Dec. 29, 2018
NR01

forth or estimated above and by curing any other defaults described above. Of course, as time passes other payments may become due, and any further payments coming due and any additional late charges must be added to your reinstating payment. Any new defaults not involving payment of money that occur after the date of this notice must also be cured in order to effect reinstatement. In addition, because some of the charges can only be estimated at this time, and because the amount necessary to reinstate or to payoff the entire indebtedness may include presently unknown expenditures required to preserve the property or to comply with state or local law, it will be necessary for you to contact the Trustee before the time you tender reinstatement or the payoff amount so that you may be advised of the exact amount you will be required to pay.

Tender of payment or performance must be made to: JP Morgan Chase Bank, N.A..

| Payment or performance may be mailed to : | Payment or performance may be dropped off at: |
|---|---|
| Quality Loan Service Corp. of Washington | Quality Loan Service Corp. of Washington |
| C/O Quality Loan Service Corp. | 108 1st Ave South, Suite 202 |
| 411 Ivy Street, San Diego, CA 92101 | Seattle, WA 98104 |

Phone: (866) 925-0241 ext. 5318
**Sale Line: 916-939-0772 or Login to: http://wa.qualityloan.com**

AFTER 9/24/2018, OR BY OTHER DATE AS PERMITTED IN THE NOTE OR DEED OF TRUST, YOU MAY NOT BE ALLOWED TO REINSTATE YOUR DEED OF TRUST BY PAYING THE BACK PAYMENTS AND COSTS AND FEES AND CURING THE OTHER DEFAULTS AS OUTLINED ABOVE. The Trustee will respond to any written request for current payoff or reinstatement amounts within ten days of receipt of your written request. In such a case, you will only be able to stop the sale by paying, before the sale, the total principal balance $273,169.85 plus accrued interest, costs and advances, if any, made pursuant to the terms of the documents and by curing the other defaults as outlined above.

You may contest this default by initiating court action in the Superior Court of the county in which the sale is to be held. In such action, you may raise any legitimate defenses you have to this default. A copy of your Deed of Trust and documents evidencing the security thereby are enclosed. You may wish to consult a lawyer. Legal action on your part may prevent or restrain the sale, but only if you persuade the court of the merits of your defense. You may contact the Department of Financial Institutions or the statewide civil legal aid hotline for possible assistance or referrals.

The court may grant a restraining order or injunction to restrain a trustee's sale pursuant to RCW 61.24.130 upon five days notice to the trustee of the time when, place where, and the judge before whom the application for the restraining order or injunction is to be made. This notice shall include copies of all pleadings and related documents to be given to the judge. Notice and other process may be served on the trustee at:

NAME: Sierra West, Registered Agent for Quality Loan Service Corporation of Washington
ADDRESS: 108 1st Ave. South, Suite 202, Seattle, Washington 98104
TELEPHONE NUMBER: (866) 925-0241

If you do not reinstate the secured obligation and your Deed of Trust in the manner set forth above, or if you do not succeed in restraining the sale by court action, your property will be sold to satisfy the obligations secured by your Deed of Trust. The effect of such sale will be to deprive you and all those who hold by, through or under you of all interest in the property.

Attached as "Exhibit A" is a list of the recipients of the Notice of Default.

## QUALITY MAY BE CONSIDERED A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.



## NOTICE OF FORECLOSURE
Pursuant to the Revised Code of Washington,
Chapter 61.24 RCW

T.S. No.: WA-17-775269-BB

The attached Notice of Trustee's Sale is a consequence of default(s) in the obligation to **MUFG Union Bank, National Association**, the Beneficiary of your Deed of Trust and party entitled to enforce the obligation secured thereby. Unless the default(s) is/are cured, your property will be sold at auction on **10/5/2018**.

To cure the default(s), you must bring the payments current, cure any other defaults, and pay accrued late charges and other costs, advances, and attorney's fees as set forth below by **9/24/2018** *(11 days before the sale date)* or by other date as permitted in the Note and Deed of Trust. To date, these arrears and costs are as follows:

|  | Currently due to reinstate on: 5/25/2018 | Estimated amount due to reinstate on: 9/24/2018 (11 days before the date set for sale.) |
|---|---|---|
| Total payments from 5/1/2012 | $164,261.77 | $170846.05 |
| Total late charges | $0.00 | $0.00 |
| Total advances | $0.00 | $0.00 |
| Trustee's Fee | $1,275.00 | $1,275.00 |
| Title Report | $1,087.00 | $1,087.00 |
| **Trustee's Expenses (Estimated Itemization):** |  |  |
| Additional Foreclosure Fees/Costs | $127.86 | $127.86 |
| Recording Fees | $150.00 | $150.00 |
| Service/Posting of Notices | $120.00 | $120.00 |
| Postage | $100.00 | $100.00 |
| Publication | $0.00 | $1,000.00 |
| **TOTALS** | **$167,121.63** | **$174,705.91** |

To pay off the entire obligation secured by your Deed of Trust as of the **5/25/2018** you must pay a total of **$273,169.85** in principal, **$96,861.56** in interest, plus other costs and advances estimated to date in the amount of **$37,639.43**. From and after the date of this notice you must submit a written request to the Trustee to obtain the total amount to pay off the entire obligation secured by your Deed of Trust as of the payoff date.

As to the defaults which do not involve payment of money to the beneficiary of your Deed of Trust, you must cure each such default (as applicable). Listed below are the defaults which do not involve payment of money to the Beneficiary of your Deed of Trust. Opposite each such listed default is a brief description of the action necessary to cure the default (if applicable) and a description of the documentation necessary to show the default has been cured.

| Default | Description of Action Required to Cure and Documentation Necessary to Show Cure |
|---|---|
| Delinquent property taxes | Payment in full to Obligee evidenced by a proper receipt. |
| Insurance premiums | Payment in full to Obligee evidenced by a proper receipt. |
| Advances made on senior liens | Payment in full to Obligee evidenced by a proper receipt. |
| Taxes and/or insurance | Payment in full to Obligee evidenced by a proper receipt. |
| Trustee's fees and expenses | Payment in full of the above listed Trustee's Fee and Expenses. |
| Any attorney fees and court costs arising from or associated with the beneficiaries efforts to protect and preserve its security. | Payment in full to Obligee evidenced by a proper receipt. |

Any of the above defaults (if applicable) must be cured as a condition of reinstatement, including all sums that shall accrue through reinstatement or pay-off. Nothing in this notice shall be construed as a waiver of any fees owing to the Beneficiary under the Deed of Trust pursuant to the terms of the loan documents.

You may reinstate your Deed of Trust and the obligation secured thereby at any time up to and including **9/24/2018** *(11 days before the sale date)*, or by other date as permitted in the Note and Deed of Trust, by paying the amount set

# CIVIL COVER SHEET

Case 2:18-cv-01175-JCC    Document 3    Filed 08/10/18    Page 120 of 121
Case 2:18-cv-01175    Document 1-2    Filed 08/10/18    Page 2 of 3

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
IDA V. CANLAS and OPHELLO S. CANLAS

**DEFENDANTS**
JPMORGAN CHASE BANK, N.A. and MUFG UNION BANK, N.A.

(b) County of Residence of First Listed Plaintiff    King
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Franklin (Ohio)
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
not applicable

Attorneys *(If Known)*
Fred Burnside, Frederick A. Haist, Davis Wright Tremaine, 1201 Third Avenue, Suite 2200, Seattle, WA 98101-3045, (206) 622-3150

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff
☐ 3  Federal Question *(U.S. Government Not a Party)*
☐ 2  U.S. Government Defendant
☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** — **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane — ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability — Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & — ☐ 367 Health Care/ | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander — Pharmaceutical Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability — Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine — ☐ 368 Asbestos Personal Injury Product | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability — Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle — **PERSONAL PROPERTY** | | | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability — ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | — ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury — ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice — ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** — **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights — **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | | ☐ 896 Arbitration |
| ☒ 220 Foreclosure | ☐ 441 Voting — ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment — ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations — ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment — ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other — **Other:** | ☐ 462 Naturalization Application | | |
| | — ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education — ☐ 550 Civil Rights | | | |
| | — ☐ 555 Prison Condition | | | |
| | — ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1  Original Proceeding
☒ 2  Removed from State Court
☐ 3  Remanded from Appellate Court
☐ 4  Reinstated or Reopened
☐ 5  Transferred from Another District *(specify)*
☐ 6  Multidistrict Litigation - Transfer
☐ 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Diversity under 28 U.S.C. §§ 1332, 1441 and federal question under 15 U.S.C. § 1692 et seq.
Brief description of cause:
Claims arising from a foreclosure

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:    ☐ Yes    ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE
DOCKET NUMBER

DATE
08/10/2018
SIGNATURE OF ATTORNEY OF RECORD
/s/Frederick A. Haist

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

JS 44 Reverse (Rev. 06/17)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; NOTE: federal question actions take precedence over diversity cases.)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7. Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint. Class Action.** Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.