1
2
3
4
5
6

The Honorable John C. Coughenour

7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

9   IDA V. CANLAS and OPHELLO S. CANLAS,

10       Plaintiffs,

11       v.

12   JPMORGAN CHASE BANK, N.A.; MUFG
     UNION BANK, N.A., and does 1-10,
13

14       Defendants.

15
16
17
18
19
20
21
22
23
24
25
26
27

No. 2:18-CV-01175

DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT

Note on Motion Calendar:
November 1, 2019
(without oral argument)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION AND SUMMARY OF ARGUMENT .............................................1

II.    STATEMENT OF FACT .....................................................................................1

    A.    The Canlases Received a Loan They Knew Could be Transferred. ...................1

    B.    Union Bank Obtained the Loan and WaMu Serviced It. .....................................2

    C.    WaMu Fails and Chase Became Union Bank's Servicer in 2008. .....................2

    D.    Before and After the Canlases Defaulted on the Loan in September 2009,
        They Acknowledged Chase Was Servicer. ........................................................3

    E.    The Foreclosure Trustee Commenced Foreclosure in March 2018. ..................4

    F.    Union Bank Possessed the Note since 2005. ......................................................5

    G.    Current Default Balance on the Canlases' Note. .................................................5

    H.    The Canlases' Factual Allegations. ....................................................................5

III.    SCOPE OF REVIEW AND LEGAL STANDARD .....................................................6

IV.    ARGUMENT .....................................................................................................8

    A.    The Canlases' CPA Claim Fails. ........................................................................8

        1.    The Canlases' Claim Is Time-Barred. ....................................................8

        2.    Chase and Union Bank Did Not Act Deceptively. ..................................9

            a.    Chase is Beneficiary Union Bank's Agent. ...............................9

            b.    The Recorded Assignments Are Irrelevant to Foreclosure. .....11

            c.    Chase Did Not Ignore the Canlases' Qualified Written
                Requests. ..................................................................................11

            d.    The Canlases Admitted They Defaulted on the Loan. ..............12

            e.    Chase and Union Bank May Foreclose. ...................................12

        3.    Chase and Union Bank Did Not Act Unfairly. ......................................13

        4.    Chase and Union Bank Did Not Cause the Canlases Injury. ...............13

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

B.    The Canlases' FDCPA Claim Fails. ................................................................ 15

    1.    Chase and Union Bank Are Not FDCPA Debt Collectors for Pre-
        and Post-2017 Claims. ........................................................................ 15

        a.    Chase and Union Bank Are Not Collecting Debts Owed
            to Another. ............................................................................. 15

        b.    Chase and Union Bank Acquired Their Interests Before
            the Canlases Defaulted. ........................................................ 16

    2.    Pre-July 3, 2017 FDCPA Claims Are Time-Barred. ........................... 16

    3.    Chase and Union Bank's Post-July 3, 2017 Actions Do Not
        Trigger the FDCPA. ........................................................................... 17

        a.    The Canlases Knew Union Bank Owned the Loan and
            Chase Serviced It Before July 2017. ..................................... 17

        b.    Foreclosure Is Not Debt Collection. ..................................... 17

C.    The Canlases' Intentional Infliction of Emotional Distress Claim Fails. .......... 18

    1.    The Claim Is Time-Barred. ................................................................. 19

    2.    Foreclosure Efforts Alone Do Not Constitute Emotional Distress. ..... 19

    3.    Union Bank Can Rightfully Foreclose Because It Owns and
        Holds the Note (and Chase Is Its Agent). ........................................... 20

D.    The Canlases' Declaratory Relief Claim Fails Because It Is Duplicative
    of Their Other Claims. ..................................................................................... 20

V.    CONCLUSION ........................................................................................................ 21

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1

## TABLE OF AUTHORITIES

2

**Page(s)**

3

**Federal Cases**

4

*Afewerki v. Anaya Law Grp.*,
  868 F.3d 771 (9th Cir. 2017) ...................................................................16

5

*In re Allen*,
  472 B.R. 559 (B.A.P. 9th Cir. 2012) .........................................................11

6

*Am. States Ins. Co. v. Kearns*,
  15 F.3d 142 (9th Cir. 1994) ......................................................................20

7

8

*Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*,
  568 U.S. 455 (2013) .................................................................................12

9

*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242 (1986) ...............................................................................6, 7

10

11

*Bakhchinyan v. Countrywide Bank, N.A.*,
  2014 WL 1273810 (W.D. Wash. 2014) ................................................14, 15

12

*Bancroft v. Minn. Life Ins. Co.*,
  329 F. Supp. 3d 1236 (W.D. Wash. 2018) ...........................................11, 12

13

14

*In re Barboza*,
  545 F.3d 702 (9th Cir. 2008) ......................................................................6

15

*Barker v. JPMorgan Chase Bank, N.A.*,
  743 F. App'x 850 (9th Cir. 2018) ..............................................................17

16

17

*Beck v. U.S. Bank Nat'l Ass'n*,
  2017 WL 6389330 (W.D. Wash. 2017) ......................................................17

18

*Benson v. JPMorgan Chase Bank, N.A.*,
  673 F.3d 1207 (9th Cir. 2012) .....................................................................2

19

20

*In re Brazier Forest Prods., Inc.*,
  921 F.2d 221 (9th Cir. 1990) .......................................................................7

21

*Butler v. One West Bank, FSB*,
  512 B.R. 643 (Bankr. W.D. Wash. 2014).............................................. *passim*

22

23

*Celotex Corp. v. Catrett*,
  477 U.S. 317 (1986) ...................................................................................7

24

*Commercial Union Ins. Co. v. Walbrook Ins. Co., Ltd.*,
  41 F.3d 764 (1st Cir. 1994) .......................................................................20

25

26

*Corales v. Flagstar Bank, FSB*,
  822 F. Supp. 2d 1102 (W.D. Wash. 2011) ................................................16

27

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

*De Dios v. Int'l Realty & Inv.*,
   641 F.3d 1071 (9th Cir. 2011) .................................................................15, 16

*Diffley v. Nationstar Mortg., LLC*,
   2017 WL 6034367 (W.D. Wash. 2017) .............................................................16

*Dowers v. Nationstar Mortg., LLC*,
   852 F.3d 964 (9th Cir. 2017) .......................................................................15, 16

*Esch v. Legacy Salmon Creek Hosp.*,
   2017 WL 3438378 (W.D. Wash. 2017), *rev'd on other grounds,* 738 F.
   App'x. 430 (9th Cir. 2018) .............................................................................19

*FCE Benefit Adm'rs, Inc. v. George Wash. Univ.*,
   209 F. Supp. 2d 232 (D.D.C. 2002) ..............................................................21

*Grassmueck v. Barnett*,
   281 F. Supp. 2d 1227 (W.D. Wash. 2003) .......................................................7

*Hakopian v. Mukasey*,
   551 F.3d 843 (9th Cir. 2008) ...........................................................................7

*Harris v. Cty. of Orange*,
   682 F.3d 1126 (9th Cir. 2012) .........................................................................7

*Heintz v. Jenkins*,
   514 U.S. 291 (1995) .......................................................................................15

*Henson v. Santander Consumer USA Inc.*,
   137 S. Ct. 1718 (2017) ...................................................................................16

*Ho v. ReconTrust Co., NA*,
   858 F.3d 568 (9th Cir. 2016) .....................................................................15, 17

*Hummel v. Nw. Tr. Servs., Inc.*,
   180 F. Supp. 3d 798 (W.D. Wash. 2016), *aff'd,* 740 F. App'x 142 (9th Cir.
   2018) ..............................................................................................................20

*Knecht v. Fid. Nat. Title Ins. Co.*,
   2015 WL 3618358 (W.D. Wash. 2015) ...........................................................14

*Lee v. City of Los Angeles*,
   250 F.3d 668 (9th Cir. 2001) ...........................................................................7

*Mangindin v. Wash. Mut. Bank*,
   637 F. Supp. 2d 700 (N.D. Cal. 2009) ...........................................................21

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
   475 U.S. 574 (1986) .........................................................................................7

*MGIC Indem. Corp. v. Weisman*,
   803 F.2d 500 (9th Cir. 1986) ...........................................................................7

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

*Mickelson v. Chase Home Fin. LLC*,
    579 F. App'x 598 (9th Cir. 2014) ................................................................. 18

*Neff v. Capital Acquisitions & Mgmt. Co.*,
    352 F.3d 1118 (7th Cir. 2003) .................................................................... 16

*Obduskey v. McCarthy & Holthus LLP*,
    139 S. Ct. 1029 (2019) .............................................................................. 17

*Rundgren v. Wash. Mut. Bank, FA*,
    760 F.3d 1056 (9th Cir. 2014) ...................................................................... 2

*Sahni v. Am. Diversified Partners*,
    83 F.3d 1054 (9th Cir. 1996), *as amended* (July 24, 1996) ............................. 3

*Schlegel v. Wells Fargo Bank, NA*,
    720 F.3d 1204 (9th Cir. 2013) .................................................................... 15

*Steele v. Extendicare Health Serv., Inc.*,
    607 F. Supp. 2d 1226 (W.D. Wash. 2009) ...................................................... 14

*Thepvongsa v. Reg'l Tr. Servs. Corp.*,
    972 F. Supp. 2d 1221 (W.D. Wash. 2013) ...................................................... 18

*United States v. Wash.*,
    759 F.2d 1353 (9th Cir. 1985) ..................................................................... 20

*Vawter v. Quality Loan Serv. Corp. of Wash.*,
    707 F. Supp. 2d 1115 (W.D. Wash. 2010) ...................................................... 18

*Velasquez v. GMAC Mortg. Corp.*,
    605 F. Supp. 2d 1049 (C.D. Cal. 2008) ............................................................ 7

*W. Park Assocs. v. Butterfield Sav. & Loan Ass'n*,
    60 F.3d 1452 (9th Cir. 1995) ........................................................................ 3

**State Cases**

*Bain v. Metro. Mortg. Grp., Inc.*,
    175 Wn.2d 83 (2012) ......................................................................... *passim*

*Barkley v. GreenPoint Mortg. Funding, Inc.*,
    190 Wn. App. 58 (2015), *rev. den. sub nom. Barkley v. JPMorgan Chase Bank*, 184 Wn.2d 1036 (2016) .................................................................. 10, 13

*Bavand v. OneWest Bank, FSB*,
    196 Wn. App. 813 (2016), *as modified* (Dec. 15, 2016) ................................. 13

*Blair v. Nw. Tr. Servs., Inc.*,
    193 Wn. App. 18 (2016) ..................................................................... *passim*

*Brown v. Wash. State Dept. of Commerce*,
    184 Wn.2d 509 (2015) ....................................................................... *passim*

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

*Bucci v. Nw. Tr. Servs., Inc.*,
  197 Wn. App. 318 (2016), *rev. den. sub nom. Bucci v. Nw. Tr. Servs.*, 188
  Wn.2d 1012 (2017)..................................................................10, 12, 13, 20

*Deutsche Bank Nat'l Tr. Co. v. Slotke*,
  192 Wn. App. 166 (2016), *rev. den.* 185 Wn.2d 1037 (2016) .................... *passim*

*Djigal v. Quality Loan Serv. Corp. of Wash., Inc.*,
  196 Wn. App. 1038 (2016)..............................................................14

*Espeland v. OneWest Bank*,
  FSB, 323 P.3d 2 (Alaska 2014) ......................................................11

*Fid. & Deposit Co. of Md. v. Ticor Title Ins. Co.*,
  88 Wn. App. 64 (1997)...................................................................11

*Gleeson v. Lichty*,
  62 Wash. 656 (1911) .............................................................10, 13

*Guijosa v. Wal-Mart Stores, Inc.*,
  144 Wn.2d 907 (2001)....................................................................8

*Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*,
  105 Wn.2d 778 (1986)...................................................................13

*Indoor Billboard/Wash., Inc. v. Integra Telecom of Wash., Inc.*,
  162 Wn.2d 59 (2007)....................................................................15

*Jackson v. Peoples Fed. Credit Union*,
  25 Wn. App. 81 (1979)..............................................................18, 19

*John Davis & Co. v. Cedar Glen No. Four, Inc.*,
  75 Wn.2d 214 (1969)......................................................................9

*Kloepfel v. Bokor*,
  149 Wn.2d 192 (2003)..............................................................19, 20

*Koegel v. Prudential Mut. Sav. Bank*,
  51 Wn. App. 108 (1988)...............................................................12

*Leingang v. Pierce Cnty. Med. Bureau, Inc.*,
  131 Wn.2d 133 (1997)....................................................................9

*Lumbermen's Indem. Exch. v. Herrick*,
  143 Wash. 508 (1927)...................................................................12

*Lyons v. U.S. Bank Nat'l Ass'n*,
  181 Wn.2d 775 (2014)..............................................................18, 19

*Magney v. Lincoln Mut. Sav. Bank*,
  34 Wn. App. 45 (1983)..................................................................13

4847-8817-4960v.26 0036234-000737

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

*McAfee v. Select Portfolio Servicing, Inc.*,
   193 Wn. App. 220 (2016).................................................................12

*Milligan v. Thompson*,
   90 Wn. App. 586 (1998)..................................................................19

*Puget Sound Nat'l Bank v. Burt*,
   56 Wn. App. 868 (1990)..................................................................12

*Repin v. State*,
   198 Wn. App. 243 (2017), *rev. den.*, 188 Wn.2d 1023 (2017) ............................20

*Schreiner Farms, Inc. v. Am. Tower, Inc*.,
   173 Wn. App. 154 (2013)..................................................................8

*Terhune v. N. Cascade Tr. Servs., Inc.*,
   446 P.3d 683, __ Wn. App. ___, 2019 WL 3788426 (2019) .........................10, 18

*Villegas v. Nationstar Mortg.*,
   LLC, 8 Wn. App. 2d 878, 890 (2019) ..............................10, 12, 13, 18

**Federal Statutes**

12 U.S.C.
   § 1821 ...........................................................................3
   § 1821(d)(2)(A)(i) ..............................................................2
   § 1821(d)(2)(J)(ii)..............................................................3
   § 2605 ..........................................................................11

15 U.S.C.
   § 1692(f)(6) ....................................................................18
   § 1692a(6).......................................................................16
   § 1692a(6)(F)(iii)...............................................................16
   § 1692e..........................................................................15
   § 1692f..........................................................................15
   § 1692f(6) ...................................................................15, 18
   § 1692g..........................................................................15
   § 1692k(d) ......................................................................16

Fair Debt Collection Practices Act ("FDCPA") ......................................... *passim*

**State Statutes**

Consumer Protection Act ("CPA") ..................................................... *passim*

RCW
   4.16.080 ........................................................................19
   19.86.120 ........................................................................8
   61.24.005(2) ....................................................................11
   62A.3-109-110....................................................................9
   62A.3-201 ....................................................................10, 18
   62A.3-203 ........................................................................9

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

62A.3-301 ................................................................................................................9
62A.9-313 .......................................................................................................10, 18

**Rules**

Fed. R. Civ. P.
56(a) .........................................................................................................................6
56(c) .........................................................................................................................7

Fed. R. Evid.
201 ...........................................................................................................................7
902(1) .......................................................................................................................7
902(4) .......................................................................................................................7
902(8) .......................................................................................................................7
902(13) .....................................................................................................................4

**Other Authorities**

Wm. B. Stoebuck & John W. Weaver, 18 Wash. Prac., Real Estate § 18.20 (2d ed.) ...............11

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT — viii
4847-8817-4960v.26 0036234-000737

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

## I.    INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiffs Ida and Ophello Canlas claim Defendants Union Bank and its agent Chase are improperly collecting (through foreclosure) on their mortgage loan, based on a theory (that Chase and Union Bank obtained their loan after they defaulted) they know is untrue—the only entities that have ever sought to foreclose (Chase and Union Bank) obtained their interests before the Canlases defaulted.  Union Bank purchased the Canlases' loan in 2004 and has held the Note since 2005, giving it the right to foreclose on the Deed of Trust securing that loan. Union Bank is the Canlases' creditor, foreclosing on the Deed of Trust securing its own loan, which it obtained before Plaintiffs defaulted in 2009.  The Court should grant Union Bank and Chase summary judgment on the Canlases' claims because:

*First*, Plaintiffs' Consumer Protection Act ("CPA") claim fails because: (a) it is time-barred; (b) there was no deceptive act or practice—Union Bank is the Note holder beneficiary and Chase is its servicer agent; (c) Chase and Union Bank did not act unfairly; and (d) Chase and Union Bank did not cause the Canlases any injury.

*Second*, Plaintiffs' Fair Debt Collection Practices Act ("FDCPA") claims fail because: (a) Chase and Union Bank are collecting on their own debt, acquired before the Canlases defaulted, so the FDCPA does not apply; (b) pre-July 2017 FDCPA actions are time-barred; and (c) post-July 2017 claims fail because foreclosure is not debt collection under the FDCPA.

*Third*, the Canlases' infliction of emotional distress claim fails because: (a) it is time-barred; (b) foreclosure efforts alone cannot support emotional distress claims; and (c) Union Bank has the right to foreclose (through its agent Chase) because it holds the Note, such that no action taken to enforce that right can provide a basis for an emotional distress claim.

*Fourth*, the Canlases' declaratory relief claim duplicates their other failed claims.

## II.    STATEMENT OF FACT

### A.    The Canlases Received a Loan They Knew Could be Transferred.

In May 2004, the Canlases executed and delivered a $312,000.00 promissory note to LoanCity.com ("Note"), secured by a recorded deed of trust ("Deed of Trust") encumbering

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - 1
4847-8817-4960v.26 0036234-000737

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

their real property in Seattle ("Property").  Compl. p. 4:2-8, Ex. A; Chase Dec. ¶ 4; Union Bank

Dec. ¶ 4; Ex. 1; Haist Dec. ¶¶ 2-5; Request for Judicial Notice ("RJN") #1, Ex. 2; Ex. 38, p.

116:8-22, p. 117:21-118:10; Ex. 39, p. 18:14-p. 20:6.[1]  The Deed of Trust states the beneficiary

can foreclose and sell the Property to satisfy the debt if the Canlases default and, in addition,

can also transfer the Note and Deed of Trust without prior notice.  Chase Dec. ¶ 5; Union Bank

Dec. ¶ 5; Ex. 2 §§ 20, 22; Ex. 38, p. 118:14-17; Ex. 39, p. 20:7-14.  The Canlases

acknowledged LoanCity would transfer their loan servicing to another entity.  Chase Dec. ¶ 6;

Ex. 9; Ex. 38, p. 118:24-p. 120:11; Ex. 39, p. 20:18-8.

### B.    Union Bank Obtained the Loan and WaMu Serviced It.

LoanCity transferred/indorsed the loan to Washington Mutual Bank ("WaMu").  Chase

Dec. ¶ 7; Union Bank Dec. ¶ 6; Ex. 1.  The Canlases admitted LoanCity sold the loan to

WaMu.  Ex. 38, p. 18:13-p. 19:3.  WaMu indorsed the Note in-blank and then sold the loan to

Union Bank.  Union Bank Dec. ¶ 6; Chase Dec. ¶ 7; Ex. 1; Ex. 3.  The Canlases have no

evidence otherwise.  Ex. 38, p. 45:15-19, p. 49:16-19, p. 50:8, p. 56:9-17; Ex. 39, p. 23:17-p.

24:4.  WaMu serviced the loan under the Mortgage Loan Purchase and Sale Agreement (which

WaMu and Union Bank reaffirmed in a 2006 Servicing Agreement).  Union Bank Dec. ¶ 6;

Chase Dec. ¶ 7; Ex. 3; Ex. 4; Ex. 38, p. 19:13-23, p. 21:17-25.  Under the 2006 Servicing

Agreement, Union Bank agreed to release the Note to the servicer upon demand so the servicer

could perform its servicing activities, including foreclosure.  Union Bank Dec. ¶ 6; Chase Dec.

¶ 7; Ex. 4 § 2.18.

### C.    WaMu Fails and Chase Became Union Bank's Servicer in 2008.

In September 2008, WaMu failed and the FDIC took it into receivership.  *Rundgren v.*

*Wash. Mut. Bank, FA*, 760 F.3d 1056, 1059 (9th Cir. 2014); *Benson v. JPMorgan Chase Bank,*

*N.A.*, 673 F.3d 1207, 1209 (9th Cir. 2012).  The FDIC took over "all rights, titles, powers, and

privileges" of WaMu.  12 U.S.C. § 1821(d)(2)(A)(i).  The FDIC was also authorized to "take

---

[1] Chase and Union Bank submit all exhibits attached to the Compendium of Exhibits, filed concurrently herewith.
In her deposition, Ms. Canlas adopted Mr. Canlas's answers.  Ex. 39, p. 14:11-25.

any action . . . which [it] determines is in the best interests of the depository institution."  12 U.S.C.  § 1821(d)(2)(J)(ii); *see also Sahni v. Am. Diversified Partners*, 83 F.3d 1054, 1058 (9th Cir. 1996), *as amended* (July 24, 1996) ("Congress explained that the authority granted to the FDIC was 'designed to give the FDIC the power to take all actions necessary to resolve the problems posed by a financial institution in default'"); *W. Park Assocs. v. Butterfield Sav. & Loan Ass'n*, 60 F.3d 1452, 1459 (9th Cir. 1995) (recognizing that the FDIC has "broad powers to allocate assets and liabilities" in order to facilitate a P&A Agreement).  On September 25, 2008, Chase became the successor-in-interest by purchase of WaMu's assets from the FDIC, acting as receiver, through a Purchase and Assumption Agreement and operation of law.  Chase Dec. ¶ 8; Ex. 10 § 3.1.  With few exceptions, Chase acquired "all of the assets" of WaMu.  *Id.*

The FDIC transferred servicing rights on the Canlases' loan to Chase through operation of law when it transferred WaMu assets to Chase in 2008.  Chase Dec. ¶ 8; Ex. 10; 12 U.S.C. §1821; *Sahni*, 83 F.3d at 1058.  And the Purchase and Assumption Agreement explains Chase "purchase[d] all mortgage servicing rights and obligations" of WaMu, which included the servicing rights in the Canlases' loan.  Chase Dec. ¶ 8; Ex. 10.  Chase serviced the loan under subsidiaries or itself.  Chase Dec. ¶ 9; Ex. 38, p. 16:22-p.17:7, p. 22:11-p. 23:22.

In a July 18, 2013 letter agreement, Union Bank reaffirmed Chase was servicer and that the 2006 Servicing Agreement—authorizing the servicer to take steps toward foreclosure—still applied.  Union Bank Dec. ¶ 7; Chase Dec. ¶ 9; Ex. 5.  Chase has also had a limited power of attorney to act for Union Bank since at least December 2014.  Chase Dec. ¶ 10; Union Bank Dec. ¶ 8; Ex. 6.  The Canlases have no contrary evidence as to Chase's servicing powers or ability to act for Union Bank, and had no contact with Union Bank.  Ex. 38, p. 29:6-16, p. 81:11-14, p. 90:22-24, p. 115:14-17; Ex. 39, p. 9:17-22.

### D.   <u>Before and After the Canlases Defaulted on the Loan in September 2009, They Acknowledged Chase Was Servicer.</u>

The Canlases made their loan payments to Chase (acting as WaMu), or Chase entities, after it acquired WaMu's assets in September 2008.  Chase Dec. ¶¶ 9, 11; Ex. 38, p. 23:1-22,

115:14-17.  The Canlases filed for Chapter 7 bankruptcy on August 21, 2009, admitting under penalty of perjury that WaMu was the creditor they owed their loan payments to.  Chase Dec. ¶ 12; RJN #2, Ex. 13, Schedule D [p. 18].[2]  On September 2, 2009, the Canlases and their bankruptcy attorney authorized Chase (identified then as Washington Mutual Bank, a division of Chase) to work with them to discuss loan loss mitigation options.  Chase Dec. ¶ 13; Ex. 14; Ex. 38, p. 120:16-p.121:23; Ex. 39, p. 21:12-25.  Thus, in 2009, Plaintiffs admitted and acknowledged that Chase was the entity authorized to enforce or modify the loan.

The Canlases defaulted on the loan with the September 2009 payment.  Ex. 38, p. 13:16-18, p. 14:23-25.  They made one payment in April 2010.  They have not cured their default.  Chase Dec. ¶¶ 11, 17; Ex. 11-12, 37.  The Canlases executed an October 2009 authorization allowing Chase to discuss loan modification with their attorney, again acknowledging Chase serviced their loan.  Chase Dec. ¶ 13; Ex. 15; Ex. 38, p. 122:4-p. 124:4; Ex. 39, p. 22:5-17.

Chase repeatedly notified the Canlases that it serviced the loan for the owner and investor, Union Bank.  Compl. Ex. F; Chase Dec. ¶ 14; Exs. 16-20; Ex. 38, p. 124:12-p. 135:7; Ex. 39, p. 22:5-p. 25:10, p. 27:17-p. 28:12.  And the Canlases continuously acknowledged Chase's servicing duties and ability to foreclose for Union Bank by stating that they wanted to make reduced payments and asking Chase to modify it.  Chase Dec. ¶ 15; Exs. 21-36; Ex. 38, p. 33:18-21, p. 35:23-25, p. 53:1-2, p. 135:11-p. 152:13; Ex. 39, p. 30:20-p. 31:21.  Despite years of efforts at loss mitigation, the Canlases remain in default.  Chase Dec. ¶ 17; Ex. 37.

**E.        The Foreclosure Trustee Commenced Foreclosure in March 2018.**

As a result of the continued default, Chase, under its servicer duties, commenced foreclosure on behalf of Union Bank, issuing a Notice of Default in March 2018 (identifying Union Bank as the owner of the loan).  Compl. p. 5:18-27, Ex. G.[3]  Because they did not cure their default, the foreclosure trustee issued the Notice of Trustee's Sale on May 29, 2018,

[2] The Court can judicially notice the bankruptcy court records.  FRE 902(13).  The Canlases later amended Schedules B and C, but those amendments are irrelevant.
[3] The Complaint is missing page 6.

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - 4
4847-8817-4960v.26 0036234-000737

identifying Union Bank as the beneficiary.  Compl. Ex. H.  The trustee scheduled the sale for October 5, 2018, but it did not occur.

### F.    Union Bank Possessed the Note since 2005.

On April 6, 2005, Union Bank received the original Note and Deed of Trust and retained it in its custody.  Union Bank Dec. ¶ 9.  The Canlases do not know when Union Bank took physical Note possession.  Ex. 38, p. 45:15-p. 50:14, p. 51:6-8, p. 52:1-18.  Union Bank retained physical possession until March 11, 2014, when it sent the Note and Deed of Trust to a custodian, Bank of New York Mellon.  Union Bank Dec. ¶ 9.  Bank of New York Mellon possessed the Note and Deed of Trust as custodian for Union Bank until June 21, 2017, when Chase requested possession under the 2006 Servicing Agreement.  Chase Dec. ¶ 16; Union Bank Dec. ¶ 9.  Chase received the Note and Deed of Trust on June 23, 2017 and retained possession since that date; Chase sent the original Note and Deed of Trust to its counsel, Davis Wright Tremaine on August 29, 2018, and counsel still possesses those documents.  Chase Dec. ¶ 16.

### G.    Current Default Balance on the Canlases' Note.

The Canlases must pay $436,333.65 to pay off their loan through October 27, 2019. Chase Dec. ¶ 17; Ex. 37, Payoff Statement.  The amount owed each day after October 27, 2019 is $43.03.  *Id.*

### H.    The Canlases' Factual Allegations.

The Canlases—often conflating the relevant years and documents—admit they obtained the loan and then defaulted on it by October 2009.  Compl. p. 4:2-14; Ex. 38, p. 14:23-25. They cite the Deed of Trust Assignments—memorializing prior transfers so that the public record shows the chain of beneficial interests that took place—to (mistakenly) claim that the loan was transferred to Chase in January 2013, after their default.  Compl. p. 4:15-27, Ex. B; Ex. 38, p. 88:1-8.  For the same reason, they (mistakenly) allege Union Bank obtained the loan in December 2015 through the December 2015 Assignment of Deed of Trust.  Compl. p. 4:28-p. 5:7, Ex. D; Ex. 38, p. 49:23-p. 50:14, p. 51:19-22.  They saw these documents in 2018 after

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - 5
4847-8817-4960v.26 0036234-000737

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

they received the foreclosure documents. Ex. 38, p. 86:10-17, p. 89:23-p. 90:17. Ignoring all prior communications, the Canlases claim Chase misrepresented their true creditor in a March 2017 letter and the foreclosure documents. Compl. p. 5:12-17, Ex. F; Ex. 38, p. 61:5-21.

The Canlases allege Chase and Union Bank violated the CPA by: (1) acting as beneficiary entitled to enforce their loan; (2) executing assignment documents; (3) ignoring their written requests; (4) stating they defaulted; and (5) initiating foreclosure because they wrongly believe Chase and Union Bank's documents (the March 2017 letter and the foreclosure documents) misrepresented loan ownership and possession. Compl. p. 7:18-p. 8:7; Ex. 38, p. 61:5-21.

The Canlases allege Chase and Union Bank violated the FDCPA by misrepresenting that they had the legal authority to collect on the loan and foreclose—but they admit they have no damages and the beneficiary can collect and foreclose. Compl. p. 9:6-15; Ex. 38, p. 62:14-p. 64:3, p. 68:5-p.69:9, p. 93:24-p. 94:1, p. 101:14-23.

The Canlases claim Chase and Union Bank intentionally inflicted emotional distress on them by collecting on a debt and foreclosing, but admit their default and foreclosure caused their distress, not any non-contractual actions by Chase or Union Bank. Compl. p. 13:21-p. 14:6; Ex. 38, p. 103:3-p.105:2, p. 110:5-p. 111:4; Ex. 39, p. 10:2-24, p. 11:11-16, p. 12:12-19.

None of these theories survives.

## III.  SCOPE OF REVIEW AND LEGAL STANDARD

The Court should enter summary judgment where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). "An issue is 'genuine' only if there is a sufficient evidentiary basis on which a reasonable fact finder could find for the nonmoving party, and a dispute is 'material' only if it could affect the outcome of the suit." *In re Barboza*, 545 F.3d 702, 707 (9th Cir. 2008).

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

In addition, Defendants need not "produce evidence showing the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Rather, Defendants meet their burden by demonstrating that "there is an absence of evidence to support the nonmoving party's case." *Id.* "[A] complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." *Id.* at 323. For instance, "[a]llegations in a complaint are considered judicial admissions." *Hakopian v. Mukasey*, 551 F.3d 843, 846 (9th Cir. 2008). The Court can also take judicial notice of undisputable matters of public record. *See*, *e.g.*, *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001); *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986). Specifically, the Court can take judicial notice of documents recorded with a county recorder's office or documents on file in federal or state courts, as there is no reason to question their authenticity. *Velasquez v. GMAC Mortg. Corp.*, 605 F. Supp. 2d 1049, 1058 (C.D. Cal. 2008); *Harris v. Cty. of Orange*, 682 F.3d 1126, 1131–32 (9th Cir. 2012) (taking judicial notice of state court proceedings in res judicata analysis). The Court can also judicially notice the certified copy of the Deed of Trust. Fed. R. Evid. 201, 902(1), (4), (8); *Grassmueck v. Barnett*, 281 F. Supp. 2d 1227, 1232 (W.D. Wash. 2003).

The Canlases "may not rest upon the mere allegations or denials of [their] pleading, but … must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248 (*quoting First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253 (1968)). "If the evidence [opposing summary judgment] is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249-50. In this regard, when Defendants have carried their burden under Rule 56(c), the Canlases "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To defeat this motion, the Canlases must provide admissible evidence sufficient to support each element of their claims. *In re Brazier Forest Prods., Inc.*, 921 F.2d 221, 223 (9th Cir. 1990). They cannot meet their burden because Union Bank, and its agent Chase, possessed the Note before they defaulted on their loan.

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - 7
4847-8817-4960v.26 0036234-000737

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

# IV.  ARGUMENT

The Canlases assert Union Bank and Chase are improperly collecting on a debt by foreclosing.  But Union Bank has owned their loan and held the Note since 2005, and Chase serviced their loan since 2008—before they defaulted—and Defendants thus have the right to foreclose on the Deed of Trust securing that Loan.  As a result, Defendants are entitled to judgment on the Canlases' claims.

## A.    The Canlases' CPA Claim Fails.

The Canlases can state a CPA claim only if they "produce evidence on each element required to prove a CPA claim."  *Bain v. Metro. Mortg. Grp., Inc.*, 175 Wn.2d 83, 119 (2012).  They cannot.  The CPA requires:  (1) an unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) that impacts the public interest; (4) which causes injury to a plaintiff's business or property; and (5) that injury is causally linked to the unfair or deceptive act.  *Guijosa v. Wal-Mart Stores, Inc.*, 144 Wn.2d 907, 917 (2001).

### 1.    The Canlases' Claim Is Time-Barred.

The CPA has a four-year statute of limitations.  RCW 19.86.120.  The limitation period for a claim begins to run when the cause of action accrues and the plaintiff has a right to relief.  *See Schreiner Farms, Inc. v. Am. Tower, Inc.*, 173 Wn. App. 154, 160 (2013).

The Canlases claim Chase and Union Bank deceived them by collecting on a debt in which Defendants did not have an interest.  But there were no deceptive acts.  The Canlases knew Chase was servicing the loan and accepting payments from them before they defaulted in September 2009.  Chase Dec. ¶ 11; Ex. 38, p. 23:1-22, 115:14-17.  They authorized Chase to work with them to discuss loss mitigation options in September 2009.  Chase Dec. ¶ 13; Ex. 14, September 2, 2009 Authorization Form; Ex. 38, p. 120:16-p. 121:23, p. 122:4-p. 124:4; Ex. 39, p. 21:12-25, p. 22:5-17.  The Canlases asked Chase to modify their loan at various points between 2009 and 2018.  Chase Dec. ¶ 15; Exs. 21-36; Ex. 38, p. 135:11-p. 152:13; Ex. 39, p. 30:20-p. 31:21.  And in at least 2013, Chase told the Canlases that Union Bank owned the loan and had referred the loan to foreclosure.  Chase Dec. ¶ 14; Ex. 16, August 13, 2013 Letter; Ex.

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

38, p. 124:12-p. 135:7; Ex. 39, p. 22:5-p. 25:10, p. 27:17-p. 28:12.  The Canlases filed this action on July 3, 2018.  The Canlases knew that Chase and Union Bank claimed to have the right to foreclose on the Deed of Trust by 2013 at the latest, which is more than four years before they filed the Complaint.  Their claim is time-barred.

### 2.    Chase and Union Bank Did Not Act Deceptively.

#### a.    Chase is Beneficiary Union Bank's Agent.

The Canlases claim Union Bank and Chase deceived them about who was the beneficiary who could foreclose on their loan.  Courts decide whether an action is unfair or deceptive as a matter of law.  *Leingang v. Pierce Cnty. Med. Bureau, Inc.*, 131 Wn.2d 133, 150 (1997).  Nothing deceptive occurred—Chase told them the truth—Union Bank owned and held their loan, but the Canlases refuse to believe it.  There was no deceptive act for several reasons.

*First*, before the Canlases defaulted in September 2009, they knew Chase was servicing the loan for Union Bank.  They made payments to Chase before September 2009.  Chase Dec. ¶ 11; Ex. 38, p. 23:1-22, 115:14-17.  On September 2, 2009, they authorized Chase to work with them to discuss loss mitigation options.  Chase Dec. ¶ 13; Ex. 14; Ex. 38, p. 120:16-p. 121:23; Ex. 39, p. 21:12-25.  The Canlases executed a second authorization in October 2009, again admitting Chase serviced their loan.  Chase Dec. ¶ 13; Ex. 15; Ex. 38, p. 122:4-p. 124:4; Ex. 39, p. 22:5-17.  Chase continually told the Canlases that Union Bank owned the loan.  Chase Dec. ¶ 14; Exs. 16-20; Ex. 38, p. 124:12-p. 135:7; Ex. 39, p. 22:5-p. 25:10, p. 27:17-p. 28:12.

*Second*, under Washington law, the Note holding payee on the Note (*i.e.*, the owner), or the entity that physically holds an indorsed-in-blank Note can foreclose.  "[We agree that a foreclosure] beneficiary must either actually possess the promissory note or be the payee." *Bain*, 175 Wn.2d at 104; RCW 62A.3-301; RCW 62A.3-109-110, 62A.3-203; *Brown v. Wash. State Dept. of Commerce*, 184 Wn.2d 509, 536 (2015); *Deutsche Bank Nat'l Tr. Co. v. Slotke*, 192 Wn. App. 166, 168 (2016), *rev. den.* 185 Wn.2d 1037 (2016); *Blair v. Nw. Tr. Servs., Inc.*, 193 Wn. App. 18, 32 (2016); *John Davis & Co. v. Cedar Glen No. Four, Inc.*, 75 Wn.2d 214, 222–23 (1969).

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

Union Bank is a beneficiary because it owned and held the Note (physically or constructively) since 2005, before the foreclosure commenced. *Bucci v. Nw. Tr. Servs., Inc.,* 197 Wn. App. 318, 328 (2016), *rev. den. sub nom. Bucci v. Nw. Tr. Servs.*, 188 Wn.2d 1012 (2017) (entity producing original, indorsed-in-blank Note is holder); *Barkley v. GreenPoint Mortg. Funding, Inc.*, 190 Wn. App. 58, 69 (2015), *rev. den. sub nom. Barkley v. JPMorgan Chase Bank*, 184 Wn.2d 1036 (2016).[4]

That Chase, acting as Union Bank's agent in servicing the loan, took actions on behalf of Union Bank, does not change anything. The law has always allowed agents to take actions for a Note holder. *Bain*, 175 Wn.2d at 106 ("nothing in this opinion should be construed to suggest an agent cannot represent the holder of a note. Washington law, and the deed of trust act itself, approves of the use of agents"). Indeed, the Washington Uniform Commercial Code expressly contemplates possession of Notes through an agent. *See, e.g.*, RCW 62A.3-201 Official Comment No. 1 (one can possess a Note directly "or through an agent"); RCW 62A.9-313 Official Comment No. 3 (may possess through agent); *see also*, *Villegas*, 8 Wn. App. 2d at 890; *Butler*, 512 B.R. at 654-55; *Terhune v. N. Cascade Tr. Servs., Inc.*, 446 P.3d 683, 692, __ Wn. App. ___, 2019 WL 3788426, *8 (2019). And the Canlases always knew Chase was servicing the loan for Union Bank. Compl. Exs. C, E, F, G, H; Chase Dec. ¶ 11, 13-15; Exs. 14-36; Ex. 38, p. 135:11-p. 152:13; Ex. 39, p. 30:20-p. 31:21.

In short, Union Bank held the indorsed-in-blank Note (physically or constructively) from 2005 to present. Chase Dec. ¶ 16; Union Bank Dec. ¶ 9. Thus, Union Bank had the power to foreclose since 2005 and could use Chase as its servicer agent.

---

[4] Constructive possession through a custodian or agent also counts as possession sufficient to establish note holder status, and thus Union Bank continuously held the Note from 2005. *Villegas v. Nationstar Mortg*., LLC, 8 Wn. App. 2d 878, 890 (2019) ("As the servicer of Villegas's loan, both Aurora Bank and Nationstar had constructive possession of the note because they had the authority to request it from the document custodian at any time"); *Butler v. One West Bank, FSB*, 512 B.R. 643, 654-55 (Bankr. W.D. Wash. 2014) ("Freddie Mac was a 'holder' and 'beneficiary' of the note for purposes of Washington law, as the Note was indorsed in blank and Freddie Mac had possession of the Note through [custodian agent]. Similarly, [servicer] One West was also a 'holder' and 'beneficiary,' as the Note was indorsed in blank and One West also had possession of the Note through [custodian agent]"); *Gleeson v. Lichty*, 62 Wash. 656, 659 (1911) ("But, if we assume that the note was not in his actual possession, it was clearly under his control, and constructively therefore in his possession"); *Brown*, 184 Wn.2d at 536; *Blair*, 193 Wn. App. at 31-32.

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

b.    The Recorded Assignments Are Irrelevant to Foreclosure.

The Canlases also claim Chase and Union Bank deceived them through recorded Deed of Trust assignments.  This was not deceptive.  Assignments are not required to foreclose—the foreclosing party need only be Note holder.  *In re Allen*, 472 B.R. 559, 569 (B.A.P. 9th Cir. 2012) ("an assignment of the DOT is not relevant because under Washington law, the security for an obligation follows the debt.  RCW 61.24.005(2)").  "[T]ransfer of the obligation . . . should carry the mortgage along with it.  This is indeed the universal result in American law. . . . Washington decisions, though old, support this proposition."  Wm. B. Stoebuck & John W. Weaver, 18 Wash. Prac., Real Estate § 18.20 (2d ed.); *Fid. & Deposit Co. of Md. v. Ticor Title Ins. Co.*, 88 Wn. App. 64, 68-69 (1997); *Bain*, 175 Wn.2d at 104; *Brown*, 184 Wn.2d at 529 n.9.  Union Bank owned and held the Note since 2005 so it is the Deed of Trust beneficiary.  Chase was its servicer agent.  Transfer of the Note in 2005 acted as an "equitable assignment" of the Deed of Trust.  *Slotke*, 192 Wn. App. at 177-78.  The later recorded assignment is memorialization in the public record of the prior loan transfer (to facilitate title insurance for any purchaser at a foreclosure sale, which increases the foreclosure sale price).  *See, e.g., Espeland v. OneWest Bank*, FSB, 323 P.3d 2, 6-7, 15 (Alaska 2014) (title insurers prefer assignment for public record, even if unnecessary for foreclosure).  The assignments were not deceptive because they were not necessary to foreclose and merely reflected the prior transfers.

c.    Chase Did Not Ignore the Canlases' Qualified Written Requests.

The Canlases allege that Chase's failure to respond to their purported Qualified Written Request letter asking for information about their loan supports their CPA claim.  Compl. p. 7:25-27 [¶ (e)].  The Canlases did not plead a claim under 12 U.S.C. § 2605 that Chase failed to properly respond to a Qualified Written Request.  But even if they had, their theory fails because they admit, and their own evidence shows, Chase accurately responded.  Compl. p. 5:12-17, Ex. F; *Bancroft v. Minn. Life Ins. Co.*, 329 F. Supp. 3d 1236, 1254 fn. 15 (W.D. Wash. 2018) ("Factual assertions in pleadings, unless amended, are considered judicial admissions binding on the party who made them").  The Canlases ignore Chase's truthful response that

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - 11
4847-8817-4960v.26 0036234-000737

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

Chase serviced Union Bank's loan.  Neither Chase nor Union Bank deceived them in the response.

        d.      <u>The Canlases Admitted They Defaulted on the Loan.</u>

      The Canlases alleged Chase and Union Bank deceived them, claiming the foreclosure amounts are wrong because they did not default.  But they admitted default—and declared bankruptcy—and the admission binds them.  Compl. p. 4:9-15; Chase Dec. ¶¶ 11-12; Ex. 13; Ex. 38, p. 14:23-25; *Bancroft*, 329 F. Supp. 3d at 1254 fn. 15; *Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 470 fn. 6 (2013).  In deposition the Canlases admitted default.  *See* Ex. 38, p. 13:16-21; Ex. 39, p. 11:14-16. Thus, Chase and Union Bank did not deceive them.

        e.      <u>Chase and Union Bank May Foreclose.</u>

      The foreclosure trustee commenced foreclosure in 2018.  Compl. p. 5:18-27, Ex. G. Union Bank may foreclose using its servicer Chase because Union Bank is the foreclosure beneficiary through ownership and physical/constructive Note possession (and Chase is its Note-holding agent).  *Villegas*, 8 Wn. App. 2d at 890; *Bucci,* 197 Wn. App. at 328; *Butler*, 512 B.R. at 654-55; *Bain*, 175 Wn.2d at 106; *Brown*, 184 Wn.2d at 536; *Slotke*, 192 Wn. App. at 178; *Blair*, 193 Wn. App. at 31-32.

      Chase also had a power of attorney for Union Bank since 2014, and an entity operating under a power of attorney has the authority of a principal.  *See Koegel v. Prudential Mut. Sav. Bank*, 51 Wn. App. 108, 109 n.1 (1988) (recognizing that Mr. Koegel "is the real party in interest in this case," even though "all the transactions herein were conducted by … Koegel's attorney in fact."); *Puget Sound Nat'l Bank v. Burt*, 56 Wn. App. 868, 869-70 (1990) (when attorney-in-fact signed principal's name to check, signature was not forgery because attorney-in-fact had actual authority under general power of attorney); *Lumbermen's Indem. Exch. v. Herrick*, 143 Wash. 508, 513 (1927) (attorney-in-fact may take actions for association).  There is nothing deceptive about a servicer (Chase) acting for its principal (Union Bank) in performing foreclosure actions, especially when Chase has independent authority to act under the servicing agreements.  *McAfee v. Select Portfolio Servicing, Inc.*, 193 Wn. App. 220, 229

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

(2016); Union Bank Dec. ¶¶ 6-9; Chase Dec. ¶¶ 7-10, 16; Exs. 3-6. The Canlases' CPA claim fails:

> U.S. Bank executed a limited power of attorney, authorizing Chase to execute and deliver all documents and instruments necessary to conduct any foreclosure. … U.S. Bank, through its agent, Chase, was the holder of the note, which GreenPoint had endorsed in blank. Therefore, U.S. Bank had the authority to appoint NWTS as successor trustee. It was not deceptive to refer to U.S. Bank as the beneficiary on the notice of default and notice of trustee's sale and foreclosure.

*Barkley*, 190 Wn. App. at 63, 69. Defendants did not act deceptively in foreclosing.

### 3. Chase and Union Bank Did Not Act Unfairly.

Union Bank and Chase also did not act unfairly. The Canlases do not distinguish between unfair and deceptive acts. Union Bank and Chase did not commit any per se unfair trade practice. Only the Washington Legislature has the authority to declare a trade practice as being per se "unfair." *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 787 (1986). The Canlases cite no statutory violation that is a legislatively declared per se CPA violation and, thus, there is no basis for a per se "unfair" claim. Further, to show Union Bank and Chase acted "unfairly"—aside from a per se unfair trade practice—the Canlases must show Union Bank and Chase took some action that offends public policy as established by law, is "immoral, unethical, oppressive, or unscrupulous" or causes substantial injury to consumers. *Magney v. Lincoln Mut. Sav. Bank*, 34 Wn. App. 45, 57–58 (1983).

The Canlases cannot—all they can show is that Note owner/holder Union Bank foreclosed using its servicer agent Chase—which is allowed. *Bucci,* 197 Wn. App. at 328; *Butler*, 512 B.R. at 654-55; *Bain*, 175 Wn.2d at 106; *Brown*, 184 Wn.2d at 536; *Slotke*, 192 Wn. App. at 178; *Blair*, 193 Wn. App. at 31. There is nothing immoral or oppressive in Union Bank foreclosing or using Chase as an agent. Chase Dec. ¶¶ 4-5, 7, 10; Exs. 1-6; *Bucci,* 197 Wn. App. at 328; *Villegas*, 8 Wn. App. 2d at 890; *Gleeson*, 62 Wash. at 659.

### 4. Chase and Union Bank Did Not Cause the Canlases Injury.

The Canlases do not have any injury, let alone any injury they would not have otherwise incurred in the absence of the alleged foreclosure actions. *Bavand v. OneWest Bank, FSB*, 196

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

Wn. App. 813, 846 (2016), *as modified* (Dec. 15, 2016); *Djigal v. Quality Loan Serv. Corp. of Wash., Inc.*, 196 Wn. App. 1038, *10 (2016) (unpublished); *Knecht v. Fid. Nat. Title Ins. Co.*, 2015 WL 3618358, *10 (W.D. Wash. 2015).  The CPA does not permit recovery for emotional distress damages and any injury must be to Plaintiffs' business or property.  *See Steele v. Extendicare Health Servs., Inc.*, 607 F. Supp. 2d 1226, 1231 (W.D. Wash. 2009) (Coughenour, J.).  But emotional distress is the only injury Plaintiffs allege.  When asked in deposition, Plaintiffs admitted that their financial injury was that they took time off of work due to emotional distress stemming from their default and possible foreclosure, with no other financial harm. *See* Ex. 38, p. 105:5-21, p. 106:14-19.  This is insufficient. A party cannot avoid the CPA's ban on emotional distress damages by reframing them as financial damages caused by emotional distress (rather than caused by Chase or Union Bank).

To the extent Plaintiffs contend they were injured by virtue of the recorded foreclosure documents, their CPA claim fails because they admit they took no actions based on those documents and allege no injury to business or property from reviewing those documents.  *See id.* at p. 113:4-11.  But even if Plaintiffs had incurred some expense in investigating Chase and Union Bank's right to foreclose, they fail to plead facts or offer evidence showing *why* they needed to investigate anything after having been consistently told for years that Chase and Union Bank were the entities servicing and owning their loans.  Plaintiffs do not dispute that they owe the creditor money (so they do not dispute the debt), or that they asked Chase to modify their loan (as their creditor).  These facts are similar to those addressed by this Court in *Bakhchinyan v. Countrywide Bank, N.A.*, 2014 WL 1273810 (W.D. Wash. 2014) (Coughenour, J.), where the Court dismissed CPA claims for lack of causation under similar reasoning:

> Here, Plaintiffs argue that "[d]efendants' wrongful conduct has caused injury to Plaintiffs including, but not limited to, loss of business and personal time, travel, meeting with accountants and attorneys, professional fees and having to file this action." But, even assuming that Plaintiffs accrued those expenses in an attempt to "dispel uncertainty" about the debt, Plaintiffs have not put forward any explanation for *why* they need to clarify the identity of the beneficiary. Plaintiffs, as noted above, have not alleged that they were unable to make payments on their mortgage, or described what disputes they have been unable to resolve or legal protections of which they have been unable to avail

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

themselves. Nor do they describe any future actions that they are unable to take without knowledge of the identity of the beneficiary. … Accordingly, Plaintiffs have failed to allege a CPA claim, as they have failed to allege causation and damages.

*Id.* at *6 (emphasis added). So too, here. The Canlases cannot show but-for causation of any injury—their default caused the foreclosure, not Chase or Union Bank's actions. *Indoor Billboard/Wash., Inc. v. Integra Telecom of Wash., Inc.*, 162 Wn.2d 59, 82 (2007). The Canlases have no evidence showing any injury caused by Chase or Union Bank. Chase and Union Bank did not act unfairly or deceptively, much less cause the Canlases any injury.

**B.    The Canlases' FDCPA Claim Fails.**

The Canlases allege two FDCPA claims, alleging violations of 15 U.S.C. §§ 1692e, 1692f and 1692g. Compl. pp. 9-13. Their FDCPA claims fail for myriad reasons, primarily because Union Bank (through its agent Chase) was collecting on a loan it obtained before the Canlases defaulted, such that the FDCPA does not apply (making their allegations irrelevant). *De Dios v. Int'l Realty & Inv.*, 641 F.3d 1071, 1074 (9th Cir. 2011).

**1.    Chase and Union Bank Are Not FDCPA Debt Collectors for Pre- and Post-2017 Claims.**

The FDCPA only prohibits conduct by entities that meet the definition of "debt collector." *Heintz v. Jenkins*, 514 U.S. 291, 292-94 (1995); *see also Schlegel v. Wells Fargo Bank, NA*, 720 F.3d 1204, 1208 (9th Cir. 2013) ("Because these prohibitions apply only to 'debt collector[s]' as defined by the FDCPA, the complaint must plead 'factual content that allows the court to draw the reasonable inference' that [defendant] is a debt collector" (citation omitted)).

Under the FDCPA, 15 U.S.C. §§ 1692e, 1692f and 1692g apply only to "debt collectors." *Dowers v. Nationstar Mortg., LLC*, 852 F.3d 964, 969 (9th Cir. 2017); *Ho v. ReconTrust Co., NA*, 858 F.3d 568, 571 (9th Cir. 2016). And 15 U.S.C. § 1692f(6) only applies when a debt collector tries to foreclose without a right to do so.

a.    Chase and Union Bank Are Not Collecting Debts Owed to Another.

Union Bank owned and held the Note since 2005 before the Canlases defaulted in

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - 15
4847-8817-4960v.26 0036234-000737

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

September 2009.  Union Bank Dec. ¶¶ 6, 9; Chase Dec. ¶¶ 7, 11-12; Exs. 7-8; Compl. p. 4:9-15, p. 5:7-11.  Union Bank and Chase were "collecting" on a debt Union Bank owned and held.[5]  "[Y]ou have to attempt to collect debts owed another before you can ever qualify as a debt collector."  *Henson v. Santander Consumer USA Inc.*, 137 S. Ct. 1718, 1724 (2017); *Afewerki v. Anaya Law Grp.*, 868 F.3d 771, 774 fn.1 (9th Cir. 2017) ("Under the FDCPA, a creditor collecting debts on its own behalf is not a 'debt collector'"); *Diffley v. Nationstar Mortg., LLC*, 2017 WL 6034367, *8 (W.D. Wash. 2017).  Because Chase and Union Bank are not debt collectors under the FDCPA, the Canlases' FDCPA claim fails.

b.    Chase and Union Bank Acquired Their Interests Before the Canlases Defaulted.

Under the FDCPA a party is ***not a debtor collector*** if it obtained the loan before default:

any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . (iii) concerns a debt which was not in default at the time it was obtained by such person.

15 U.S.C. § 1692a(6).  Union Bank bought the loan in 2004 and obtained physical possession in 2005.  Chase took over WaMu's servicing duties in September 2008.  Chase Dec. ¶ 9; Ex. 38, p. 22:11-p. 23:22, 115:14-17.  By their own admission, the Canlases defaulted in September 2009.  Chase Dec. ¶ 11; Compl. p. 4:9-15, p. 5:7-11; Ex. 38, p. 14:23-25.  Thus, Union Bank and Chase are not debt collectors.  *See Dowers*, 852 F.3d at 969; *De Dios*, 641 F.3d at 1074; *Neff v. Capital Acquisitions & Mgmt. Co.*, 352 F.3d 1118, 1121 (7th Cir. 2003); *Corales v. Flagstar Bank, FSB*, 822 F. Supp. 2d 1102, 1112 (W.D. Wash. 2011).  Under 15 U.S.C. § 1692a(6)(F)(iii), the FDCPA does not apply because the Canlases had not defaulted when Union Bank acquired the loan in 2004 and when Chase took over servicing duties in 2008.

2.    **Pre-July 3, 2017 FDCPA Claims Are Time-Barred.**

The Canlases do not allege when the supposed FDCPA violations occurred, but the statute has a one-year limitations period.  15 U.S.C. §1692k(d).  The Canlases filed suit on July 3, 2018.  Thus, any supposed pre-July 3, 2017 actions cannot be the basis for an FDCPA claim.

---

[5] As discussed below, foreclosing on the Note is not FDCPA debt collection.

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

### 3.    Chase and Union Bank's Post-July 3, 2017 Actions Do Not Trigger the FDCPA.

Not only are Union Bank and Chase not debt collectors under the FDCPA, they did not mislead the Canlases by foreclosing, and foreclosure is not debt collection.

#### a.    The Canlases Knew Union Bank Owned the Loan and Chase Serviced It Before July 2017.

The Canlases appear to base their FDCPA claim on the notion that Chase and Union Bank misled them by claiming they could collect on the debt and foreclose. But as shown above, Chase and Union Bank do have the right to enforce the Note and Deed of Trust. And in any event, the Canlases knew Chase was servicing the loan for owner Union Bank (well before July 2017). Indeed, they authorized Chase to work with them to discuss loan loss mitigation options in September 2009. Chase Dec. ¶ 13; Ex. 14; Ex. 38, p. 120:16-p. 121:23; Ex. 39, p. 21:12-25. Between 2013 and July 2017, Chase continually told the Canlases that Union Bank owned the loan. Chase Dec. ¶ 14; Exs. 16-20; Compl. Ex. F; Ex. 38, p. 124:12-p. 135:7; Ex. 39, p. 22:5-p. 25:10, p. 27:17-p. 28:12. They requested Chase modify their loan almost every year between 2009 and 2017. Chase Dec. ¶ 15; Exs. 21-36; Ex. 38, p. 135:11-p. 152:13; Ex. 39, p. 30:20-p. 31:21. The Canlases cannot ignore their own prior conduct—asking Chase to modify their loan—and then claim surprise that Chase and Union Bank have any relationship to their loan. There is no FDCPA claim based on willful ignorance of admitted facts, and no conduct by Chase within the limitations period (after July 2017) supports an FDCPA claim.

#### b.    Foreclosure Is Not Debt Collection.

The Canlases claim Union Bank and Chase "collected" on their loan by foreclosing. Foreclosure does not qualify as FDCPA debt collection. "[T]hose who engage in only nonjudicial foreclosure proceedings are not debt collectors within the meaning of the Act." *Obduskey v. McCarthy & Holthus LLP*, 139 S. Ct. 1029, 1038 (2019); *Ho*, 858 F.3d at 574; *see also Barker v. JPMorgan Chase Bank, N.A.*, 743 F. App'x 850, 851 (9th Cir. 2018) (*Ho* not limited to foreclosure trustee but includes beneficiaries, lenders and securitization trusts); *Beck v. U.S. Bank Nat'l Ass'n*, 2017 WL 6389330, *9–10 (W.D. Wash. 2017) (same). Thus, the Canlases' theory fails because they premise it on Chase and Union Bank's foreclosure actions.

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1    The Canlases also have no claim under 15 U.S.C. § 1692(f)(6), which creates an

2    exception to the *Ho* foreclosure rule: it states threatening to take nonjudicial action to effect

3    dispossession is an FDCPA violation if:

> (A) there is no present right to possession of the property claimed as collateral
> through an enforceable security interest; (B) there is no present intention to take
> possession of the property; or (C) the property is exempt by law from such
> dispossession or disablement.

6    Section 1692f(6) does not apply.

7        Union Bank and Chase have the right to enforce and foreclose on the Note and Deed of

8    Trust.  The Canlases admitted default.  Compl. p. 4; Ex. 38, p. 14:23-25.  Union Bank

9    physically or constructively held the original Note (indorsed-in-blank) since 2005, giving it the

10   right to foreclose.  *Thepvongsa v. Reg'l Tr. Servs. Corp.*, 972 F. Supp. 2d 1221, 1230 (W.D.

11   Wash. 2013) ("Because Deutsche Bank was the holder of the promissory note at that time,

12   defendants had the right to effect dispossession of plaintiff's property.  Plaintiff has not,

13   therefore, raised a genuine issue of fact regarding his FDCPA claim."); *Mickelson v. Chase*

14   *Home Fin. LLC*, 579 F. App'x 598, 602 (9th Cir. 2014).  Union Bank has a right to use an agent

15   (Chase) to foreclose under the Deed of Trust.  *Bain*, 175 Wn.2d at 106; RCW 62A.3-201

16   Official Comment No. 1; RCW 62A.9-313 Official Comment No. 3; *Villegas*, 8 Wn. App. 2d at

17   890; *Butler*, 512 B.R. at 654-55; *Terhune*, 2019 WL 3788426 at *8.

18       Chase and Union Bank thus have the right to foreclose, Section 1692f(6) therefore does

19   not apply, and the Canlases' FDCPA theory fails.

20       **C.    The Canlases' Intentional Infliction of Emotional Distress Claim Fails.**

21       The Canlases base their claim on alleged improper debt collection.  But "problematic,

22   troubling, or even deplorable" actions cannot be the basis for an emotional distress claim when

23   "these actions do not involve physical threats, emotional abuse, or other personal indignities

24   aimed at [the Canlases]."  *Vawter v. Quality Loan Serv. Corp. of Wash.,* 707 F. Supp. 2d 1115,

25   1128 (W.D. Wash. 2010) (partially abrogated on other grounds).  Normal debt collection

26   cannot constitute an intentional infliction claim.  *Lyons v. U.S. Bank Nat'l Ass'n,* 181 Wn.2d

27   775, 793 (2014) (DTA violation does not state intentional infliction claim); *Jackson v. Peoples*

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - 18
4847-8817-4960v.26 0036234-000737

*Fed. Credit Union*, 25 Wn. App. 81, 82 (1979) (auto repossession does not state an intentional infliction claim); *Esch v. Legacy Salmon Creek Hosp.*, 2017 WL 3438378, *6 (W.D. Wash. 2017), *rev'd on other grounds,* 738 F. App'x. 430 (9th Cir. 2018) (denying as futile leave to add intentional infliction claim on debt collection dispute).

### 1.    The Claim Is Time-Barred.

An intentional infliction of emotional distress has a three-year limitations period. RCW 4.16.080; *Milligan v. Thompson*, 90 Wn. App. 586, 592 (1998).  Again, the Canlases' claim allegedly arises because Chase and Union Bank are collecting on a debt without the right to do so.  Compl. ¶ 35; Ex. 38, p. 61:5-21.  But again, Union Bank owned the loan since 2004 and Chase serviced it since 2008.  Union Bank Dec. ¶¶ 6, 9; Chase Dec. ¶¶ 7-9.  Since September 2009, the Canlases knew Chase serviced their loan and Union Bank owned it through myriad communications.  Compl. Ex. F; Chase Dec. ¶¶ 11, 13-15; Exs. 14-36; Ex. 38, p. 124:12-p. 152:13; Ex. 39, p. 22:5-p. 25:10, p. 27:17-p. 28:12, p. 30:20-p. 31:21.  Because they knew Chase and Union Bank (rightfully) collected on their loan more than three years before they filed their Complaint, their claim is time-barred.

### 2.    Foreclosure Efforts Alone Do Not Constitute Emotional Distress.

The Canlases must prove:  (1) extreme and outrageous conduct, (2) intentional or reckless infliction of emotional distress, and (3) actual result to plaintiff of severe emotional distress.  *Kloepfel v. Bokor*, 149 Wn.2d 192, 195 (2003).  They must show the defendant engaged in behavior "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."  *Kloepfel*, 149 Wn.2d at 195.

The Canlases' emotional distress claim fails to point to any atrocious, intolerable conduct.  *Kloepfel,* 149 Wn.2d at 195.  All they claim is Union Bank and Chase are "collecting" on a debt by foreclosing and issuing statements that they were in default.  Compl. p. 14:3-6; Ex. 38, p. 103:16-p. 105:2; Ex. 39, p. 10:2-24; *Lyons*, 181 Wn.2d at 793; *Jackson*, 25 Wn. App. at 82.  The claim "does not extend to mere insults, indignities, threats, annoyances,

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - 19
4847-8817-4960v.26 0036234-000737

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

petty oppressions, or other trivialities." *Kloepfel*, 149 Wn.2d at 196. It also does not apply to threats to financial well-being. *Hummel v. Nw. Tr. Servs., Inc.*, 180 F. Supp. 3d 798, 808-09 (W.D. Wash. 2016), *aff'd,* 740 F. App'x 142 (9th Cir. 2018). Union Bank and Chase's efforts to realize on collateral securing the Note affected only Plaintiffs' financial status, so the claim fails.

### 3. Union Bank Can Rightfully Foreclose Because It Owns and Holds the Note (and Chase Is Its Agent).

Even if foreclosure efforts alone were the basis for an emotional distress claim—and it is not—the Canlases cannot show any outrageous conduct. It is undisputed that the Canlases owed money and defaulted. The Deed of Trust allows the indorsed-in-blank Note holder to foreclose through a power of sale upon default. Union Bank Dec. ¶ 5; Chase Dec. ¶ 5; Ex. 2 § 22; Ex. 38, p. 118:14-17; Ex. 39, p. 20:7-14. Whoever holds the indorsed-in-blank Note can foreclose. *Bucci,* 197 Wn. App. at 328; *Butler*, 512 B.R. at 654-55; *Bain*, 175 Wn.2d at 106; *Brown*, 184 Wn.2d at 536; *Slotke*, 192 Wn. App. at 178; *Blair*, 193 Wn. App. at 31. It is undisputed that Union Bank owned and possessed the indorsed-in-blank Note and can act through its agent Chase. Union Bank Dec. ¶¶ 6, 9; Chase Dec. ¶¶ 7, 9-10, 16; *Bucci,* 197 Wn. App. at 328; *Butler*, 512 B.R. at 654-55; *Bain*, 175 Wn.2d at 106; *Brown*, 184 Wn.2d at 536; *Slotke*, 192 Wn. App. at 178; *Blair*, 193 Wn. App. at 31. Simply put, it is not outrageous for a party to enforce a contract. *Repin v. State*, 198 Wn. App. 243, 259 (2017), *rev. den.*, 188 Wn.2d 1023 (2017) (breaching contract does not state intentional infliction claim). The Canlases' emotional distress claim fails.

### D. The Canlases' Declaratory Relief Claim Fails Because It Is Duplicative of Their Other Claims.

A "declaratory judgment is not a theory of recovery." *Commercial Union Ins. Co. v. Walbrook Ins. Co., Ltd.*, 41 F.3d 764, 775 (1st Cir. 1994). There must be an actual controversy and, even then, granting declaratory relief is discretionary. *Am. States Ins. Co. v. Kearns,* 15 F.3d 142, 143–144 (9th Cir. 1994); *United States v. Wash.*, 759 F.2d 1353, 1356-1357 (9th Cir. 1985) ("Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - 20
4847-8817-4960v.26 0036234-000737

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

from the uncertainty and controversy faced by the parties."). A Court should dismiss declaratory relief claims duplicative of other failed claims. *Mangindin v. Wash. Mut. Bank*, 637 F. Supp. 2d 700, 707-708 (N.D. Cal. 2009); *FCE Benefit Adm'rs, Inc. v. George Wash. Univ.*, 209 F. Supp. 2d 232, 244 n.16 (D.D.C. 2002) (declaratory judgment request duplicative of simple breach of contract action for damages). Because the Canlases' other claims fail, the Court should grant Union Bank and Chase judgment on this claim too.

## V.   <u>CONCLUSION</u>

Union Bank holds the indorsed-in-blank Note and is collecting on its own debt, using its servicer agent Chase. The Canlases knew Chase and Union Bank's roles for years; now that a foreclosure is imminent, they claim ignorance of the truth. But refusing to believe the truth neither creates a disputed fact nor supports a claim. The Court should grant Union Bank and Chase's motion and enter judgment for them.


DATED this 10th day of October, 2019.

Davis Wright Tremaine LLP
Attorneys for JPMorgan Chase Bank, N.A. and
MUFG Union Bank, N.A.


By */s/ Fred B. Burnside*
Fred B. Burnside, WSBA #32491
Frederick Haist, WSBA #48937
Email:  fredburnside@dwt.com
        frederickhaist@dwt.com

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 10, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorneys of record registered on the CM/ECF system. All other parties (if any) shall be served in accordance with the Federal Rules of Civil Procedure.

DATED this 10th day of October, 2019.

*/s/Fred B. Burnside*
Fred B. Burnside, WSBA #32491

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - 22
4847-8817-4960v.26 0036234-000737